**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES E. SHELTON,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**EMPWR SOLAR LLC**<br><br>*Defendant.* | Case No.<br>2:24-cv-6870<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff James E. Shelton ("Plaintiff" or "Mr. Shelton") brings this Class Action Complaint and Demand for Jury Trial against Defendant Empwr Solar LLC, ("Defendant") and alleges as follows:

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal

government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Empwr Solar LLC violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent as well as calling people who had previously asked to no longer receive calls.

## PARTIES

4.      Plaintiff James E. Shelton is an individual residing in the Eastern District of Pennsylvania.

5.      Defendant Empwr Solar LLC is a limited liability company that is registered to do business in Pennsylvania.

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq.*

7.      This Court has specific personal jurisdiction over Defendant because it called the Plaintiff at his 484- area code number to attempt to sell him solar services.

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telephone calls at issue were orchestrated into and sent to this District, and therefore a substantial part of the events giving rise to the claim occurred in this District.

## BACKGROUND

**A.      The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

9.      The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

10.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11.      A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12.      The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

13.      The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

14.     At no point did the Plaintiff consent to receiving telemarketing calls from the Defendant prior to receiving the calls at issue.

15.     Plaintiff's telephone number, (484) XXX-XXXX, is a residential, non-commercial telephone number.

16.     Mr. Shelton uses the number for personal, residential, and household reasons.

17.     Mr. Shelton does not use the number for business reasons or business use.

18.     The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

19.     Moreover, the telephone line is assigned to a cellular service which is presumptively residential and was eligible for registration on the National Do Not Call Registry at the time it was registered.

20.     Plaintiff's telephone number has been listed on the National Do Not Call Registry since he listed it there in 2015, more than nine years prior to the calls at issue.

21.     Despite that fact, the Plaintiff received multiple telemarketing calls from the Defendant on November 29, 2024.

22.     The Plaintiff received at least one text message and one telemarketing call.

23.     Both contacts were from (215) 372-8677.

24.     The calls were made to promote the Defendant's solar services.

25.     Indeed, the text message stated:

> Hi Jamie, this is Mecah from Empwr Solar. I touched base to see if you're still having a thought of taking advantage the benefits of having solar panels, that could potentially save your money on your energy bills. Let me know I would love to connect! Have a great day.

26.     Thereafter, the Plaintiff received an e-mail promoting the Defendant's solar services.

27.     Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

28.     The calls were unwanted.

29.     The calls were nonconsensual encounters.

30.     Plaintiff's privacy has been repeatedly violated by the above-described telemarketing calls.

31.     Plaintiff never provided his consent or requested the calls.

32.     Plaintiff and the Class have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

33.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

34.     Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase of Pro Source's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

35.     **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and

individual joinder in this case is impracticable. Class members can be easily identified through Defendant' records, or those of their agents.

36.    **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant' telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant' uniform illegal conduct.

37.    **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant have no defenses unique to Plaintiff.

38.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

a.    Whether Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

b.    whether Defendant recorded or honored "do not call" requests of Plaintiff and members of the Internal Do Not Call Class;

c.    Whether Defendant have established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

d.    Whether Defendant should be held liable for violations committed on its behalf; and

e.    Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

39.    **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  There are hundreds of Class members, such that joinder of all members is impracticable.

40.    In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a.    The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c.    Defendant have acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

d.    Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## **COUNT I**
### **Violations of the TCPA, 47 U.S.C. § 227**
### **(On Behalf of Plaintiff and the National DNC Class)**

41.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

42.    It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

43.    Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant' behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

44.    These violations were willful or knowing.

45.    As a result of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant' behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

46.    Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class, and Internal Do Not Call Registry Class, respectfully request that the Court enter judgment against Defendant for:

A.      Certification of the National DNC Class as alleged herein;

B.      Appointment of Plaintiff as representative of the Class;

C.      Appointment of the undersigned as counsel for the Class;

D.      Damages to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(c)(5);

E.      Injunctive relief for Plaintiff and members of the Class, pursuant to 47 U.S.C. § 227(c)(5), preventing the Defendant from making calls to numbers listed on the National Do Not Call Registry;

F.      Attorneys' fees and costs, as permitted by law; and

G.      Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 27th day of December, 2024.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com