UNITED STATES DISTRICT COURT

for the

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| James E. Shelton | : | |
| V | : | Civil Action No. 24-6870 |
| EMPWR Solar LLC | : | |

ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant EMPWR Solar LLC ("EMPWR"), by and through its attorney, Andrew Bellwoar, Esquire, answers the Complaint as follows:

1. Denied. The characterizations in this paragraph are denied, as are the conclusions of law. It is admitted that Congress enacted the Telephone Consumer Protection Act. The terms of that Act speak for themselves.
2. Denied. The characterizations in this paragraph are denied, as are the conclusions of law. It is admitted that Congress enacted the Telephone Consumer Protection Act. The terms of that Act speak for themselves.
3. Denied. It is denied that EMPWR made telemarketing calls to Plaintiff, or to anyone else, in violation of the TCPA.
4. Admitted upon information and belief.
5. Admitted.
6. Federal question jurisdiction is not contested.
7. Denied. It is denied that EMPWR made a telemarketing call to the Plaintiff to try to sell him solar services.
8. Denied. It is denied that EMPWR made a telemarketing call to the Plaintiff to try to sell him solar services.
9. Denied. The characterizations in this paragraph are denied, as are the conclusions of law. The terms of that Act speak for themselves.

10. Denied. The characterizations in this paragraph are denied, as are the conclusions of law. The terms of that Act speak for themselves.
11. Denied. The characterizations in this paragraph are denied, as are the conclusions of law. The terms of that Act speak for themselves.
12. Denied. The characterizations in this paragraph are denied, as are the conclusions of law. The terms of that Act speak for themselves.
13. Denied as a conclusion of law.
14. Denied. Defendant is without sufficient knowledge to admit or deny this averment. It is EMPWR's understanding that Mr. Shelton agreed to receive communication regarding solar, based upon Mr. Shelton's response to a door-to-door representative.
15. Denied. Defendant is without sufficient information to admit or deny this averment.
16. Denied. Defendant is without sufficient information to admit or deny this averment.
17. Denied. Defendant is without sufficient information to admit or deny this averment; Defendant notes that at paragraph 32 Mr. Shelton avers that he uses his phone for work.
18. Denied. Defendant is without sufficient information to admit or deny this averment. Defendant notes that at paragraph 32 Mr. Shelton avers that he uses his phone for work.
19. Denied. Defendant is without sufficient information to admit or deny this averment.
20. Denied. Defendant is without sufficient information to admit or deny this averment.
21. Denied. It is denied that Plaintiff received multiple telemarketing calls from EMPWR, on November 29, 2024 or any other date.
22. Plaintiff answered a door-to-door inquiry, then participated an in-person meeting where Plaintiff expressed interest in solar power. It is believed that there was a text as a follow up to those in-person meetings, sent from Mecah Pojas, an employee of Treantly. The Plaintiff replied yes he would like a quote via email for solar power. That is when EMPWR became involved for the first time with the Plaintiff (i.e., after a positive response or responses from the Plaintiff). EMPWR does not sell to customers via cold calls.

23. While that may be correct, that number is not an EMPWR phone number.
24. As EMPWR denied there were multiple telemarketing calls, this averment is denied.
25. This averment appears to correctly capture the text; however, Mecah Pojas incorrectly said she was "from Empwr Solar". She was with Treantly. Of note, the text makes reference to whether Mr. Shelton is "still having thoughts" about solar, which indicates that Mr. Shelton had a prior conversation where he expressed interest in solar.
26. Admitted that an email was sent as Mr. Shelton requested, as set forth at No. 22 above.
27. This averment is a legal conclusion. The case is a writing that speaks for itself.
28. Denied. See No. 24 above, as well as No. 22 above.
29. Denied. See No. 24 above and No. 22 above.
30. Denied. This is a conclusion of law to which no response is required.
31. Denied. See responses above.
32. Denied. It is denied that Plaintiff was harmed. See responses above. It is denied that there is a viable class, or that such a class has been harmed.
33. Defendant incorporates by reference all responses set forth above.
34. Denied. The averments contains legal conclusions that are denied. To the extent the averment contains facts, they are denied.
35. Denied.
36. Denied for all the reasons set forth above.
37. Denied.
38. Denied. Further, the plaintiff does not qualify for such a class, given the responses set forth above.
39. Denied.
40. Denied for the reasons set forth above.
41. Defendant incorporates by reference all the responses set forth above.
42. Denied as a conclusion of law.
43. Denied. See responses above.
44. Denied.
45. Denied. See responses above.
46. Denied.

WHEREFORE, Defendant EMPWR request that this Honorable Court dismiss the complaint, award costs to EMPWR, and any other relief the Court deems just and proper.

### AFFIRMATIVE DEFENSES

47. The statute of limitations limits or precludes the claims made in this Complaint.
48. Plaintiff is contributorily negligent based on his actions as set forth above.
49. Plaintiff is estopped from asserting the claims in the Complaint, based upon his actions as set forth above.
50. Plaintiff waived any claim he may have had, based upon his actions as set forth above.
51. Plaintiff invited contacts about solar power, prior to any call or text.
52. After Plaintiff invited further contact about solar power (specifically, a quote), EMPWR for the first time contacted Plaintiff. EMPWR is an installation services company, and does not employ its own salespeople.
53. The actions of EMPWR do not rise to the level of a violation of any law or statute.

WHEREFORE, Defendant EMPWR request that this Honorable Court dismiss the complaint, award costs to EMPWR, and any other relief the Court deems just and proper.

s/ Andrew Bellwoar

Andrew Bellwoar, Esquire

Bellwoar Kelly LLP

126 W. Miner Street

West Chester, PA 19382

## VERIFICATION

I, Robby Edge, am the managing partner of EMPWR Solar and am familiar with the facts of this claim as it relates to EMPWR Solar LLC, and do hereby verify that to the best of my knowledge, information and belief, the statements made in this Answer with Affirmative Defenses are true and

correct.  I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Signature:  *Robert Edge*

Date:  03/04/2025