UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| James E. Shelton | : | |
|     Plaintiff | : | |
| V | : | Civil Action No. 24-6870-JMY |
| EMPWR Solar LLC | : | |
|     Defendant | : | |

### DEFENDANT EMPWR'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ANSWER WITH AFFIRMATIVE DEFENSES

Defendant EMPWR Solar LLC, by and through its undersigned counsel, Bellwoar Kelly LLP files this Memorandum of Law in support of its Motion for Leave to Amend its Answer with Affirmative Defenses and in support thereof of theirs as follows.

### I.     BRIEF PROCEDURAL BACKGROUND

Plaintiff, James E Shelton ("Shelton"), initiated this action pursuant to the Telephone Consumer Protection Act of 1991 (TCPA) on December 27, 2024. (ECF1) After service was effected, Defendant EMPWR Solar LLC ("EMPWR") filed an Answer with Affirmative Defenses on March 5, 2025. (ECF5) The court has not scheduled or held a Rule 16 or Pretrial Conference; nor has the court issued a case management order setting forth case management deadlines. Accordingly, no deadlines to amend have been set as of the time of filing this instant motion.

EMPWR files this motion seeking leave of court to amend its Answer and Affirmative Defenses pursuant to Federal Rule of Civil Procedure 15.

### II.     LEGAL ARGUMENT

The rules of civil procedure relating to the general rules of pleading provide that in responding to a pleading a party is to affirmatively state any avoidance or affirmative defenses. F.R.C.P. 8(c). The rules

1

also permit a party to state as many separate claims or defenses as it has, regardless of consistency. F.R.C.P. 8(d)(3). A party may amend its pleading only with the opposing party's written consent or through leave of court. "The court should freely give leave when justice so requires." F.R.C.P. 15(a)(2). Furthermore, an amendment to a pleading will relate back when the law provides that the applicable statute of limitation allows as such or that the amendment asserts a defense that arose out of the conduct transaction or occurrence attempted to be set out or, set out in the original pleading. Rule 15(c). The Third Circuit has consistently adopted the liberal approach to the allowance of amendments. See, e.g. *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 886-887 (3rd Cir. 1992). Prejudice to the non-moving party is the touchstone for the denial of an amendment. *Cornell & Co. v. Occupational Safety & Health Review Commission*, 573 F.2d 820, 823 (3rd Cir. 1978).

Here, no case management order has been issued and therefore no deadline to amend pleadings has been set. As such, the Court looks to Rule 15, providing for a liberal granting of an amendment, when "justice so requires." F.R.C.P. 15(a)(2). The Court will also look to any prejudice to the non-moving party in granting leave to amend a pleading.

As of the date of this Motion, the parties conducted a Rule 26 Conference; but a Rule 16 Conference has not been scheduled. Plaintiff served written discovery to which EMPWR timely responded on May 15, 2025. No depositions have been taken, nor are they currently scheduled. Likewise, there are no court ordered deadlines for amendments or fact discovery. Furthermore, the claim asserted arose from a communication on November 29, 2024. The statute of limitations for a claim pursuant to the TCPA is four (4) years. See, 28 U.S.C. §1658(a); *Hawk Valley v. Taylor*, 2012 U.S.Dist.LEXIS 47024 *39. Therefore, Shelton, as the non-moving party, would not be prejudiced in permitting EMPWR's filing of an Amendment Answer with Amended Affirmative Defenses.

### III. **CONCLUSION**

For the reasons set forth in EMPWR's Motion for Leave to File an Amended Answer with Amended Affirmative Defenses, and the reasons set forth herein, this Court should grant

EMPWR's requested leave and permit the filing of the proposed Amended Answer with Amended Affirmative Defenses.

**BELLWOAR KELLY**

By:     */s/ Sheryl L. Brown*
           Andrew Bellwoar, Esquire, I.D. #54096
           Sheryl L. Brown, Esquire, I.D. #59313
           Attorneys for Defendant, EMPWR SOLAR LLC
           126 W. Miner Street
           West Chester, PA  19382
           (P): 610.314.7066
           abellwoar@bellwoarkelly.com
           sbrown@bellwoarkelly.com