**IN THE UNITED STATES DISTRICT COURT
FOR THE ESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES E. SHELTON**, individually and on behalf of all others similarly situated, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> **EMPWR SOLAR LLC** : <br> : <br> Defendant. : <br> : | Case No. 2:24-cv-6870 <br><br> **CLASS ACTION** <br><br> **JURY TRIAL DEMANDED** |

**MOTION AND BRIEF IN SUPPORT OF MOTION
TO COMPEL EMPWR SOLAR LLC
TO PROVIDE DISCOVERY RESPONSES
<u>AND FOR SANCTIONS</u>**

1

## INTRODUCTION

Plaintiff moves to compel responses to Interrogatories Nos. 2 and 8 and Requests for Production Nos. 19 and 20. These requests seek information critical to determining the identities of individuals and third-party vendors involved in contacting Plaintiff, as well as related policies, communications, and call data. Defendant EMPWR has produced Exhibit A, which includes screenshots of text messages and call detail records, and references entities such as "Treantly" and "Primitive Power," along with individuals such as "Mecah Pojas" and "Brennan." Yet, despite this production, and unfulfilled promises to supplement, Defendant refuses to provide complete responses to the relevant discovery, including the identity of these entities involved in the calls and their roles, and asserting overbroad, boilerplate objections and disclaiming responsibility on the basis that it is not a telemarketing firm to justify withholding classwide calling records necessary for class certification. Plaintiff has repeatedly sought clarification through meet-and-confer efforts, including questions regarding the nature of EMPWR's relationship with the referenced entities and individuals and received promises of some supplementation. Because these responses remain deficient and the withheld information may reveal additional parties responsible for the alleged conduct, Plaintiff respectfully requests that the Court compel full and complete responses to the identified discovery and extend the deadline to add parties to allow for amendment if additional responsible parties are identified.

## BACKGROUND AND MEET AND CONFER EFFORTS

Due to the *en masse* nature of telemarketing, the Plaintiff has filed this matter on behalf of the following putative class:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of

2

Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

In order to ascertain who contacted the Plaintiff, the manner and method by which those contacts were made, and the policies governing such conduct—including compliance with the TCPA and applicable FCC regulations—Plaintiff propounded the following discovery requests. Defendant's responses to these requests have been evasive, incomplete, or unsupported by valid objections, as detailed below:

> **INTERROGATORY NO. 2**: Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.
>
> **OBJECTION**: Interrogatory No. 2 is overly broad, and the term "campaign" is not defined.
>
> **RESPONSE**: Without waiving the aforestated objection, EMPWR was party to a contract with Treantly. Upon information and believe, the platform used is PODEO. By way of further response, upon information and belief, it is denied that calls were made through random or sequentially generated activity. Rather, Treantly employees communicated with a person who expressed an interest in solar power.
>
> **INTERROGATORY NO. 8**: Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.
>
> **OBJECTION:** Interrogatory No. 8 is overly broad and without limitation to time.
>
> **RESPONSE:** Without waiving the aforestated objection, to the best of my recollection, Brennan, an employee of a prior vendor.
>
> **REQUEST FOR PRODUCTION NO. 19**: Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:
> - compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;
> - obtaining or verifying prior express consent; and
> - complying with E-SIGN Act, 15 U.S.C. §§ 7001 et seq

**OBJECTION**: Request No. 19 seeks information which requires a conclusion of law. By way of further objection, EMPWR asserts it is not a telemarketing firm.

**RESPONSE:** Without waiving the aforestated objection, investigation continues.

**REQUEST FOR PRODUCTION NO. 20**: Please produce all documents containing any of the following information for each outbound telemarketing call or text sent by you or your vendors, including to the Plaintiff:
- the date and time;
- the caller ID;
- any stop request received;
- the result;
- identifying information for the recipient; and
- any other information stored by the call detail records

**OBJECTION**: Request No. 20 is overly broad and unduly burdensome and seeks information from their parties over which EMPWR lacks control. EMPWR further objects to the extent it is not a telemarketing firm.

**RESPONSE**: Without waiving the aforestated objection, see Exhibit A attached.

The parties exchanged numerous meet-and-confer emails regarding these requests, which included a contentious telephone call where opposing counsel consistently interrupted the Plaintiff and remarked that they had been practicing law since before Plaintiff's counsel was born, which culminated in Plaintiff's counsel uttering a single expletive out of frustration. Despite these efforts, the parties remain at an impasse. Defendant has provided only vague, incomplete, evasive response to Interrogatories Nos. 2 and 8 and Request for Production Nos. 19 and 20, while improperly withholding further discovery on the grounds of burden, irrelevance, and lack of control. However, Defendant's own production (see Exhibit A) identifies entities such as "Primitive Power" and "Treantly," as well as individuals such as "Brennan" and "Mecah Pojas," and includes screenshots of text messages and call detail records—facts which plainly contradict Defendant's blanket objections and demonstrate that responsive third-party information is both relevant and accessible to the Defendant, including on a classwide basis. Defendant also fails to provide full identification details for these persons and entities as required

by delivery instructions. Moreover, Defendant's assertion that it is "not a telemarketing firm" is legally irrelevant to whether it must produce classwide calling data, policies regarding telemarketing, and is liable for the calls at issue. This Court should therefore compel full and complete responses to the disputed discovery requests and extend the deadline to add parties until a reasonable time after such disclosures are made, as this information is essential to determining the scope of the case and the identity of responsible parties. And, as another Court has done just today, this Court should sanction the Defendant for its responses, which are substantially unjustified.

## **STANDARD**

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The Federal Rules of Civil Procedure broadened the scope of discovery to include "any nonprivileged matter that is relevant to any party's claim or defense. . . . Information within this scope need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable. *Kopacz v. Delaware River & Bay Auth.*, 225 F.R.D. 494, 497 (D.N.J. 2004).

With respect to seeking discovery which may uncover additional parties responsible for the conduct alleged, courts in the Third Circuit and elsewhere have consistently held that discovery aimed at identifying additional responsible parties is proper and should be compelled when such information is within the defendant's control. *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004) ("Where discovery is sought that would aid in the identification of responsible defendants or the lack thereof, district courts should strongly consider granting it."); *Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 196 (N.D. Ill. 2013); *Athill v. Speziale*, No. 06-

4941, 2009 WL 1874194, at *14 (D.N.J. June 30, 2009) ("Plaintiffs should thus be allowed every opportunity to identify the unknown defendants."). Indeed, this information should have been included in Defendant's Rule 26(a)(1) Initial Disclosures but it was not. (Exhibit B).

Furthermore, under Federal Rule of Civil Procedure 34(a), a party may be required to produce documents, including electronically stored information (ESI), that are within its "possession, custody, or control." *See* Fed. R. Civ. P. 34(a)(1)(A). This standard does not require physical possession. The Third Circuit has made clear that "control" means not only actual possession, but the legal right to obtain the documents requested on demand. *Gerling Int'l Ins. Co. v. C.I.R.*, 839 F.2d 131, 140 (3d Cir. 1987). The federal courts have consistently held that a party may be compelled to produce documents held by a third party when the party has the practical ability or legal authority to obtain them. *E.g.*, *Fed. Trade Comm'n v. Am. Future Sys., Inc.*, No. 2:20-CV-02266-JHS, 2023 WL 3559899, at *2 (E.D. Pa. Mar. 28, 2023) (compelling production of data held by a third-party service and explaining that "the right, authority, or practical ability to obtain the documents from a non-party determines control"); *American Rock Salt Co. v. Norfolk S. Corp.*, 228 F.R.D. 426, 460 (W.D.N.Y. 2005) ("Control" means "the legal right, authority, or ability to obtain upon demand documents in the possession of another."). This principle applies with equal force to ESI, including data housed by vendors or contractors. For example, in *Columbia Pictures Indus. v. Bunnell*, 245 F.R.D. 443 (C.D. Cal. 2007), the court compelled production of server log data stored by a third party, finding that the defendants' ability to dictate the routing and storage of the data constituted control under Rule 34. Accordingly, a party cannot shield discoverable information by outsourcing storage or operations to third-party vendors while maintaining the authority to access or direct the use of that data.

## ARGUMENT

**1. Defendant's Responses to Interrogatories Nos. 2 and 8 Are Deficient and the Objections Are Improper.**

Defendant objects to Interrogatory No. 2 on the grounds that it is "overly broad" and that the term "campaign" is "not defined," and similarly objects to Interrogatory No. 8 as "overly broad and without limitation to time." These objections are boilerplate and improper. Defendant fails to explain how the term "campaign" is ambiguous, particularly where its own response indicates it understood the term and likewise fails to justify its refusal to provide communications with third parties regarding this lawsuit, which are inherently limited in scope by the nature of the request. Moreover, Defendant's substantive responses are plainly deficient. In response to Interrogatory No. 2, Defendant merely names a single vendor involved in the "campaign" it claims not to understand (Treantly), fails to identify the employees involved, and does not provide the source of the phone numbers used to place the calls at issue—each of which was specifically requested. In response to Interrogatory No. 8, Defendant vaguely identifies only one individual, "Brennan," without providing any detail as to the date, content, or medium of communication, or even "Brennan's" last name or contact information. In both instances, Defendant qualifies its responses with "upon information and belief" or "to the best of my recollection," which does not satisfy the obligations under Rule 33(b) to answer interrogatories fully and under oath following a reasonable inquiry.

Defendant's objection that the interrogatories are "overly broad" is legally insufficient, as well. Courts in the Third Circuit have consistently held that "the mere statement by a party that an interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory." *In re Anderson News, LLC,* 615 B.R. 45, 57

7

(Bankr. D. Del. 2020) (granting motion to compel where the responding party failed to support its objections with specific reasoning). Like the objections in *Anderson News*, Defendant's objections here lack the required specificity and fail to articulate any concrete basis for withholding a full response, nor are they patently overly broad, as the interrogatories simply seek the identities of the individuals and entities responsible for the conduct at issue. As such, the Court should overrule the boilerplate objection and compel a complete answer.

Defendant's objection that Interrogatory No. 8 is "without limitation to time" lacks merit. The request is limited in scope to communications with third parties "regarding this lawsuit," which naturally narrows the temporal scope of the request to the TCPA's four year statute of limitations. The request does not seek all communications with all third parties, but only those directly related to this specific litigation. Courts evaluating the appropriateness of temporal limits in discovery balance "the likelihood of unearthing relevant information against the burden of locating and furnishing that information." *P.V. ex rel. Valentin v. Sch. Dist. of Phila.*, No. 2:11-CV-04027, 2012 WL 676993, at *4 (E.D. Pa. Mar. 1, 2012). That balance favors compelling a complete response here. Plaintiff seeks to identify third parties with whom Defendant communicated about this case because those individuals may possess relevant information, and as such, the identity of these individuals should be compelled. Even if those third parties did not place the calls at issue, they may have information about consent, dialing systems, recordkeeping, or Defendant's relationship with vendors. Defendant's vague reference to "Brennan, an employee of a prior vendor," without a last name, date, who that "prior vendor" was, or description of the communication, falls short of the obligation to provide a complete answer under the Federal Rules. *See* FED. R. CIV. P. 33(b)(1)(B), (3), (4); FED. R. CIV. P. 26(g)(1). Perhaps realizing the same, Defendant agreed to provide "Brennan's" full name and

contact information, but never did. Fulsome responses, with identifying information, should be compelled.

2. **Defendant Must Produce Its Internal TCPA Compliance Policies and Procedures Responsive to Request for Production No. 19**

Defendant's objections to Request for Production No. 19 are improper and unsupported. The objection that the request "requires a conclusion of law" is misplaced. Plaintiff is not asking Defendant to offer legal analysis but is asking it to produce specific documents within its control, including internal policies or procedures concerning compliance with the TCPA, the FCC's implementing regulations (e.g., 47 C.F.R. § 64.1200), and the E-SIGN Act. These materials are discoverable because they relate both the Plaintiff's claims with respect to the TCPA, including because the TCPA makes it a violation to fail to have such policies, and any possible defenses which may be proffered by the Defendant, such as the Defendant's affirmative defense of consent. Under FED. R. CIV. P. 26(b)(1), parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The rule further states that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable," and it is not objectionable merely because it involves "the application of law to fact." *Id; cf.* FED. R. EVID. 401.

In addition, Defendant's response that "investigation continues" is noncompliant with the Rules. As an initial matter, it stretches credulity that the Defendant needs to continue to "investigate" if it has policies with respect to the TCPA. Either it does not, and it should affirmatively so state, or it does, and should produce those documents. FED. R. CIV. P. 34(b)(2)(C) requires that a responding party "state with specificity the grounds for objecting to the request, including the reasons," and "must also state whether any responsive materials are

being withheld on the basis of that objection." A vague, open-ended reference to an ongoing investigation does not satisfy this requirement. The documents sought are directly relevant to Plaintiff's claims under the TCPA and necessary to evaluate Rule 23 class certification elements such as commonality, predominance, and typicality. Plaintiff therefore respectfully requests that the Court compel Defendant to produce all responsive documents, including any TCPA compliance policies and procedures, and identify the time periods during which each was in effect. *See* FED. R. CIV. P. 37(a)(3)(B)(iv).

### 3. Plaintiff Is Entitled to Unredacted, Classwide Call Detail Records Responsive to Request for Production No. 20

Defendant's objection that Request No. 20 is "overly broad and unduly burdensome" fails under Rule 26. The Federal Rules permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Lux Global Label Co., LLC v. Shacklett*, No. 18-CV-5061, 2020 WL 1700572, at *2 (E.D. Pa. Apr. 8, 2020). Relevance is construed broadly to include any matter that could bear on, or reasonably lead to, information that bears on any issue in the case. Once the requesting party establishes relevance, the burden shifts to the responding party to show either that the request falls outside the permissible scope or that the burden of responding outweighs the likely benefit. *Id.* at *3. Defendant has made no such showing here, offering only boilerplate objections unsupported by facts or evidence. Thus, as an initial matter, this Court should overrule the Defendant's relevance objection. In any event, however, the information sought is unquestionably relevant as it will allow Plaintiff's expert to uncover other class members who also have been called in violation of the TCPA. The Plaintiff is asserting class action claims against the Defendant, and the information sought by this Request could not be more central to expert analysis of that claim.

To ascertain the number of calls sent to the Plaintiff and the putative class, including by what appears to be *two separate vendors used by the Defendant*, and to ensure an expert analysis can be completed, including as to how many calls were made illegally to numbers on the National Do Not Call Registry, the Plaintiff needs the classwide calling records sought by this request. The information sought through this RFP is *central* to the claims at issue here because it seeks the calling records outlining each of the calls Defendant (or its vendors) sent to the Plaintiff and each class member, and courts routinely compel the exact same request for production at issue here.

As this is a class action, such information is relevant to the numerosity, commonality, typicality, and predominance elements of Rule 23 with respect to the claims and class definition and the calculation of class-wide damages, and to Defendant's affirmative defenses. "Outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable." *Thomas v. Fin. Corp. of Am.*, No. 3:19-CV-152-E, 2019 WL 5157022, at *1 (N.D. Tex. Oct. 10, 2019) (compelling the production of similar data sought here); *Doherty v. Comenity Capital Bank & Comenity Bank*, No. 16CV1321-H-BGS, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) ("The Court finds that outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable."); *Mbazomo v. ETourandTravel, Inc.*, No. 2:16-CV-02229-SB, 2017 WL 2346981, at *5 (E.D. Cal. May 30, 2017) (compelling the production of call data because "the Court agrees with the weight of authority on this matter that call logs and dialing lists are relevant to the commonality prong of the class certification inquiry. The requested list would also be relevant to Plaintiff's need to show numerosity.") (cleaned up).

Not surprising, then, is that courts across the country routinely compel TCPA class action defendants to provide analogous information relevant to the number, identity, and sizes of

proposed classes. As one court summarized when granting a motion to compel for the calling records in a TCPA case:

> This information will assist Plaintiff's experts in determining which phone numbers were tied to cellular phones, which calls were for telemarketing purposes, which numbers were on the National Do Not Call Registry ("NDNCR") and which calls were made using an automatic telephone dialing system ("ATDS"). The information is therefore relevant to the numerosity, commonality, and typicality inquiries the Court will undertake to decide Plaintiff's motion for class certification under Rule 23.

*See Mey v. Frontier Commc'ns Corp.*, No. 13-cv-01191-MPS, ECF No. 102 (D. Conn. Dec. 5, 2014). Here, like *Mey*, the Plaintiff, or his expert, will determine which calls contain criteria which qualify them for membership in the class in order to prepare this case for class certification. Because the sought-after Call Records are plainly relevant to contested elements of Rule 23, including numerosity, this Court should compel their production.

The requested call detail records are therefore not only central to Plaintiff's individual TCPA claims, but they are also essential to Plaintiff's ability to satisfy Rule 23's class certification requirements. Specifically, the records will allow Plaintiff to determine how many calls were made to each number and whether those numbers were associated with cell phones or other lines for which the recipient is charged. Because the TCPA provides statutory damages on a per-violation basis, see 47 U.S.C. § 227(b)(3)(B), this data is necessary to ascertain the size of the proposed class and the potential damages at stake. Additionally, this information will assist in determining class membership. Thus, this data bears directly on key Rule 23 elements, including commonality, typicality, predominance, and numerosity. In short, this discovery is not only relevant but crucial to resolving classwide issues and should be compelled.

Defendant also objects on the ground that it lacks control of the requested documents because they are stored by third parties. But that is not a valid basis to avoid production, and in any event, this objection borders on the frivolous because the Defendant has already

demonstrated that it has an *ability to collect the very data sought* and has produced it with respect to the Plaintiff as Exhibit A. Rule 34 requires production of documents within a party's possession, custody, or control, and courts have long recognized that control includes the "right, authority, or practical ability to obtain the documents from a non-party." *Fed. Trade Comm'n v. Am. Future Sys., Inc.*, No. 2:20-CV-02266-JHS, 2023 WL 3559899, at *3 (E.D. Pa. Mar. 28, 2023). Immediate accessibility in the ordinary course of business is not the test. *Id*. Here, the Defendant has demonstrated control over its vendors, including Primitive Power and Treantly, which it refuses to identify, and the systems they use, including Podio, sufficient to get them to turn over classwide calling records. Furthermore, as explained Defendant has already produced some of the requested materials, such as screenshots of texts and call details, with respect to the Plaintiff, including from the "Podio" system it admits it has access to, which directly undermines its objection that it lacks control over such information, similarly to the "Slack" system in *Fed. Trade Comm'n*. This partial production strongly suggests that Defendant has the practical ability or contractual authority to obtain additional responsive records from its vendors. This Court should therefore compel production of the classwide calling records sought.

  **4. This Court should sanction Defendant under Rule 37(a)(5).**

  The Plaintiff is unquestionably entitled to something as basic as the telephone numbers the Defendant called in preparation of the Plaintiff's motion for class certification, as well as the identities of the vendors involved in placing and facilitating the calls at issue. This Court should order Defendant to pay the reasonable expenses, including Plaintiff's attorney's fees, in making this instant motion. A finding of bad faith is not a prerequisite for the award of reasonable expenses under Rule 37(a)(5)(A). *Pugliese v. Cnty. of Lancaster*, No. 12-CV-07073, 2014 WL 5470469, at *2 (E.D. Pa. Oct. 29, 2014). As Judge Easterbrook put it, the rule is that "the loser pays." *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994) (quoting 8 Wright &

Miller, FEDERAL PRACTICE AND PROCEDURE § 2288 (3d ed. 1998)); *see also Hansen v. Shearson/American Express, Inc.*, 97 F.R.D. 465, 466 (E.D. Pa. 1983) (echoing the "loser pays" principle in this jurisdiction). An award of attorney's fees is presumptively mandatory under the rule. *LightStyles, Ltd. ex rel. Haller v. Marvin Lumber & Cedar Co.*, No. 1:13-CV-1510, 2015 WL 4078826, at *1 (M.D. Pa. July 6, 2015).

Indeed, just today, the United States District Court for the Northern District of Texas granted Plaintiff's counsel's motion for sanctions in a nearly *identical* motion to compel, where the Defendant produced, but redacted, the list of the telephone numbers it called, and did not, as here, engage in obstructive conduct designed to evade the Plaintiff from learning of the identity of third-party vendors. The Court held that such information was centrally relevant and necessary to expert analysis to determine class membership in anticipation for a motion for class certification. The Court further noted that the defendant's position "on what is relevant prior to certification was not substantially justified (as [plaintiff] persuasively argues in his reply) and that no other circumstances make awarding [plaintiff] his attorneys' fees incurred in drafting and filing his motion and reply unjust." *Bond v. Folsom Ins. Agency LLC*, No. 3:24-cv-02551-L-BN, ECF No. 46 (N.D. Tex. July 11, 2025) (cleaned up).

Here, there can be little doubt that the Defendant's failure to respond and produce documents and other information about its vendors that it has access to was not substantially justified, nor do the circumstances make an award of attorney's fees or expenses unjust. Moreover, as in *Folsom*, Defendant readily obtained the records that other courts have held the Plaintiff is entitled to with respect to the Plaintiff, provided them to the Plaintiff, and then refused to provide the classwide calling records to which the Plaintiff is entitled. Defendant withheld and redacted this critical information that is central and necessary to class certification.

It has further hidden the full names and contact information of the vendors involved in the conduct at issue, said it would supplement to provide that information, and did not. Such conduct as it pertains to vendor identification also likely runs afoul of Rule 26(a)(1)'s disclosure requirement, further justifying sanctions under Rule 37(a)(3)(A). In any event, none of this conduct is "substantially justified," justifying sanctions under Rule 37(a)(5).

## **CONCLUSION**

For the reasons stated herein, the Plaintiff's motion to compel should be granted and sanctions, in the form of attorneys' fees and costs, awarded.

RESPECTFULLY SUBMITTED AND DATED this July 11, 2025.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Proposed Class*

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for EMPWR, regarding the subject of this motion, which is opposed. The parties exchanged numerous meet and confer emails regarding these requests and others, which included a telephone call attended by Andrew Perrong for Plaintiff and Sheryl Brown for EMPWR. An agreement could not be reached because the parties are at an impasse with respect to the subject matter of the motion.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties who have appeared by operation of the court's electronic filing system.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.