

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| James E. Shelton | : | |
| V | : | Civil Action No. 24-6870-JMY |
| EMPWR Solar LLC | : | |

**EMPWR SOLAR LLC'S OBJECTIONS AND RESPONSES
TO PLAINTIFF'S FIRST SET OF DISCOVERY**

EMPWR Solar LLC ("EMPWR") objects to the Definitions and Instructions to the discovery requests of the Plaintiff, to the extent they exceed or conflict with the Federal Rules. EMPWR further objects to the extent any of the requests calls for information protected by the attorney client privilege. Without waiver of these objections, EMPWR objects and responds as follows.

**INTERROGATORIES**

1. **Response**: Robby Edge, Partner, EMPWR Solar LLC.

2. **Objection**.  Interrogatory No. 2 is overly broad, and the term "campaign" is not defined.

   **Response**:  Without waiving the aforestated objection, EMPWR was party to a contract with Treantly.  Upon information and believe, the platform used is PODEO.  By way of further response, upon information and belief, it is denied that calls were made through random or sequentially generated activity.  Rather, Treantly employees communicated with a person who expressed an interest in solar power.

3. **Objection**.  Interrogatory No. 3 is vague and overly broad.

    **Response**: Without waiving the aforestated objection, see Response to No. 2 above.

4. **Response**: EMPWR is without knowledge or information sufficient to form a belief as to the request in Interrogatory No. 4. By way of further response, and upon information and belief, none.

5. **Response**: None. By way of further response, Mecah Pojas left a voicemail; and sent two text messages to Plaintiff. Plaintiff requested Mecah to email him the details. See, Screen Shot attached hereto and marked Exhibit "A".

6. **Response**. See response to Interrogatory No. 5, above, and Exhibit A. By way of further response, following Plaintiff's request for no calls, the contact was placed on their DNC.

7. **Response**: See, Response to Interrogatory No. 5, above.

8. **Objection**. Interrogatory No. 8 is overly broad and without limitation to time.

    **Response**: Without waiving the aforestated objection, to the best of my recollection, Brennan, an employee of a prior vendor.

9. **Objection**: Interrogatory No. 9 seek information maintained by a third party.

    **Response**: Without waiving the aforestated objection, PODEO. Also, see, Exhibit A.

10. **Objection**: Interrogatory No. 10 is vague and overly broad.

    **Response**: Without waiving the aforestated objection, see Exhibit A referencing Plaintiff's request to have details emailed to him at his email

14. **Response**:  EMPWR is without knowledge or information sufficient to respond to the Request.  The referenced telephone number is unknown.

15. **Response**:  EMPWR is without knowledge or information sufficient to respond to the Request.  The referenced telephone number is unknown.

16. **Objection**: Request No. 16 is overly broad and vague.

17. **Response**: None.

18. **Response**: See Client Outsourcing Master Agreement attached and marked Exhibit B.

19. **Objection:** Request No. 19 seeks information which requires a conclusion of law.  By way of further objection, EMPWR asserts it is not a telemarketing firm.

    **Response**:  Without waiving the aforestated objection, investigation continues.

20. **Objection**: Request No. 20 is overly broad and unduly burdensome and seeks information from their parties over which EMPWR lacks control.  EMPWR further objects to the extent it is not a telemarketing firm.

    **Response**: Without waiving the aforestated objection, see Exhibit A attached.

21. **Objection**:  Request No. 21 is overly broad and unduly burdensome and the terms "concerning this litigation" are not defined.