IN THE UNITED STATES DISTRICT COURT
FOR THE ESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES E. SHELTON**, individually and on behalf of all others similarly situated, | : : |
| Plaintiff, | : Case No. 2:24-cv-6870 : : **CLASS ACTION** : |
| v. | : **JURY TRIAL DEMANDED** : |
| **EMPWR SOLAR LLC** | : : |
| Defendant. | : : : / |

**JOINT REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on April 15, 2025 and submit the following report of their meeting for the court's consideration:

**1. Discussion of Claims, Defenses and Relevant Issues**

Plaintiff's Statement: The primary issue in this case revolves around whether Defendant EMPWR Solar LLC violated the Telephone Consumer Protection Act (TCPA) by making telemarketing calls to the Plaintiff and other putative class members whose numbers were listed on the National Do Not Call Registry (DNC) without their prior express consent, and as such discovery will relate to the entities involved in the conduct, the Defendant's policies and procedures surrounding the conduct, as well as classwide calling records as well as any evidence to disprove the Defendant's affirmative defense of consent. Defendant claims it obtained putative consent to contact the Plaintiff through a door-to-door solicitation, but the Plaintiff denies any such solicitation occurred, and Defendant has not produced any evidence showing that a door-to-door solicitation took place. Another key issue is whether EMPWR can be held liable for the actions (if any) of its unidentified third-party vendors in the calls at issue, such as Treantly and Primitive Power, who may also have been involved in the calls at issue, together with the nature

1

and scope of their involvement, which is the subject of Plaintiff's motion to compel. The Plaintiff also requires full disclosure of classwide calling records to ascertain who all the Defendant called in violation of the TCPA and the class the Plaintiff seeks to certify. Another threshold issue is the adequacy of EMPWR's discovery responses, as the Defendant has provided incomplete and evasive responses, including the aforementioned withholding key documents and information about its vendors, policies, and call records. Discovery is essential to resolving these issues. Plaintiff has already filed a motion to compel on these issues, including the requisite identity, policy, and calling record evidence. Moreover, the Plaintiff will also move for class certification at the appropriate time at the close of discovery.

Defendant's Statement:  Plaintiff filed this TCPA claim stemming from (at best) two contacts from a third party – not Defendant EMPWR. The communication came from Mecah Pojas, an employee of Treantly. The Plaintiff replied yes he would like a quote via email for solar power. Treantly then turned it over to EMPWR and that is when EMPWR became involved for the first time with the Plaintiff (i.e., after a positive response from the Plaintiff). EMPWR's communications stem what is believed to be Plaintiff's consent for contact.  Furthermore, EMPWR denies violating the TCPA as the alleged acts and/or omissions were conducted by a third party over which EMPWR lacked any authority or control. Even assuming a violation, the TCPA provides for a $500 fine per violation.  EMPWR further denies Plaintiff is a representative party or that he can meet the necessary elements of Rule 23 to identify or support a Class.  EMPWR further asserts that any discovery should be limited to Plaintiff and not the putative class. EMPWR intends to file a motion at the proper time to contest whether Plaintiff is a viable claimant.

Defendant EMPWR denies withholding any documents or failing to comply with Plaintiff's discovery requests, which contain requests for information from third parties over whom

EMPWR has no authority or control. Defendant will respond to the pending Motion to Compel in a timely manner.

**2. Informal Disclosures**

The parties have already exchanged initial disclosures and discovery. The Plaintiff is moving to compel inadequate responses of the Defendant, including the identity of the individuals responsible for the conduct in the complaint. The Plaintiff's call records have already been disclosed in the Complaint, and Defendant has not agreed to produce any documents informally. Plaintiff contends that Defendant's continued refusal to adequately identify the individuals and vendors involved in the conduct at issue further violates the Defendant's Rule 26(a)(1) obligations, as more fully detailed in the Plaintiff's Motion to Compel.

Defendant disputes Plaintiff's statement above. EMPWR has served Rule 26 Disclosures and responded to Plaintiff's discovery requests which consist of Interrogatories, Requests for Production of Documents and Requests for Admissions.

**3. Formal Discovery**

Plaintiff's Statement: Formal discovery will focus on obtaining evidence necessary to establish liability, support class certification, and identify other class members. The areas on which discovery has and will be sought include:

- Classwide Call Records
- Vendor Agreements, Correspondences, and Communication
- TCPA Policies
- Vendor Identification and Role
- Insurance and Indemnification Agreements
- Evidence of Door-to-Door Marketing

The Parties request 180 days for discovery from the date of the Rule 16 conference, owing to the potential need to amend to add parties and the class action nature of the allegations

in the Complaint, which necessitate additional time to conduct discovery. The Parties have discussed the preservation of ESI, including classwide calling records in a machine-readable format to permit expert analysis. This case is not anticipated to include extensive e-discovery, but rather most e-discovery will take the form of classwide calling and other data.

    Plaintiff contends that the Defendant's proposed bifurcation is unworkable and puts the cart before the proverbial horse because it is impossible for the Court to make a decision on class certification without classwide discovery. In order to determine whether class certification is or is not appropriate, the Parties will need to engage in class discovery and then move for class certification, not the other way around. At bottom, classwide discovery is necessary to uncover all other individuals who were called and thus to identify other potential class members. Class discovery is necessary *precisely because* no class has yet been certified, and the Court will need to rely on extensive evidence in making that "rigorous" class certification decision; this Court cannot simply rely on the Defendant's self-serving conclusory statement that class certification is unwarranted, nor can Defendant meaningfully "file a motion at the proper time" to contend that class certification is improper without discovery into the putative class and its claims. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). To contend otherwise asks the Court to rule on class certification without evidence. As another court has remarked on a similar proposal:

> Plaintiff persuasively rebuts this argument, explaining that the information is sought to identify whether and when Defendant made telemarketing calls to Plaintiff and the putative class members. Plaintiff relies, in part, on *Mey v. Frontier Commc'ns Corp.*, No. 13-cv-01191-MPS, ECF No. 102 (D. Conn. Dec. 5, 2014), a TCPA case in which the court granted a motion to compel similar information as Plaintiff seeks here, finding it "will assist Plaintiff's experts in determining which phone numbers were tied to cellular phones, which calls were for telemarketing purposes, which numbers were on the National Do Not Call Registry ("NDNCR") and which calls were made using an automatic telephone dialing system ("ATDS")" and thus "[t]he information is [ ] relevant to the numerosity, commonality, and typicality inquiries the Court will undertake to decide Plaintiff's motion for class certification under Rule 23." According to Plaintiff, the documents he seeks will also help to establish the number of alleged violations of the TCPA by indicating how many calls were made to telephone numbers registered on the National Do Not Call Registry, and whether Defendant took measures to avoid calling such numbers. This Court concurs with Plaintiff that the documents sought in these

subpoenas are relevant to class certification requirements and potentially to both the claims and defenses.

*Stein v. I 5 Exteriors Inc.*, No. 3:21-CV-5093-DWC, 2021 WL 4902518, at *2 (W.D. Wash. Sept. 15, 2021). This Court should not bifurcate discovery on the (disputed) basis that any alleged class is uncertifiable; to the contrary, discovery is necessary to prove up the class and to address such issues at the appropriate time, class certification. Other Courts are in agreement. *E.g.*, *Bond v. Folsom Ins. Agency LLC*, No. 3:24-CV-2551-L-BN, 2025 WL 863469, at *2-3 (N.D. Tex. Mar. 19, 2025) (citing *Wal-Mart*) ("As to class certification under Rule 23, the Supreme Court has instructed that "certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." And "[f]requently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim" because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'").

As an additional matter, there is no indication that the Defendant gathered telephone numbers in a materially different way than it gathered the Plaintiff's to justify bifurcation on some purportedly individualized issue. As such, the Plaintiff's discovery is substantially the same for all putative class members. *See, e.g., Grippo v. Sugared + Bronzed, LLC*, No. SA CV 24-01792-AB (DFMX), 2025 WL 596095, at *2 (C.D. Cal. Feb. 24, 2025) (relying on several TCPA cases in rejecting a bifurcation of discovery holding, "the distinction between merits discovery and class discovery is not always clear, and many courts are, for this reason, reluctant to bifurcate class and merits discovery."); *Blair v. Assurance IQ LLC*, No. 23-16, 2023 WL 6622415, at *6 (W.D. Wash. Oct. 11, 2023); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 15-2057, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) ("[T]he distinction between class certification and merits discovery is murky at best and impossible to determine at worst."). As another federal court held earlier this year when denying a motion to bifurcate discovery in a TCPA case: "[b]ecause individual and class discovery overlaps, the difficulty of drawing the line between the two is likely to cause further discovery disputes and place greater demands on the

Court's time. This result also implicates the third factor, judicial economy, and weighs against bifurcation." *Nock v. PalmCo Admin., LLC*, No. 24-CV-00662-RDB, 2025 WL 100894, at *3 (D. Md. Jan. 15, 2025). Indeed, this approach is echoed by other judges in this Court and the Middle District, which routinely order one uniform discovery period for all purposes of approximately 180 days, followed by a motion for class certification, followed by motions for summary judgment on either individual or class claims, as outlined by the results of that motion.

      Defendant's Statement:  EMPWR asserts initial discovery should be limited to Plaintiff Shelton only, and not for discovery related to the putative class.  EMPWR asserts that class discovery should only be permitted if Plaintiff's Motion for Class Certification is granted.  This is especially true where the alleged violative contact came from a third party over whom EMPWR had no authority or control, which would support summary judgment as to the merits of the underlying claim. It would be unfair and cost-prohibitive to require EMPWR to go through the extensive discovery associated with a class action. Defendant served discovery upon Plaintiff in the nature of Interrogatories and Requests for Production of Documents.  EMPWR expects full and complete responses from Plaintiff by the due date of July 16, 2025, including but not limited to information of all TCPA claims filed by Plaintiff (of which there are many), inclusive of all releases and settlement information.

4. **Expert Witness Disclosures**

The Parties will disclose expert witnesses 45 days prior to the close of discovery. The Parties desire to depose each of their respective experts. Plaintiff's expert witness will analyze the classwide calling records in anticipation of class certification and to determine who else all the Defendant called on the Do Not Call Registry in violation of the TCPA.

Plaintiff's proposal: Expert reports will be exchanged simultaneously, in accordance with this Court's instructions. Expert analysis will analyze all class claims, including class members on the Do Not Call list.

Defendant's Statement:  Defendant requests Plaintiff's expert reports (if any) 45 days prior to the close of discovery.  EMPWR will then serve its expert reports (if any) 30 days thereafter.

Defendant also requests initial expert reports be limited to Shelton's singular claim and not the putative class.

5. **Early Settlement or Resolution**

The Parties have familiarized themselves with Local Rule 53.3. The Parties do not believe that an early resolution through ADR is feasible at this time, and have advised their clients accordingly. ADR is not feasible because the Plaintiff views this matter as a class action and is seeking a classwide resolution, and Defendant has indicated it is unwilling to negotiate on a classwide basis. Mediation may become more appropriate as the contours of the class become ascertained and the Plaintiff obtains the class discovery to which he is entitled.

Defendant's Statement: EMPWR asserts an early settlement conference may be helpful to discuss settlement regarding Shelton, only. EMPWR not only denies any putative class, but EMPWR denies it violated the TCPA as any communication came from a third party over which EMPWR had no authority or control.

6. **Magistrate Jurisdiction**

The parties do not consent to the transfer of this action to the jurisdiction of a Magistrate.

7. **Trial Date**

The Parties will seek a trial date after the close of discovery and once the Plaintiff's Motion for Class Certification is decided upon. The Parties propose February 15, 2026 as a deadline for dispositive motions and Motion for Class Certification, with replies due 30 days thereafter, and trial in March or April of 2026 once any motions have been ruled on.

Defendant's statement: EMPWR proposes dispositive motions and Motion for Class Certification to be filed by February 15, 2026, thirty days after the close of discovery.

8. **Other Matters**

None at this time.

RESPECTFULLY SUBMITTED AND DATED this July 15, 2025.

                                          */s/ Andrew Roman Perrong*
                                          Andrew Roman Perrong, Esq.
                                          Perrong Law LLC
                                          2657 Mount Carmel Avenue
                                          Glenside, Pennsylvania 19038
                                          Phone: 215-225-5529 (CALL-LAW)
                                          Facsimile: 888-329-0305
                                          a@perronglaw.com

                                          *Attorney for Plaintiff and the Proposed Class*


## BELLWOAR KELLY

By:    */s/ Sheryl L. Brown*
        Andrew Bellwoar, Esquire, I.D. #54096
        Sheryl L. Brown, Esquire, I.D. 59313
        Attorneys for Defendant, EMPWR SOLAR LLC
        126 W. Miner Street
        West Chester, PA  19382
        (P): 610.314.7066
        abellwoar@bellwoarkelly.com
        sbrown@bellwoarkelly.com


## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties who have appeared by operation of the court's electronic filing system.

                                          */s/ Andrew Roman Perrong*
                                          Andrew Roman Perrong, Esq.