UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| James E. Shelton | : | |
|     Plaintiff | : | |
| V | : | Civil Action No. 24-6870-JMY |
| EMPWR Solar LLC | : | |
|     Defendant | : | |

**DEFENDANT EMPWR SOLAR, LLC'S RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL WITH BRIEF (ECF 11)**

Defendant EMPWR Solar LLC ("EMPWR"), by and through its counsel, Bellwoar Kelly, LLP, responds to Plaintiff's Motion and Brief to Compel Discovery Responses:

**I.   INTRODUCTION**

Plaintiff filed the instant motion to compel on for sanctions without setting forth separately enumerated allegations for response. Rather, the motion, in essence, is Plaintiff's Memorandum of Law. defendant, EMPWR will respond accordingly to Plaintiff's "Motion" limited to Interrogatory No. 2 and No. 8 Objections and Responses and Objections and Responses to Request for Production of Document Numbers 19 and 20.

**II.   PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff initiated this action against EMPWR for a purported violation of the TCPA.  As set forth in the Amended Answer (ECF 10) EMPWR denies that any of its employees contacted the Plaintiff or tried to sell him solar services. In fact, defendant asserted that it is believed a text message was sent from Mecah Pojas, an employee of Treantly.  (Am.Cmplt. ¶22).  EMPWR also

1

identified Mecah Pojas of Treantly Recruitment Limited, in its Rule 26 Disclosures, a copy of which are attached hereto and marked Exhibit A. As set forth therein, EMPWR also identified the Treantly Client Master Agreement as a document that it may use to support its defenses. A copy of the Treantly Client Master Agreement is attached hereto and marked Exhibit B.

Discovery responses, along with the Treantly Agreement was served on Plaintiff's counsel on May 15, 2025.

Despite an attempt to explain to counsel that EMPWR is an installation company and does not make telemarketing calls; and has no power or control over third parties contracted to do so, Plaintiff filed this Motion to Compel, along with a request for sanctions. For the reasons set forth herein, Plaintiff's Motion must be denied. Furthermore, Defendant requests that discovery in this matter be limited to the representative plaintiff and EMPWR, only.

### III.   SUBJECT DISPUTED DISCOVERY REQUESTS

#### A. Interrogatory No.2

Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff, or any vendors involved in any form of contact with the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads, (b) the dialing system platform or provider used to make calls, (c) where the phone numbers to make the calls is obtained, and (d) any vendors used to conduct alleged door-to-door solicitation.

**Objection**. Interrogatory No. 2 is overly broad, and the term "campaign" is not defined.

**Response**: Without waiving the aforestated objection, EMPWR was party to a contract with Treantly. Upon information and believe, the platform used is PODEO. By way of further response, upon information and belief, it is denied that calls were made through random or sequentially generated activity. Rather, Treantly employees communicated with a person who expressed an interest in solar power.

**S**ubject to the objection, EMPWR responded that it contracted Treantly, whose contractors or employees communicated with a person who expressed an interest in solar power. EMPWR has no authority or control over Treantly, a third party, and has no access to information or records in Treantly's possession. This includes no possession or control regarding their dialing system, platform, or phone numbers contacted, etcetera. Notwithstanding this, EMPWR identified the name of the Treantly employee, Megah Pojas, as set forth in its Rule 26 disclosures.

Accordingly, EMPWR stands on its objection and response to Interrogatory No. 2.

### B. Interrogatory No. 8

Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**Objection**. Interrogatory No. 8 is overly broad and without limitation to time.

**Response**: Without waiving the aforestated objection, to the best of my recollection, Brennan, an employee of a prior vendor.

As noted above and evidenced in the attached documents, EMPWR did not contact Plaintiff. As it relates to the sufficiency of the objection and response, EMPWR continues to assert that despite the Interrogatory being overly broad, it provided a response to the best of EMPWR's recollection.

### C. Request for Document No. 19

Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

a)   compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal

3

>   Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;
>
>   b) obtaining or verifying prior express consent;
>
>   c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*
>
>   **Objection**: Request No. 19 seeks information which requires a conclusion of law. By way of further objection, EMPWR asserts it is not a telemarketing firm.
>
>   **Response**: Without waiving the aforestated objection, investigation continues.

EMPWR again denies it is a telemarketing firm, and therefore, not subject to the TCPA. Furthermore, the subject communication was made by an agent or employee of a third party, over which EMPWR has no control. Pursuant to Federal Rule 26(e), EMPWR is to supplement discovery responses if it learns a disclosure is incomplete or incorrect. Therefore, if in its investigation, to the extent relevant to communication with Plaintiff Shelton, EMPWR determines any polices were enacted or existed it will supply the same.

>   **D.  Request No. 20**
>
>   Please produce all documents containing any of the following information for each outbound telemarketing call or text sent by you or your vendors, including to the Plaintiff:
>   a) the date and time;
>   b) the caller ID;
>   c) any stop request received;
>   d) any recorded message used;
>   e) the result;
>   f) identifying information for the recipient; and
>   g) any other information stored by the call detail records.
>
>   **Objection**: Request No. 20 is overly broad and unduly burdensome and seeks information from their parties over which EMPWR lacks control. EMPWR further objects to the extent it is not a telemarketing firm.
>
>   **Response**: Without waiving the aforestated objection, see Exhibit A attached.

EMPWR did not contact Plaintiff as it does not conduct telemarketing. Rather, it installs solar panels. Additionally, EMPWR does not have control over Treantly, a third party who would presumably have the information requested.

To the extent Plaintiff claims it is asserting a class action, no certification motion has been filed; and it is highly questionable whether Shelton is a proper representative plaintiff; or whether EMPWR is a proper defendant in this TCPA matter.

Plaintiff argues that EMPWR "demonstrated control over its vendors, including Primitive Power and Treantly, which it refuses to identify, and the systems they use, including PODEO…" (Pl. Motion (ECF 11); p. 13). This argument lacks common sense. If EMPWR refused to identify vendors, then why did it identify Treantly and Primitive Power in its disclosures and responses? Furthermore, there is no evidence that EMPWR exercises control over Treantly or Primitive Power, third parties, despite Plaintiff's protestations.

## IV.   PLAINTIFF'S MOTION FOR SANCTIONS MUST BE DENIED

Defendant's Objections and Responses as asserted to the four limited requests, are substantially justified. As such, even if this Court grant's Plaintiff's Motion to Compel (denied), any fees or costs should not be ordered. Furthermore, the circumstances of the limited areas of inquiry, where documents and disclosures have been provided to identity third parties, likewise require that this Court not impose fees or expenses. See, F.R.C.P. 37(a)(5).

To the extent the Court denies Plaintiff's Motion, EMPWR seeks fees and costs associated with having to defend against this motion. F.R.C.P. 37(B). EMPWR likewise seeks a protective order from having to conduct discovery related to third parties over which it exercises no authority or control.

Plaintiff's Motion for Sanctions should likewise be denied where no Order has been issues that EMPWR has disobeyed.  See, F.R.C.P. 37 (b)(2).

Finally, EMPWR requests that any discovery be limited to the named Defendant and not the putative class.  As has already been demonstrated, EMPWR is not a telemarketing firm and was subject to a third-party vendor agreement.  Furthermore, Plaintiff has identified two purported communications, which would result in a $1000 fine, if proven against EMPWR (denied).  Plaintiff has presented no allegations or evidence of any communications directly made by EMPWR to any persons.

### V.   CONCLUSION

For the reasons set forth herein, Plaintiff's Motion to Compel and for Sanctions must be denied.  Additionally, this Court should limit discovery to the named defendant only; and not as a class.  Furthermore, EMPWR is entitled to fees and costs for having to defend against Plaintiff's Motion to Compel and for Sanctions.

                    **BELLWOAR KELLY**

By: ***/s/ Sheryl L. Brown***
      Andrew Bellwoar, Esquire, I.D. #54096
      Sheryl L. Brown, Esquire, I.D. #59313
      Attorneys for Defendant, EMPWR SOLAR LLC
      126 W. Miner Street
      West Chester, PA  19382
      (P): 610.314.7066
      abellwoar@bellwoarkelly.com
      sbrown@bellwoarkelly.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| James E. Shelton | : | |
|     Plaintiff | : | |
| V | : | Civil Action No. 24-6870-JMY |
| EMPWR Solar LLC | : | |
|     Defendant | : | |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this day a true and correct copy of Defendant EMPWR Solar LLC's Response to Plaintiff's Motion to Compel and for Sanctions was served upon the following via email:

Andrew Roman Perrong, Esquire
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
a@perronglaw.com

**BELLWOAR KELLY**

By:	*/s/ Sheryl L. Brown*
Sheryl L. Brown, Esquire, I.D. #59313
Attorney for Defendant
*EMPWR Solar LLC*
126 W. Miner St., #1
West Chester, PA 19382
610.314.7066
sbrown@bellwoarkelly.com

7