IN THE UNITED STATES DISTRICT COURT
FOR THE ESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES E. SHELTON**, individually and on behalf of all others similarly situated, | : <br> : Case No. 2:24-cv-6870 <br> : |
| Plaintiff, | : **CLASS ACTION** <br> : |
| v. | : **JURY TRIAL DEMANDED** <br> : |
| **EMPWR SOLAR LLC** | : <br> : |
| Defendant. | : <br> : |

**REPLY IN SUPPORT OF MOTION
TO COMPEL EMPWR SOLAR LLC
TO PROVIDE DISCOVERY RESPONSES
AND FOR SANCTIONS**

1

## INTRODUCTION

Defendant EMPWR Solar LLC's opposition to the Plaintiff's motion to compel does not address the authority cited by Plaintiff in TCPA cases across the country compelling production of basic information relevant to the Plaintiff's claims. Instead, it attempts to justify the unjustifiable, and appears to seek relief of its own, which is a wholly improper use of a reply. The Court should grant Plaintiff's motion.

## ARGUMENT

1. **Defendant improperly moves to bifurcate discovery through its response in opposition.**

Defendant appears to attempt to justify its failure to produce classwide calling data, that it demonstrably has access to *because it already produced such data with respect to Mr. Shelton*, by seeking to retroactively bifurcate discovery. That is an improper use of the Defendant's opposition to the Plaintiff's motion. "Written motions should be filed separately and not be embedded within other motion papers. Since the motion was improperly presented, it could be denied on that basis alone." *Weer v. Hess Oil Virgin Islands Corp.*, 64 V.I. 107, 129 (Super. Ct. 2016) (citing *Hammond v. Contino*, No. CIV. 14-1042 RBK/AMD, 2014 WL 6388757, at *3 (D.N.J. Nov. 17, 2014)); *In re C.R. Bard, Inc.*, 948 F.Supp.2d 589, 650 (S.D.W.Va. 2013). If Defendant wishes to move to bifurcate discovery, it is free to file a motion of its own to do so, which the Plaintiff will respond to in due course. Defendant, however, may not hijack the Plaintiff's motion by seeking relief of its own.

2. **Defendant's explanations for failing to respond to discovery are unavailing.**

Defendant's stated reasons for nonproduction can be boiled down to three broad categories. *First*, Defendant claims that it is "not a telemarketing company" and shouldn't have to respond to discovery. *Second*, Defendant contends that third parties made the calls at issue, and that it has "no power or control over" those third parties, so it should not have to respond. *Finally*, Defendant contends that it should not have to respond to class discovery because no class has been certified. Each of these arguments is unavailing because Defendant fails to provide *a single citation* justifying its refusal to provide discoverable information, which this Court should compel. Plaintiff anticipated, and provided authority controverting, each of those positions in his original brief. For the reasons stated in the Plaintiff's original motion, and the Plaintiff's own uncontroverted authorities, none of those justifications are viable in a TCPA case such as this one. This is not to mention the wealth of other arguments, points, and authorities that Defendant has not responded to and simply appears to have conceded. It bears mentioning that the Defendant has not cited or responded to a *single* authority to support any of its points or arguments in its opposition. Not one. Nor has Defendant cited any contrary authority.

Even putting Defendant's underdeveloped and meritless arguments aside, still other unexplainable deficiencies exist with the little information that the Defendant has provided that Defendant contends shows it has adequately discharged its discovery obligations. Defendant has not. As an initial matter, Defendant has not identified who or what "Primitive Power" is, despite the indication that each message sent to the Plaintiff states that "Primitive Power used Local Presence" (ECF No. 12-1). Defendant then misrepresents its initial disclosures in its opposition, positing the hypothetical of "why did it identify Treantly and Primitive Power in its disclosures and responses?" A review of Defendant's initial disclosures, ECF No. 17-2, nowhere reveals Primitive Power. And the initial disclosures are further deficient in that Defendant still has not

adequately identified "Mecah Pojas" or "Brennan" to permit the Plaintiff to ascertain who these individuals are, and where they can be served, including with third-party subpoenas for information Defendant admits they possess.

And the "Client Outsourcing Master Agreement" that Defendant refers to and has attached to its opposition *doesn't even outline the scope of work* that Treantly was hired to do or indicate that Treantly was hired to conduct marketing (let alone telemarketing) *at all*. Indeed, it appears that Treantly does not even provide telemarketing services, but rather recruitment services for jobs. This is supported by the very text of the agreement Defendant attached as Exhibit B, which says that Treantly would provide the Defendant with "business process outsourcing services . . . through the engagement of Subcontractors" from "its network in the Philippines to perform the Services specified in the Job Description." Defendant fails to provide *what that job description even was*, or how that involved telemarketing, particularly glaring and notable omissions in that Treantly appears to be a recruiting company, not a telemarketing company, either. This Court should compel fulsome responses to these evasive, curt, and inadequate responses.

For that matter, the "Agreement" also contradicts the Defendant's interrogatory responses, which obligated the "Client," that is, Defendant, to "provide initial training and integration support to the Subcontractor, ensuring familiarity *with the Client's systems, processes, and culture.*" Thus, the very text of the agreement contradicts the Defendant's position that "it has no access to information or records in Treantly's possession," because Defendant was required to give Treantly access *to its own systems*, not the other way around. Indeed, no part of the agreement indicates that Treantly would provide its own systems, let alone

4

refuse to give the company hiring it access to those systems. Evidently, Defendant had access to whatever system was used to make the subject calls, because it provided a screenshot from that system with respect to the Plaintiff.

Finally, this Court should award sanctions. Defendant has not addressed any of the authorities the Plaintiff has cited, and the Defendant's responses indicate that its responses were not substantially justified. Defendant provides no reason why its responses were substantially justified. As Plaintiff notes, other Courts have sanctioned Defendants for providing far more substantial responses to nearly identical discovery that was still deficient. In sum, the evidence provided by the Defendant is still deficient and contradicts the Defendant's own assertions, including those made in its opposition, showing that its responses were not justified. The Court should grant the Plaintiff's requested relief in full, particularly as Defendant has not responded to any of the Plaintiff's authorities or case law and has therefore conceded those points.

## **CONCLUSION**

For the reasons stated herein, the Plaintiff's motion to compel should be granted and sanctions, in the form of attorneys' fees and costs, awarded.

RESPECTFULLY SUBMITTED AND DATED this August 1, 2025.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties who have appeared by operation of the court's electronic filing system.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
