UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **James E. Shelton** | : | |
| **Plaintiff** | : | |
| V | : | Civil Action No. 24-6870-JMY |
| **EMPWR Solar LLC** | : | |
| **Defendant** | : | |

### ORDER

**AND NOW,** this _____ day of September, 2025, upon consideration of Defendant's Motion to Bifurcate Discovery and Plaintiff's Response thereto, it is hereby **ORDERED** and **DECREED** that Defendant's Motion is **GRANTED**.

It is **FURTHER ORDERED** AND **DECREED** that discovery shall be bifurcated into two separate phases as follows:

1. Discovery as to Plaintiff's underlying individual claim; (Phase I)

2. If necessary, class wide discovery to determine if the Court should certify a class (Phase II).

BY THE COURT:

_____

J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| James E. Shelton | : | |
|     Plaintiff | : | |
| V | : | Civil Action No. 24-6870-JMY |
| EMPWR Solar LLC | : | |
|     Defendant | : | |

**DEFENDANT EMWPR SOLAR LLC'S MOTION TO BIFURCATE DISCOVERY**

Pursuant to Federal Rules of Civil Procedure 16 and 42(b), Defendant EMPWR Solar LLC hereby moves to bifurcate discovery. EMPWR Solar incorporates by reference its Memorandum of Law in Support of its Motion as if fully stated herein.

## BELLWOAR KELLY, LLP

By: */s/ Sheryl L. Brown*
Sheryl L. Brown, Esquire, I.D. 59313
Andrew J. Bellwoar, Esquire, I.D. No. 54096
Attorneys for Defendant, EMPWR SOLAR LLC
126 W. Miner Street
West Chester, PA 19382
(P): 610.314.7066
sbrown@bellwoarkelly.com
abellwoar@bellwoarkelly.com

1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| James E. Shelton | : | |
|     Plaintiff | : | |
| V | : | Civil Action No. 24-6870-JMY |
| EMPWR Solar LLC | : | |
|     Defendant | : | |

### DEFENDANT EMWPR SOLAR LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO BIFURCATE DISCOVERY

Defendant EMPWR Solar LLC ("EMPWR" or "Defendant"), by and through its undersigned attorneys, in order to effectively resolve factual disputes as to the merits of Plaintiff's claims, requests that the Court enter an order bifurcating discovery. Specifically, Defendant requests that the Court bifurcate discovery such that the parties address the merits of Plaintiff James Shelton's underlying claims first ("Phase I"), and then, if necessary, proceed to class-wide discovery to determine if the Court should certify a class ("Phase II").

I. **INTRODUCTION**

Plaintiff asserts a violation of the Telephone Communications Protection Act ("TCPA") by receiving one text message and one call on November 29, 2024. Plaintiff responded by requesting information by email. Defendant contends that the Court should focus discovery so as to first

2

determine whether Plaintiff's claims are viable or could be resolved[1] as an initial matter before the parties undertake discovery related to a putative class.  It is believed and therefore averred that Plaintiff consented to receiving contact, which would void any TCPA claim.  Furthermore, Plaintiff's proposed class is flawed in a manner that discovery cannot remedy, as Plaintiff fails to exclude persons who consented to receive communications from Defendant or which otherwise fail to meet the specifics of Plaintiff's defined class which include persons whose numbers were on a Do Not Call Registry for over 31 days but who received more than one call on behalf of defendant from 2021 to the present. (Cmplt. ¶34).  Such discovery would also require providing voluminous private consumer information on individuals who are not class members precertification.

    Good cause exists to phase discovery to permit the Court to first resolve the merits of Plaintiff's individual claims and avoid burdensome class discovery if Plaintiff's claims prove meritless. Such burdensome class discovery imposes  huge expenses TCPA defendants and poses a danger to consumers who unknowingly have their private data released without notice. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of the evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs).

    Phase II of discovery would then be focused on the merits of class wide discovery, should Plaintiff obtain class certification.

---

[1] Considering the generally limited statutory cap on damages of $500 per violation, EMPWR issued an Offer of Judgment pursuant to Rule 68 on September 18, 2025.  No response has been received to date.

II. **PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff filed his Complaint alleging a violation of the TCPA on December 27, 2024. EMWPR filed an Answer and then an Amended Answer with Affirmative Defenses following Court approval. (ECF 5, 10). An Amended Scheduling Order was issued on July 22, 2025. (ECF 16). Currently under Court review is Plaintiff's Motion to Compel and/or Sanctions and Defendant's response. (ECF 11, 17)

The Complaint alleges that Plaintiff's telephone number was listed on a Do Not Call Registry but nonetheless received a text message and a telemarketing call on behalf of Defendant on November 29, 2024. (Cmplt. ¶20,21,22). Plaintiff further alleges he never consented to the communications. (Cmplt. ¶31). Plaintiff brings the claim on behalf of himself, and a putative class defined as:

> **National DNC Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase of Pro Source's[2] goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

Cmplt. ¶34. Plaintiff seeks discovery on a class-wide basis and proposes that discovery proceed as to his individual claim and the putative class before consideration of the merits.

III. **LEGAL ARGUMENT**

A. **Standard**

The court has broad discretion in handling discovery disputes which extends to decisions over bifurcating discovery. *Weiss v. First Unum Life Ins. Co.*, 2008 U.S. Dist. LEXIS 21604, 2008

---

[2] Pro Source has no relation to the named Defendant EMPWR Solar LLC.

4

WL 755958, *1 (March 19, 2008); *see also Bandai America Inc. v. Bally Midway Mfg. Co.*, 775 F.2d 70, 74 (3d Cir. 1985) (bifurcation orders and discovery orders are reviewed for abuse of discretion). Furthermore, the Court has authority to do so pursuant to Rule 42(b) which permits the separate trial of one or more issues "f]or convenience, to avoid prejudice, or to expedite and economize.." F.R.C.P. 42(b).

    B.    **Legal Argument**

It is in the best interests of the parties and the Court to conduct individual merits discovery in phases. This serves judicial economy in potentially resolving a class action claim which otherwise lacks merit. Courts in this Circuit have exercised their discretion to phase discovery where the threshold issue might be dispositive of plaintiff's claims, resulting in conserving the parties and the court's resources. See, e.g. *Physicians Healthsource, Inc. v. Janssen Pharms., Inc*. 2014 U.S.. Dist. LEXIS 13523 (D. N.J. 2014).

Bifurcation promotes expediency and economy by focusing discovery on threshold issues first. As to Plaintiff's individual claim, whether he consented to receiving further contact regarding solar power; or whether EMPWR is an appropriate defendant are discrete factual questions that do not require class wide discovery. The parties have begun exchanging discovery which would address this threshold issue. Allowing the parties to address these threshold issues first has the potential to promptly resolve the case entirely, obviating the need for class-wide discovery, or alternatively narrow the scope of the litigation and any subsequent discovery.

Furthermore, the discovery which Plaintiff intends to pursue includes private consumer information for individuals who are not class members precertification. Simply, they have not agreed to be part of this litigation, nor has Plaintiff established an underlying violation of the TCPA

5

to further pursue non class members private consumer information. Additionally, class discovery is not necessary to address issues dispositive to Plaintiff's individual claims. See, e.g. *Katz v. Liberty Power Corp., LLC,* 2019 U.S. Dist. LEXIS 30901 (D. Mass. Feb. 27, 2019); *DeLeon v. Time Warner Cable LLC*, 2009 U.S. Dist. LEXIS 135122, at *3 (C.D. Cal. Nov. 2, 2009).

Additionally, the two proposed Phases are discrete and easily severable. Phase I will focus on facts related to Plaintiff and the merits of his claim. Phase II will focus on information regarding the putative class members themselves and whether they consented to receive information. Defendant is proposing discovery as to the merits, and seeking to postpone only that discovery that is related only to the putative class and particularly onerous to produce and which would necessarily require producing private consumer information of non-class members.

Bifurcation also conserves significant resources and promotes economic efficiency because individual TCPA claims typically involve limited statutory damages ($500 per violation[3]) that rarely justify the expense of continued litigation absent class certification. Class discovery and damages will require the production of voluminous private consumer information. Plaintiff has already indicated the necessity of involving an expert to review any such information. Even that won't end the extensive process as Plaintiff fails to address how they will identify those persons, even if on a do not call registry that *consented* to receiving communications for solar power. (Telephone solicitation does not include "any person with that person's prior express invitation or permission." 47 USCS §227(a)(4)(A).

Bifurcation in this case is also consistent with the intent of Fed. R. Civ. P. 26, which requires that discovery be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The burden of

---

[3] See, 47 U.S.C. §227(3)(B) "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater.."

6

collecting the records, having expert review to determine who is on a do not call list (or not) and then having to determine those persons who consented to receive follow up communications, is significant and unnecessary at this juncture. Because class wide discovery is burdensome and expensive, it should be deferred until it becomes necessary, if ever. The only discovery that is necessary and proportional to the needs of the case at this time is discovery concerning the Plaintiff's ability to bring a viable claim. Requiring Defendant to engage in discovery beyond that issue is contrary to the proportionality principle of Rule 26.

Finally, bifurcating discovery will not prejudice Plaintiff. Defendant's proposed Phased discovery plan does not limit Plaintiff's ability to conduct discovery. To the contrary, it expedites discovery into the merits and the adjudication of his TCPA claim, which Plaintiff should want. In fact, the phased discovery benefits both parties by focusing initially on the relatively narrow set of documents necessary to resolve the threshold issues in the case and saving both parties from expending time and resources wading through documents and data regarding the putative class that may not be necessary. Further, a phased discovery approach which reasonably limits the first phase to the merits of Plaintiff's claims, is likely to limit the number of disputes about the scope and burden of Plaintiff's requests.

### IV. CONCLUSION

For the reasons set forth herein, EMPWR Solar, LLC respectfully requests that this Court enter an order bifurcating discovery such that Phase I is limited to discovery related to the merits of Plaintiff's individual claim and Phase II consists of discovery on class-wide liability and damages, if necessary. Defendant further requests that the Court set a briefing schedule for dispositive motions following the close of Phase I discovery and permit Phase II discovery to begin

only after ruling on Defendant's anticipated motion for summary judgment, and grant any other such relief that the Court deems fair and proper.

                **BELLWOAR KELLY, LLP**

            By:    ***/s/ Sheryl L. Brown***
                     Sheryl L. Brown, Esquire, I.D. #59313
                     Attorney for Defendant
                     *EMPWR Solar LLC*
                     126 W. Miner St., #1
                     West Chester, PA  19382
                     610.314.7066
                     sbrown@bellwoarkelly.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| James E. Shelton | : | |
|     Plaintiff | : | |
| V | : | Civil Action No. 24-6870-JMY |
| EMPWR Solar LLC | : | |
|     Defendant | : | |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this day a true and correct copy of Defendant EMPWR Solar LLC's Offer of Judgment was served upon the following via ECF as noted below:

Andrew Roman Perrong, Esquire
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
a@perronglaw.com

**BELLWOAR KELLY, LLP**

By:   */s/ Sheryl L. Brown*
Sheryl L. Brown, Esquire, I.D. #59313
Attorney for Defendant
*EMPWR Solar LLC*
126 W. Miner St., #1
West Chester, PA  19382
610.314.7066
sbrown@bellwoarkelly.com

September 23, 2025