UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| James E. Shelton | : | |
|     Plaintiff | : | |
| V | : | Civil Action No. 24-6870-JMY |
| EMPWR Solar LLC | : | |
|     Defendant | : | |

### DEFENDANT EMPWR SOLAR LLC's RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES, TO EXTEND DEADLINES AND FOR SANCTIONS

Defendant EMPWR Solar LLC ("EMPWR") by and through its undersigned counsel, Bellwoar Kelly LLP files this Response to Plaintiff's Motion to Compel, to Extend Deadlines and for Sanctions, opposing in part and consenting in part as follows:

### I.  INTRODUCTION

While EMPWR does not agree with the basis for Plaintiff's request for an extension of the deadlines, it does not oppose a reasonable extension of 60 days.  EMPWR opposes Plaintiff's Motion to Compel and for Sanctions, as Defendant complied with Plaintiff's written discovery; and this Court's recommendations to produce the lead list.

As Plaintiff filed this Motion as a combined Motion and Brief, EMPWR responds accordingly.

### II.  BRIEF DISCOVERY HISTORY

Plaintiff served combined discovery requests (Interrogatories, Requests for Production of Documents and Requests for Admissions) upon EMPWR on April 17, 2025.  A true and correct

copy of Plaintiff's written discovery is attached hereto marked Exhibit "A". EMPWR served objections and responses on May 15, 2025. The parties engaged in a meet and confer and Plaintiff thereafter filed a Motion to Compel on July 11, 2025, (ECF 11). EMPWR filed a response in opposition on July 25, 2025. (ECF 17), to which Plaintiff filed a Reply. (ECF 18). The Court thereafter Ordered and held a conference to discuss the discovery disputes on September 9, 2025. (ECF 20). EMPWR served Supplemental Objections and Responses on September 23, 2025, including the page of the "Lead List" containing Plaintiff's information. EMPWR also filed a Motion to Bifurcate Discovery (ECF 22); and a Supplemental Response to Plaintiff's discovery motion. (ECF 23). A second conference was held by the Court on September 24, 2025. (ECF 24). A Confidentiality Agreement was executed by counsel and on October 8, 2025, Amended Supplemental Objections and Responses were produced by email along with the entirety of the PDF Redacted Lead List (80 pages in landscape format).

This Court <u>denied</u> Plaintiff's Motion to Compel Discovery as moot (ECF 26); and <u>denied</u> EMPWR's Motion to Bifurcate Discovery. (ECF 27).

Following Plaintiff's concerns regarding size of the telephone numbers on the electronically produced PDF of the subject Lead List, and inability to read the **<u>first page</u>** of listed telephone numbers, counsel for the undersigned mailed a paper copy of the Redacted List Lead – in Landscape Format, encompassing 150 pages of telephone numbers to Counsel on October 14, 2025. A copy of the cover letter, and Privilege Log is attached hereto marked Exhibit "B"[1].

---

[1] Should the Court wish to view the electronic or paper version of the Confidential PDF Lead List, EMPWR will file the same under seal; or provide a copy to the Court for in camera review.

Plaintiff filed the instant motion on November 10, 2025. (ECF 28). EMPWR now files its response, consenting in part; and opposing in part.

### III. MOTION TO EXTEND DEADLINES

While EMPWR does not concur with Plaintiff's assertions supporting his requested extension, EMPWR does not oppose a reasonable extension.

Notwithstanding this, EMPWR does not oppose a 60-day extension of deadlines per this Court's July 22, 2025 Order (ECF16). As such, EMPWR proposes the following extension: (1) Fact Discovery – January 23, 2026; (2) Expert Reports – February 6, 2026; (3) Rebuttal Reports – February 20, 2026; (4) Expert Discovery – March 6, 2026; (5) Summary Judgment/Class Certification Motions – April 17, 2026; and responses – May 17, 2026.

### IV. Motion to Compel/Sanctions

EMPWR denies the failure to comply with discovery. Not only has it continued to provide information and responses as requested, Defendant also forwarded a redacted copy of the subject "Lead List" following this Court's Conference. The Lead List was produced first in electronic PDF form (Portrait format) via email; and thereafter in in paper form (Landscape format) when Plaintiff claimed an inability to read the first page (of 80) of the emailed PDF Lead List[2].

Plaintiff claims the PDF document production (in electronic and paper format) coes not comply with the rules, claiming entitlement to the original electronic "Excel Sheet". Plaintiff's request and argument fails for several reasons. First, the production of the electronic Excel sheet would include the identification of third-party names, addresses and other identifying information

---

[2] EMPWR did not waive any asserted objection in producing the Lead List. Furthermore, the "Lead List" fails to evidence calls actually made; or that EMPWR made any telemarketing calls.

which has been redacted to protect their privacy. It is not possible to redact that private third party information without creating a new document, which is not required.

Second, producing the electronic Excel sheet in native format would include meta-data, which was not requested by Plaintiff. A review of Plaintiff's Discovery Requests (Ex. A) fails to reveal any request seeking meta-data. As previously acknowledged in the Eastern District:

> "Metadata is imbedded information that describes the history, tracking, and management of an electronic document." *McSparran v. Com. of Pa.*, No. 13-1932, 2016 U.S. Dist. LEXIS 19993, 2016 WL 687992, at *4 (M.D. Pa. Feb. 18, 2016) (citing *Williams v. Sprint/United Mgmt. Co.*, 230 F.R.D. 640, 647 (D. Kan. 2005)); *see also The Sedona Conference Glossary: E-Discovery & Digital Information Management (4th ed.)*, 15 Sedona Conf. J. 305, 330, 339, 357, 361 (2014) (containing definitions of "metadata," "user created [*2] metadata," "system generated metadata," and "hidden files or data").

*Ciocca v. Keidrick & Struggles*, 2018 U.S. Dist. LEXIS 237115, n1 (E.D. Pa. 2018)(Civil Action No. 17-5222).

Plaintiff did not request metadata, and the production of it would permit imbedded information regarding the history, tracking and management of the document to be produced. (Which, if it had been requested, EMPWR would object). In an effort to protect the underlying data, the Excel "Lead List" was redacted (redacting personal and private third-party information), other than the referenced telephone numbers. The Excel sheet was then converted to a PDF document to protect private imbedded information and for security of the document. As Plaintiff has not requested the metadata, nor is there a need for such in seeking to have his expert review the telephone numbers, the electronic <u>and</u> paper produced PDF documents comply with Plaintiff's initial discovery requests, and production of the "Lead List". (See, *McSparren*, supra ""[i]f metadata is not [specifically] sought in the initial document request, and particularly if the

producing party already has produced the documents in another form, courts tend to deny later requests . . . ." Id.; see also *Romero v. Allstate Ins. Co., 271 F.R.D. 96, 106 (E.D. Pa. 2010)*; *Autotech Techs. Ltd. P'ship v. AutomationDirect.com, Inc., 248 F.R.D. 556 (N.D. Ill. 2008)*).

Third, EMPWR is not required to create new documents to conform to the discovery request. The PDF document provided (electronic and in paper format) is in the form held in the usual course of business. It has simply been converted into PDF format for production purposes for security of the document and to protect against disclosing unrequested and confidential metadata. This is not unlike this Court's requirement to convert a document to PDF for filing purposes for security and associated protections.

Finally, Plaintiff failed to specify the forms of documents requested in his discovery requests. See, Exhibit "A". Rule 34 provides that in producing documents or electronically stored information:

> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
>
> (iii) A party need not produce the same electronically stored information in more than one form.

F.R.C.P. 34(b)(E)(ii,iii).

While Defendant was not required to provide the documents in more than one form, in an effort to work with Counsel, after sending the electronic version, a paper copy, printed in "landscape" PDF format was also provided. (EMPWR 00001-000150). This is in the form maintained of the Excel sheet, saved in PDF, and in a reasonably usable form.

Therefore, as EMPWR has complied with Plaintiff's discovery requests, and as discussed in Conference with the Court, Plaintiff's Motion to Compel and for Sanctions must be denied as a matter of law.

V.     **CONCLUSION**

As set forth herein, EMPWR consents to a reasonable extension of the deadlines, but requests that this Court deny Plaintiff's Motion to Compel and for Sanctions; and grant EMPWR associated attorney's fees and costs as this Court deems fit.

**BELLWOAR KELLY, LLP**

By:     */s/ Sheryl L. Brown*
        Sheryl L. Brown, Esquire, I.D. 59313
        Andrew J. Bellwoar, Esquire, I.D. No. 54096
        Attorneys for Defendant, EMPWR SOLAR LLC
        126 W. Miner Street
        West Chester, PA  19382
        (P): 610.314.7066
        sbrown@bellwoarkelly.com
        abellwoar@bellwoarkelly.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| James E. Shelton | : | |
|     Plaintiff | : | |
| V | : | Civil Action No. 24-6870-JMY |
| EMPWR Solar LLC | : | |
|     Defendant | : | |

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this day a true and correct copy of Defendant EMPWR Solar LLC's Response to Plaintiff's Motion to Compel, Sanctions and Extension of Discovery Deadlines was served upon the following via ECF:

Andrew Roman Perrong, Esquire
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
a@perronglaw.com


**BELLWOAR KELLY, LLP**

By:    ***/s/ Sheryl L. Brown***
Sheryl L. Brown, Esquire, I.D. #59313
Attorney for Defendant
*EMPWR Solar LLC*
126 W. Miner St., #1
West Chester, PA  19382
610.314.7066
sbrown@bellwoarkelly.com