**IN THE UNITED STATES DISTRICT COURT**
**FOR THE ESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES E. SHELTON**, individually and on behalf of all others similarly situated, : <br><br> Plaintiff, : <br><br> v. : <br><br> **EMPWR SOLAR LLC** : <br><br> Defendant. : | Case No. 2:24-cv-6870 <br><br> **CLASS ACTION** <br><br> **JURY TRIAL DEMANDED** |

**REPLY IN SUPPORT OF MOTION**
**TO COMPEL EMPWR SOLAR LLC**
**TO PROVIDE DISCOVERY RESPONSES,**
**TO EXTEND DEADLINES, AND FOR SANCTIONS**

1

## INTRODUCTION

Defendant EMPWR Solar's explanation for why it has failed to produce ESI in native format as the Rules require is long on internally contradictory excuses and short on the law. The Court should grant the motion to compel. Plaintiff's extension request for the case deadlines in this matter and for sanctions against the Defendant should also be granted as unopposed.

## ARGUMENT

1. **Plaintiff is entitled to the lead list in a "reasonably usable form." PDF images of an Excel spreadsheet and hard copies of ESI are not "reasonably usable forms."**

Simply put, EMPWR did not produce the lead list that the Court ordered in its native format, as this Court ordered, and as Rule 34(b)(2)(E)(ii) requires. First, Defendant's contention that it produced the subject discovery in a "reasonably usable" form has no merit. Contrary to the Defendant's position that the Plaintiff is unable to read only the first page of the listed telephone numbers, the pages randomly alternate between blurred and unblurred pages, undoubtedly as a result of the Defendant's *impermissible* conversion of the document from native Excel format to PDF. For example, consider pages 7 and 11, and other pages containing unexplained data gaps:



Defendant's argument also ignores the fact that, even if a single page is missing, Defendant's production is incomplete. And the unexplained gaps highlight the criticality of metadata here.

Defendant fails to tussle with the well-reasoned authority holding that a party producing ESI must produce it in a "reasonably usable" format, which is almost always the native format, as the authorities cited by Plaintiff reveal. The Plaintiff requested that the Defendant produce documents as they are "kept in the ordinary and usual course of business," that is, in their native format. As Plaintiff explains, the converted document that the Defendant has produced is not reasonably usable because it is incomplete in multiple ways.

Defendant's redaction argument is a red herring for at least two reasons. *First*, nothing in Rule 34 prohibits the Defendant from applying its redactions to the *original* Excel file, such as by removing the columns of the information it is claimed must be redacted to protect persons' privacy. Defendant claims that "It is not possible to redact that private third party information without creating a new document, which is not required." (citing no one). First, that statement borders on the frivolous. It is trivial to right click on a column in Excel and simply redact the column by removing the text from those columns or removing the column entirely.

Defendant also argues that it need not edit the original Excel file to redact the data and that it is "not required to create new documents to conform to the discovery request." But the Defendant ignores the fact that this statement is internally contradictory as it precisely describes the Defendant's conduct, that the Defendant itself admits is impermissible. Defendant has itself *created a new file*, a PDF file, in order to redact the data, and then applied the redactions *to the newly-created PDF*, which is arguably more burdensome for the Defendant than simply editing the Excel file in the first place. In any event, as the Plaintiff's original brief observes, citing *ADT LLC v. Vivint, Inc.,* No. 17-CV-80432, 2017 WL 11632812, at *2 (S.D. Fla. Dec. 1, 2017), there is no reason why simply producing the Excel file (including by redacting through removal of

columns) would be more burdensome than converting the PDF and redacting that way, as Defendant has done. *ADT LLC*, 2017 WL 11632812, at *2.

Second, under Rule 34, Plaintiff's request for ESI also included a request for the associated metadata. The Plaintiff's requests, in its definitions of "document," requested "all ESI" associated with those documents. Metadata is a form of ESI. *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 161 n.3 (3d Cir. 2012); *United States v. Baroni*, No. 2:15-CR-00193-SDW, 2015 WL 9049528, at *5 (D.N.J. Dec. 16, 2015). Additionally, the Plaintiff explicitly made a Rule 34(b)(2)(E)(ii) request to produce documents "as they are kept in the ordinary and usual course of business." In any event, the burden falls on the objecting party, EMPWR, to show an undue burden or expense associated with the production of metadata from the Excel file. *Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 105-109 (E.D. Pa. 2010) ("in light of the emerging recognition of the benefits of producing metadata, the burden falls on the party objecting to its production to show undue hardship and expense.").

Despite citing *Romero*, that case helps Plaintiff, not Defendant. The *Romero* Court *compelled* production of a document's metadata and rejected nearly identical arguments advanced by Defendant here. *Id.* And, in *Romero*, as here, the plaintiffs requested the documents in their "original format," which this Court deemed to include a request for metadata. *Id.* at 105-106. At least one of the forms of metadata in the documents sought by the plaintiffs in that case, the "searchable extracted text," as the Plaintiff here has explained, is necessary to search for numbers on the Do Not Call list; the Plaintiff's expert should not be expected to manually type thousands of telephone numbers, let alone blurry ones. *Id.* at 108. And, as explained above, the metadata may help explain why there are gaps of missing data in the Defendant's production.

4

The metadata is therefore relevant, necessary, and should likewise be compelled as part and parcel of the original Excel file.

Defendant has also conceded the issue of sanctions. "When a responding party fails to defend against an issue which is the subject of a motion, courts consistently construe the failure to respond as an abandonment of the issue or a concession that the moving party is correct." *Clifton v. Nationwide Gen. Ins. Co.*, No. CV 25-67-GBW, 2025 WL 2152514, at *5 (D. Del. July 29, 2025). Defendant has made no argument for why its failure to produce documents in the original native format, as requested, was "substantially justified," under Rule 37, nor does it address the direct applicability of *Haywood* to the circumstances here. If the Court compels production of the Excel file (even with appropriate columns removed as redactions), the Court should sanction Defendant as it has failed to address this point in its opposition and conceded that its conduct was not substantially justified.

## **CONCLUSION**

For the reasons stated herein, the Plaintiff's motion to compel should be granted, case deadlines extended, and sanctions, in the form of attorneys' fees and costs, awarded.

RESPECTFULLY SUBMITTED AND DATED this November 30, 2025.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Proposed Class*

5

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties who have appeared by operation of the court's electronic filing system.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
