UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| James E. Shelton | : | |
|     Plaintiff | : | |
| V | : | Civil Action No. 24-6870-JMY |
| EMPWR Solar LLC | : | |
|     Defendant | : | |

**DEFENDANT EMWPR SOLAR LLC'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rules of Civil Procedure 56, Defendant EMPWR Solar LLC hereby moves for summary judgment. EMPWR Solar incorporates by reference its Memorandum of Law in Support of its Motion as if fully stated herein.

# BELLWOAR KELLY, LLP

By: */s/ Sheryl L. Brown*
Sheryl L. Brown, Esquire, I.D. 59313
Andrew J. Bellwoar, Esquire, I.D. No. 54096
Attorneys for Defendant, EMPWR SOLAR LLC
126 W. Miner Street
West Chester, PA 19382
(P): 610.314.7066
sbrown@bellwoarkelly.com
abellwoar@bellwoarkelly.com

1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| James E. Shelton | : | |
|     Plaintiff | : | |
| V | : | Civil Action No. 24-6870-JMY |
| EMPWR Solar LLC | : | |
|     Defendant | : | |

**DEFENDANT EMPWR'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant EMPWR Solar LLC, ("EMPWR") by and through its undersigned counsel, Bellwoar Kelly LLP files this Memorandum of Law in support of its Motion for Summary Judgment.

**I.      INTRODUCTION**

Plaintiff, an alleged victim of a violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") is a serial litigant who has a business model to capitalize and encourage his victims (such as EMPWR herein) to contact him through a telephone number he has allegedly placed on a Do Not Call List. He is a named Plaintiff in dozens of TCPA cases in federal and state courts, each time, seeking damages for alleged TCPA violations. Unlike the persons who the TCPA was created to protect, Shelton is a prolific litigator who has made a business out suing companies seeking damages. In this case, Plaintiff and his counsel actively and purposefully engage in protracted litigation, even asserting a class action, based upon one phone call (and one text message) to Plaintiff. This is done to increase the costs of litigation in an attempt to settle claims.

2

As Plaintiff has failed to prove the elements of a TCPA action against EMPWR, it is entitled to summary judgment as a matter of law.

## II. BRIEF PROCEDURAL BACKGROUND

Plaintiff, James E Shelton ("Shelton"), initiated this action pursuant to the TCPA on December 27, 2024. (ECF1) After service was effected, Defendant EMPWR Solar LLC ("EMPWR") filed an Answer with Affirmative Defenses on March 5, 2025. (ECF5); and thereafter filed an Amended Answer with Affirmative Defenses (ECF10).  Following the Rule 16 Conference, this Court issued a Case Management Order providing that summary judgment motions are to be filed by February 16, 2026. (ECF16) (This Motion for Summary Judgment is filed timely as February 16th was a Federal holiday.) The Case Management Order remains in place. Plaintiff's Motion to Compel and for an extension of the discovery deadlines (ECF 28) remains pending, but does not affect the instant Motion for Summary Judgment.

## III. STATEMENT OF FACTS

Plaintiff, James Shelton, has a personal telephone number, 484 -XXX-XXXX.  (Cmplt. ¶15)(A copy of the Complaint is attached hereto marked Exhibit "A').  Mr. Shelton's number has been listed on the Do Not Call registry since 2015. (Cmplt. ¶20).  Plaintiff received contact from telephone number 215-XXX-XXXX.  (Cmplt. ¶22,23). The number is registered to Primitive Power LLC, 325 N. Ash, Gilbert AZ.  (See, Subpoena and response attached hereto collectively marked Exhibit "B").

On November 29, 2024, Plaintiff received a telemarketing call from the above number. Cmplt. ¶22.  Also see screen shot attached hereto and marked Exhibit "C"). Plaintiff also received a text message from "Mecah".  Cmplt. ¶22, Screen Shot. After receiving the text message, Plaintiff asked that the details be mailed to him, providing his email address, Je********@*****.com.

3

See, Screen Shot.  Mecah responded that would not be a problem.  See, Screen Shot, Ex. C.  Mecah Pojas, who contacted Plaintiff was employed by Treantly.   See, Interrogatory Response No. 2.  (A copy of EMPWR's Supplemental Objections and Responses to Interrogatories are attached hereto and marked Exhibit "D").

    EMPWR contracted with Treantly for a period of time.  (A copy of the Treantly Agreement attached hereto and marked Exhibit "E".)  EMPWR did not directly employ any individuals for telemarketing purposes at the time of contact with Plaintiff.  See, Supp. Interrogatory Response No. 2, Ex. "D".  The Treantly employees received direction from Treantly and Primitive Power.  Interrogatory Response No. 2, Ex. "E".  The leads used would come from an online form or door knocks (meaning the homeowner requested further contact).   Supp. Int. Response No. 2, Ex. D.  Primitive Power was a 1099 consultant with EMPWR.  Supp. Int. Response No. 2, Ex. D.

    EMPWR is not a telemarketing firm.  See, Response to Request for Admission No. 13, 15, 16, 21.   Ex. D. EMPWR does not maintain an FTC Subscription Account Number. Response to Request for Admission No. 21.   Ex. D.

    IV.    **STANDARD OF REVIEW**

    Summary judgment should be entered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  A fact is material when it affects the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine issue of material fact exists when the evidence requires a fact finder to resolve the parties' differing versions of the truth at trial. *Id.* at 249.  Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an

otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48 (emphasis in original).

The standard for ruling on a motion for summary judgment as articulated by the Supreme Court in *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) is as follows:

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial.

477 U.S. at 322.

"[I]t is proper for a district court to grant summary judgment when a plaintiff fails to produce any evidence on a necessary element of h[is] claim." *Hernandez v. Borough of Palisades Park Police Dep't,* 2003 U.S. App. LEXIS 1638 *1, *6-*7 (3d Cir. Jan. 29, 2003) (*citing Celotex,* 477 U.S. at 323-25). The burden on the party moving for summary judgment is to show "that there is an absence of evidence to support the non-moving party's case." *Celotex,* 477 U.S. at 325. Summary judgment should not be denied because there are some factual disputes between the parties. Rather, only "a dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e. the material facts, will preclude the entry of summary judgment." *Orsatti v. New Jersey State Police*, 71 F.3d at 481,482 (3d Cir. 1995).

V. **LEGAL ARGUMENT**

   a. **TCPA Claims Fail**

Plaintiff asserted one count – for a violation of the TCPA, 47 U.S.C. 227(c). The TCPA prohibits sales calls to residential subscribers for numbers listed on the do not call registry. Section 227(c)(3) provides:

>The regulations required by *paragraph (2)* may require the establishment and operation of a single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations, and to make that compiled list and parts thereof available for purchase. If the Commission determines to require such a database, such regulations shall—. . .
>
>(F) prohibit any person from making or transmitting a telephone solicitation to the telephone number of any subscriber included in such database

*47 U.S.C. § 227(c)(3)*.

A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulation, may bring an action for damages as follows:

>(A) an action based on a violation of the regulations prescribed under this subsection to enjoin    such violation,
>(B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in  damages for each such violation, whichever is greater, or
>(C) both such actions.

*47 U.S.C. § 227(c)(5)*.  EMPWR denies it is liable for the one telephone call and the one text message[1] that are the subject of this lawsuit. Additionally, Plaintiff responded to the text message affirmatively requesting that information be emailed to him, providing his email address for contact information.  See, Screenshot, Ex. C, thereby tacitly providing his consent.

As the evidence reveals, EMPWR contracted with Treantly for marketing purposes. (Ex. "E").  The contract specifically provides that Treantly is an independent contractor. Additionally, the telephone number from which the call was made was owned by another entity, Primitive Power. (Ex. "B"). As set forth in EMPWR's verified discovery responses:

---

[1] Plaintiff cites to *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016) for the proposition that text messages constitute a call for purposed of the TCPA.  See, Cmplt. ¶27.  However, the Supreme Court's holding held "A text message to a cellular telephone, it is  undisputed, qualifies as a "call" within the compass of *§227(b)(1)(A)(iii)*."  The section of the TCPA at issue here is 227(c)(3), and not the robocall provisions.

- Launch Marketing/Millennial Planning Solutions provided leads from various sources believed to include door knocks/or online opt-in information;

- Primitive Power was a 1099 Consultant with EMPWR;

- Treantly employees received direction from Treantly and Primitive Power; and

- EMPWR believed any lead information was scrubbed for compliance with all laws and regulations.

EMPWR's Supplemental Objections and Responses to Plaintiff's First Set of Discovery, Int. Response No. 2. (Ex. "D"). First, as a matter of law, there was no illegal activity by EMPWR. No EMPWR employee communicated with Plaintiff. Neither Treantly nor Primitive Power were 'agents' of EMPWR. Rather, they were independent contractors. Further, the information relied upon by Treantly (the lead list) was provided by Launch Marketing/Millennial Planning Solutions based upon various forms of leads including door to door knocks and online opt ins. The only way Plaintiff's name appeared on the list was if he voluntarily provided the same. As such, he consented to the singular telephone call and text message. And while outsourcing telemarketing "could" lead to a plausible claim for vicarious liability, based upon the evidence presented herein, no such vicarious liability exists. See, *Newell v. Strategic Admin Group*, 2020 U.S. Dist. LEXIS 261006 (E.D.PA 20-cv-00967-JDW)(2020), denying a *motion to dismiss*.

Second, Plaintiff has not pled, nor can he prove any damages as a result. (See, Complaint). Considering he responded to the text requesting information be sent to his personal email address (and providing the same) he cannot now claim he was damaged by the contact.

Third, even assuming damages of up to $500 per violation (§227(c)(5)(B)(denied), Plaintiff has failed to assert any actual monetary loss as a result of the alleged violation. (§227(c)(5)(B)). In fact, when information and/or documents were requested to support Plaintiff's damages, he objected to each and every interrogatory and request for production of documents.

(See Plaintiff's Objections to Defendants Interrogatories and Requests for Production of Documents attached hereto and marked Exhibits "F" and "G" respectively.)  For example, when requested to provide a list of all damages claimed in the Complaint pursuant to the TCPA, with amounts for each quantifiable item, after lengthy objection including relevancy, it is asserted "Plaintiff seeks statutory damages for *herself* and each class member up to $1500 per violation". Int. #5, Ex. F (emphasis added).  Considering this claim is brought by a male and not a female, this response is not only non-responsive, but is greater than the statutory amount provided without basis.  Plaintiff likewise objected to the request to produce documents to support Plaintiff's damages – again for various reasons including relevancy.  Request for Production No. 10, Ex. G.

The burden of proof is on Plaintiff to prove his claims and damages. Yet, he has done nothing more than demand information from EMPWR while failing his duty to provide information to support his own claims.  This is not the spirit for which the TCPA was created. As such, Plaintiff has failed to present any evidence of any monetary loss for any alleged violation, requiring this court to grant summary judgment, even assuming a violation is determined, which is denied.

    B.    **<u>Class Certification Fails</u>**

To the extent that Plaintiff fails to file a Motion for Class Certification in compliance with the pending Case Management Order (requiring such motion to be filed by February 16, 2026), Plaintiff's Class certification must be denied, with prejudice.

    VI.    **<u>CONCLUSION</u>**

For the reasons set forth in EMPWR's Motion for Summary Judgment, and the reasons set forth herein, this Court should grant EMPWR's Motion for Summary Judgment and Dismiss all Claims asserted against it, with prejudice.

**BELLWOAR KELLY**

By: ***/s/ Sheryl L. Brown***
Andrew Bellwoar, Esquire, I.D. #54096
Sheryl L. Brown, Esquire, I.D. #59313
Attorneys for Defendant, EMPWR SOLAR LLC
126 W. Miner Street
West Chester, PA  19382
(P): 610.314.7066
abellwoar@bellwoarkelly.com
sbrown@bellwoarkelly.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| James E. Shelton | : | |
|     Plaintiff | : | |
| V | : | Civil Action No. 24-6870-JMY |
| EMPWR Solar LLC | : | |
|     Defendant | : | |

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this day a true and correct copy of Defendant EMPWR Solar LLC's Motion for Summary Judgment with Supporting Brief was served upon the following via ECF as noted below:

Andrew Roman Perrong, Esquire
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
a@perronglaw.com


**BELLWOAR KELLY, LLP**

By:   ***/s/ Sheryl L. Brown***
Sheryl L. Brown, Esquire, I.D. #59313
Attorney for Defendant
*EMPWR Solar LLC*
126 W. Miner St., #1
West Chester, PA  19382
610.314.7066
sbrown@bellwoarkelly.com

February 17, 2026