# Exhibit D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

James E. Shelton                :

   V                            :        Civil Action No. 24-6870-JMY

EMPWR Solar LLC                 :

---

## EMPWR SOLAR LLC'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY

EMPWR Solar LLC ("EMPWR") objects to the Definitions and Instructions to the discovery requests of the Plaintiff, to the extent they exceed or conflict with the Federal Rules. EMPWR further objects to the extent any of the requests calls for information protected by the attorney client privilege. Without waiver of these objections, EMPWR objects and responds as follows.

### INTERROGATORIES

1. **Response**: Robby Edge, Partner, EMPWR Solar LLC.

2. **Objection**. Interrogatory No. 2 is overly broad, and the term "campaign" is not defined.

   **Response**: Without waiving the aforestated objection, EMPWR was party to a contract with Treantly. Upon information and believe, the platform used is PODEO. By way of further response, upon information and belief, it is denied that calls were made through random or sequentially generated activity. Rather, Treantly employees communicated with a person who expressed an interest in solar power.

   **Supplemental Response**: **Without waiving the aforestated objection, EMPWR did not directly employ any individuals for telemarketing**

1

purposes at the time of contact with Plaintiff. It is further denied that any telemarketing calls were made on behalf of EMPWR to "generate leads". Based upon information and belief, leads would come from an online form, website or door-to-door knocks which would include an 'opt in' that the homeowner consented to contact for solar power. Regarding Treantly's contact with Plaintiff by Mecah Pojas, Launch Marketing/Millennial Planning Solutions provided leads from various sources believed to include door knocks and/or online opt-in information. Furthermore, based upon information Plaintiff received from Aloware's subpoena response, the phone number used to contact Plaintiff was owned and/or maintained by Primitive Power. EMPWR's contacts at Primitive Power were Jarom Wall and Devin Oakes. Primitive Power was a 1099 consultant with EMPWR. It is believed that Primitive Power no longer conducts business.

Plaintiff was contacted by Mecah Pojas, employed by Treantly. Treantly was responsible for payroll, benefits and taxes. In 2024, Treantly had two employees assigned to the EMPWR account: Mecah Pojas, and Rixielyn Ocheda, a virtual assistant. The Treantly employees received direction from Treantly, and Primitive Power.

Based upon information received, the Data set provided by Launch Marketing/Millennial Planning Solutions which included Plaintiff's information was based various forms of leads including door to door knocks. It is also believed the data was scrubbed for compliance with all laws.

3. **Objection**. Interrogatory No. 3 is vague and overly broad.

   **Response**: Without waiving the aforestated objection, see Response to No. 2 above.

4. **Response**: EMPWR is without knowledge or information sufficient to form a belief as to the request in Interrogatory No. 4. By way of further response, and upon information and belief, none.

**Supplemental Response:** Other than consultants and vendors previously identified, none known.

5. **Response:** None. By way of further response, Mecah Pojas left a voicemail; and sent two text messages to Plaintiff. Plaintiff requested Mecah to email him the details. See, Screen Shot attached hereto and marked Exhibit "A".

    **Supplemental Response:** No EMPWR employee communicated with Plaintiff. Upon information and belief Launch Marketing/Millennial Planning Solutions provided leads from various forms, including online information and door-to-door knocks. Also, upon information and belief, Mecah Pojas contacted Plaintiff based upon information received from Launch Marketing/Millennial Planning Solutions. As set forth on the previously produced contact sheet, Ms. Pojas texted Plaintiff after which Plaintiff requested more details by email.

    Based upon information received from Launch Marketing/Millennial Planning Solutions, the individual who conducted the door-to-door knock was Brian Ficket, Jr. EMWPR has no information with whom he was associated.

6. **Response.** See response to Interrogatory No. 5, above, and Exhibit A. By way of further response, following Plaintiff's request for no calls, the contact was placed on their DNC.

    **Supplemental Response:** Based upon information and belief, Launch Services/Millennial Planning Solutions obtained Plaintiff's contact information through a door-to-door knock. By way of further response, it is believed that any contact included 'opt in' consent of the homeowner; and/or the information was scrubbed by Launch Services/Millennial Planning Solutions. As noted on the previously produced screen shot, Plaintiff asked that details be emailed to him, but no calls.

7. **Response:** See, Response to Interrogatory No. 5, above.

    **Supplemental Response:** see Response to Interrogatory Nos. 2, 5 and 6 above.

3

8. **Objection**. Interrogatory No. 8 is overly broad and without limitation to time.

   **Response**: Without waiving the aforestated objection, to the best of my recollection, Brennan, an employee of a prior vendor.

   **Supplemental Response:** **Without waiving the aforestated objection, contact was made with Brennan McCloud, of Launch Marketing/Millennial Planning Solutions to advise of the litigation and to request documents referencing contact with Plaintiff.**

9. **Objection**: Interrogatory No. 9 seek information maintained by a third party.

   **Response**: Without waiving the aforestated objection, PODEO. Also, see, Exhibit A.

   **Supplemental Response:** **Without waiving the aforestated objection, based upon information and belief Primitive Power would have information regarding the PODEO platform. EMPWR does not have an account with PODEO.**

10. **Objection**: Interrogatory No. 10 is vague and overly broad.

    **Response**: Without waiving the aforestated objection, see Exhibit A referencing Plaintiff's request to have details emailed to him at his email address and Mecah's response, along with reference that contact was sent to DNC.

    **Supplemental Response:** **Based upon information and belief, any person on a lead list opted in and provided consent for contact and/or was scrubbed. EMPWR Solar reserves the right to supplement this response based upon further information received during discovery.**

11. **Objection**. Interrogatory No. 11 is overly broad and is not limited in time or nature. Additionally, the Interrogatory requests information regarding a third party over whom EMPWR has no control.

    **Response**: Without waiving the aforesaid objection, none known.

## DOCUMENT REQUESTS

1. **Objection**. Request No. 1 is a compound request, and subject to the attorney client work-product; and or attorney-client privilege.

    **Response**. Without waiving the aforestated objection, see Exhibit A.

    **Supplemental Response**: **Without waiving the aforestated objection, see attached redacted lead list page referencing Plaintiff. (Also, See Redaction Log)**

2. **Objection**: Request No. 2 seeks information subject to the attorney work product and/or attorney-client privilege.

    **Response**: Without waiving the aforestated objection, see Exhibit A.

    **Supplemental Response**: **Without waiving the aforestated objection, see attached redacted lead list page referencing Plaintiff. (Also, See Redaction Log).**

3. **Objection**. Request No. 3 is vague and overly broad. By way of further objection, the term "related to Plaintiff" and "relationship with Plaintiff" is undefined and vague.

    **Response**: Without waiving the aforestated objection, see Exhibit "A".

    **Supplemental Response**: **Without waiving the aforestated objection, see attached redacted lead list page referencing Plaintiff. (Also, See Redaction Log).**

4. **Response**: EMPWR, based upon its investigation to date, denies any calls to Plaintiff, other than Mecah's voicemail. See, Exhibit A.

5. **Response**: Based upon information and belief, EMPWR denies any vendor failure. EMPWR is not in possession of any standard operating procedures for Treantly or any other third-party vendors.

6. **Response**: Based upon information and belief, none. Investigation is continuing. By way of further response, EMPWR does not have control over any third-party vendors.

   **Supplemental Response**: **EMPWR is not in possession of any complaints.**

7. **Objection**: Request No. 7 is vague and overly broad and the terms "documents representing agreements" is not defined.

   **Response**: Without waiving the aforestated objection, see attached Client Outsourcing Master Agreement by and between EMPWR and Treantly, marked Exhibit "B".

   **Supplemental Response: Without waiving the aforestated objection, see Contract with Launch Marketing/Millennial Planning Solutions LLC.**

8. **Objection**: Request No. 8 is overly broad.

   **Response**: Without waiving the aforestated objection, see Exhibit A.

9. **Objection**: Request No. 9 seeks information from a third party over which EMPWR has no control.

   **Response**: Without waiving the aforestated objection, see Treantly Agreement attached.

   **Supplemental Response: Without waiving the aforestated objection, see Contract with Launch Marketing/Millennial Planning Solutions LLC.**

10. **Objection**. Request No. 10 is vague and overly broad.

    **Response**: Without waiving the aforestated objection, see Exhibit A.

11. **Response**. Based upon information and belief, none. Investigation is continuing.

    **Objection: Request No. 11 is overly broad and unduly burdensome.**

    **Supplemental Response: Without waiving the aforestated objection, see attached redacted lead list page referencing Plaintiff.**

12. **Objection**. Request No. 12 is vague and overly broad.

    **Response**: Without waiving the aforestated objection, see Exhibit A.

13. **Response**. None.

    **Supplemental Response: In addition to Exhibit A, previously provided, see attached redacted lead list page referencing Plaintiff.**

14. **Response**: EMPWR is without knowledge or information sufficient to respond to the Request. The referenced telephone number is unknown.

    **Supplemental Response: Based upon information received through Plaintiff's Subpoena to Aloware, Primitive Power owned/controlled the telephone number.**

15. **Response**: EMPWR is without knowledge or information sufficient to respond to the Request. The referenced telephone number is unknown.

    **Supplemental Response: Based upon information received through Plaintiff's Subpoena to Aloware, Primitive Power owned/controlled the telephone number.**

16.     <u>Objection</u>: Request No. 16 is overly broad and vague.

17.     <u>Response</u>: None.

18.     <u>Response</u>: See Client Outsourcing Master Agreement attached and marked Exhibit B.

**<u>Supplemental Response</u>:  See Contract by and between EMPWR and Launch Marketing/Millennial Planning Solutions LLC.**

19.     <u>Objection:</u> Request No. 19 seeks information which requires a conclusion of law. By way of further objection, EMPWR asserts it is not a telemarketing firm.

<u>Response</u>:   Without waiving the aforestated objection, investigation continues.

**<u>Supplemental Response</u>:  Without waiving the aforestated objection, EMPWR does not have a copy of a specific policy in effect at the time of contact with Plaintiff. By way of further response, see a similar Policy attached.**

20.     <u>Objection</u>: Request No. 20 is overly broad and unduly burdensome and seeks information from their parties over which EMPWR lacks control. EMPWR further objects to the extent it is not a telemarketing firm.

<u>Response</u>: Without waiving the aforestated objection, see Exhibit A attached.

**Supplemental Response**: Without waiving the aforestated objection, any documents containing information regarding calls/contact made would be in the possession and/or control of Treantly or Primitive Power. By way of further response, see Screen Shot (previously produced) and lead list containing Plaintiff's name obtained through Primitive Power and Launch Marketing/Millennial Planning Solutions LLC.

21.  **Objection**: Request No. 21 is overly broad and unduly burdensome and the terms "concerning this litigation" are not defined.

## REQUESTS FOR ADMISSIONS

1. **Objection**: No class has not been certified pursuant to Rule 23 (c). By way of further objection, Request No. 1 calls for a legal conclusion on an ultimate issue of the case. See, *Gharzerian v. The United States of America,* 1991 WL 30764 (E.D. Pa. March 5, 1991); *McCarthy v. Darman,* 2008 WL 24688694 (E.D. Pa. June 16, 2008).

   **Response**: Without waiving the aforestated objection, denied. EMPWR did not directly contact Plaintiff.

2. **Objection**: No class has been certified pursuant to Rule 23 (c). By way of further objection, the term business relationship is not defined.

3. **Denied**. EMPWR did not directly contact Plaintiff. By way of further response, EMPWR is without knowledge or information sufficient to admit or deny this request as any communications were made by a third party over which EMPWR had no control. It is further denied that EMPWR is a telemarketing firm.

4. **Objection**. The term business relationship is not defined. By way of further objection, the Request is not limited in time and is overly broad.

5. **Response**: Admitted.

6. **Response**: Denied. EMPWR is without sufficient information or knowledge to admit or deny the request. By way of further response, this request seeks information of a third party over which EMPWR has no control.

7. **Response**: Denied. EMPWR is without sufficient knowledge or information to admit or deny the request. By way of further response, see Screen Shot whereby Plaintiff requested and was placed on a do not call list.

8. **Response**: Denied. EMPWR is without sufficient knowledge or information to admit or deny the request. By way of further response, see Screen Shot whereby Plaintiff requested and was placed on a do not call list.

9. **Objection**: Request No. 9 is compound, overly broad and non-specific. Furthermore the request seeks a response constituting a conclusion . law relating to the ultimate issues in the case. See, *Gharzerian*.

10. **Objection:** Request No. 10 calls for a conclusion of law to which no response is required. By way of further response, no class has been certified pursuant to Rule 23. See, *Gharzerian*

11. **Objection**: Request No. 11 calls for a conclusion of law to which no response is required. By way of further response, no class has been certified pursuant to Rule 23. See, *Gharzerian*

12. **Objection**: Request No. 12 calls for a conclusion of law to which no response is required. By way of further response, no class has been certified pursuant to Rule 23. See, *Gharzerian*

13. **Response**: Denied. By way of further response, EMPWR is not a telemarketing firm.

14. **Response**: Denied. EMPWR did not send any calls.

15. **Response**: Admitted. By way of further response, EMPWR is not a telemarketing company.

16. **Response**: Admitted. By way of further response, EMPWR is not a telemarking company.

17. **Response: Denied.**

18. **Objection**: Request No. 18 calls for a legal conclusion to which no response is required. See, *Gharzerian*

19. **Response**: Denied. EMPWR is without sufficient knowledge or information to admit or deny this request. By way of further response, this request seeks information from a third party over which EMPWR has no control.

20. **Response**: Denied. EMPWR is without sufficient knowledge or information to admit or deny this request. By way of further response, this request seeks information from a third party over which EMPWR has no control.

21. **Response**: Admitted in part. Denied in part. It is admitted that EMPWR does not maintain an FTC Subscription Account Number. It is denied that EMPWR is a telemarking company.

22. **Objection:** Request No. 22 is overly broad and non-specific.

23. **Objection**: Request No. 23 is overly broad and non-specific.

24. **Objection**: Request No. 24 is overly broad and non-specific.

25. **Objection**: Request No. 25 calls for a legal conclusion on an ultimate issue in the case. See, *Gharzerian*

11

26. **Objection**: Request No. 26 calls for a legal conclusion on an ultimate issue in the case. See, *Gharzerian*

27. **Objection:** Request No. 27 calls for a legal conclusion on an ultimate issue in the case. See, *Gharzerian*

28. **Objection**: Request No. 28 calls for a legal conclusion on an ultimate issue in the case. See, *Gharzerian*

### BELLWOAR KELLY

By:   */s/ Sheryl L. Brown*
Andrew Bellwoar, Esquire, I.D. #54096
Sheryl L. Brown, Esquire, I.D. #59313
Attorneys for Defendant, EMPWR SOLAR LLC
126 W. Miner Street
West Chester, PA 19382
(P): 610.314.7066
abellwoar@bellwoarkelly.com
sbrown@bellwoarkelly.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James E. Shelton | : |
| V | :    Civil Action No. 24-6870-JMY |
| EMPWR Solar LLC | : |

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a true and correct copy of the foregoing Supplemental Objections and Responses to Plaintiff's First Set of Discovery and related papers to be served by electronic mail addressed as follows:

Andrew R. Perrong, Esquire
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
*aperronglaw.com*

Respectfully submitted:

**BELLWOAR KELLY LLP**

Date: September 23, 2025  By: *Sheryl L. Brown*
Sheryl L. Brown, Esquire, I.D. #59313
Attorneys for Defendant, EMPWR SOLAR LLC
126 W. Miner Street
West Chester, PA 19382
(P): 610.314.7066
sbrown@bellwoarkelly.com

## VERIFICATION

I, Robby Edge, Managing Partner of Defendant, EMPWR Solar, am familiar with the facts of this claim as it relates to EMPWR Solar, and do hereby verify that to the best of my knowledge, information and belief, the information set forth in the Supplemental Objections and Responses to Plaintiff's Discovery Requests are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

**EMPWR Solar**

Date: 09/22/2025

*Robert Edge*
By: Robby Edge
Title: Managing Partner

SHELTON V. EMPWR

USDC FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Civil Action No. 24-6870-JMY

DEFENDANT'S REDACTION LOG

| Document | Redacted/ Privileged | Date | Author/Sender | Recipients | Subject Matter | Redaction/ Privilege Asserted |
|---|---|---|---|---|---|---|
| Lead list from Launch Marketing/ Millennial Planning Solutions LLC containing Plaintiff's Contact Information | Redacted | N/A | Launch Marketing/Millennial Planning Solutions LLC | N/A | Lead List from Launch Marketing/ Millennial Planning Solution referencing Plaintiff containing (by column) 1. Contact ID 2. First Name 3. Last Name 4. Phone 5. Email 6. Address 8. State 9. Date Lead Generated | Columns 2,3,4,5 and 6 Contain Confidential Private Identifying Information Of Third Parties (other than Plaintiff) |
|  |  |  |  |  |  |  |