Exhibit F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE ESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **JAMES E. SHELTON**, individually and on behalf of all others similarly situated, | : | Case No. 2:24-cv-6870 |
|  | : |  |
| Plaintiff, | : | **CLASS ACTION** |
|  | : |  |
| v. | : | **JURY TRIAL DEMANDED** |
|  | : |  |
| **EMPWR SOLAR LLC** | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |
| _____ / |  |  |

### PLAINTIFF'S RESPONSES TO DEFENDANT EMPWR SOLAR LLC's INTERROGATORIES

     Pursuant to Rules 26, and 33 of the Federal Rules of Civil Procedure, the Plaintiff responds to the Interrogatories propounded upon him by Defendant EMPWR Solar LLC as follows:

### RESPONSES TO FIRST INTERROGATORIES TO PLAINTIFF

**Interrogatory 1:** State Plaintiff's name, including all names of which Plaintiff has been known, along with home and work address, date of birth and social security number.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as vague and confusing, particularly as the "names of which Plaintiff has been known" are plainly not the Plaintiff's name and may include names not even used by the Plaintiff. Plaintiff objects to this interrogatory as impermissibly compound and will treat this interrogatory as four separate interrogatories. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. Plaintiff objects to this request in that it seeks information which is protected by Federal Rule of Civil Procedure 5.2(a)(1) and (2) and is worded as an end-run around the same without an appropriate confidentiality or protective order in place. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as any name confirmed or provided during the call or text messages (if any) is irrelevant to the calls the Plaintiff received. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as all of the Plaintiff's addresses are irrelevant to the calls the Plaintiff received. Plaintiff objects to this request as disclosure of his current address(es) raises significant privacy and confidentiality concerns, especially absent a protective order, particularly as Plaintiff and TCPA plaintiffs in other lawsuits have been harassed and threatened with bodily and physical harm, sexual assault, and had weapons pulled on them. Indeed, Plaintiff himself was assaulted by a TCPA defendant. Notwithstanding the foregoing, the Plaintiff's legal name is James Everett Shelton.

**Interrogatory 2:** Did Plaintiff create any audio recordings of any communications regarding the Incident? If so, state: a. The date of the recording; b. In whose possession is the recording currently located? c. Whether the other person/party to the recording consented to the recording? d. Whether the recording was played to any person other than Plaintiff, including Plaintiff's attorney?

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as vague and confusing, particularly as it is impossible to create an audio recording of a text message or a missed call. Plaintiff objects to this interrogatory as impermissibly compound. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. Notwithstanding the foregoing, no.

**Interrogatory 3:** Identify and or Describe all cases in which Plaintiff sought relief under the TCPA from November 2014 to the present, including but not limited to: a. Name of Plaintiff's Attorney b. The Court in which the action was filed c. The Full Caption of the case d. The Case number e. The Name of the Defendants f. The Disposition of the Case g. Any executed Settlement Agreements with any Defendant.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this interrogatory as impermissibly compound and will treat this interrogatory as eight interrogatories. The Plaintiff objects insofar as this interrogatory seeks information which is of public record, and therefore equally available to the Defendant as the Plaintiff. The Plaintiff objects to this interrogatory as vague and confusing in that it requests the Plaintiff to "identify and or describe" the Plaintiff's TCPA cases, with not just the indicated additional interrogatories but also some unspecified "included but not limited to" descriptions, which makes the interrogatory practically unintelligible and impossible to respond to as written. As written, Plaintiff is forced to guess and speculate as to what additional "identification" or "description" is requested by this interrogatory, and Plaintiff will not do so at his own peril. The Plaintiff objects to this request in that it plainly requires the disclosure of attorney-client communications, attorney work product, and trial preparation materials, including confidential Rule 408 communications and other communications protected from disclosure by federal law or court order. Furthermore, the Plaintiff objects as this interrogatory is overly broad as it purports to seek information about every lawsuit or demand letter of any manner whatsoever involving the TCPA for almost 11 years, which also exceeds the TCPA's four year statute of limitations. The Plaintiff objects to this request in that it intimates that filing multiple lawsuits is inappropriate, unlawful, untoward, nefarious, or otherwise improper. As multiple courts have held, one's prior litigation history is irrelevant to the case at hand, and as such, is neither relevant nor proportional to the needs of the case.

**Interrogatory 4:** Identify all communications and documents, including ESI, to support Plaintiff's claims or damages sought, including but not limited to: a. The Date of each communication, document or ESI b. The parties of each communication, document or ESI c. Attach a copy of the communication, document or ESI.

2

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this interrogatory as impermissibly compound and will treat this interrogatory as three interrogatories. Plaintiff objects in that requiring the production of documents responsive to an interrogatory is impermissible under Rule 33. The Plaintiff objects to this interrogatory as an impermissible contention interrogatory requiring him to characterize and/or summarize evidence, particularly insofar as it seeks "all communications and documents, including ESI," which the Plaintiff "contends" supports any claim. As such, it is practically impossible for the Plaintiff to form a coherent list outlining every possible document which might in any way support any claim in this action. This Interrogatory is overly burdensome, vague, and ambiguous. A single Interrogatory is a disproportionate vehicle to demand that Plaintiff provide all documents with respect to each allegation, not just in the Complaint, but which supports any of the claims therein. Plaintiff also objects to this Interrogatory as premature. This case is in a nascent stage. Moreover, the interrogatory is overly broad because the class as pleaded in the complaint may yet be broadened through the granting of class certification and subsequent class discovery. The Plaintiff objects to this interrogatory as argumentative and harassing insofar as it insinuates that the Plaintiff has no such communications and documents. The Plaintiff objects insofar as this request seeks attorney-client communications, as well as expert, trial preparation material, and other similar such material. The Plaintiff objects to this interrogatory as vague and confusing in that it requests the Plaintiff to "identify all communications and documents," with not just the indicated additional interrogatories but also some unspecified "included but not limited to" descriptions, which makes the interrogatory practically unintelligible and impossible to respond to as written. As written, Plaintiff is forced to guess and speculate as to what additional information is requested by this interrogatory, and Plaintiff will not do so at his own peril. The Plaintiff objects insofar as this request asks him, as a non-attorney, to make legal conclusions and to evaluate evidence and documents for whether it bears on a claim or damage. Lastly, this request also plainly seeks attorney work product mental impressions-i.e., the opinion of Plaintiff's counsel as to what documents would or would not support Plaintiff's claims. Hence, the response it seeks is outside the scope of discovery. Notwithstanding the foregoing, and at a fundamental level, the communications were harassing, annoying, and disturbed the Plaintiff's constitutional privacy rights and statutory rights, as he did not ask for or want such calls, as they were frustrating and illegal. The Plaintiff's telephone records, as reproduced in the Complaint, establish that he received the calls alleged in the Complaint, and his Do Not Call Registry registration confirms that he was on the Registry.


**Interrogatory 5:** Provide an itemized list of all damages claimed in Plaintiff's Complaint pursuant to the TCPA, along with the amounts for each quantifiable item of damage.
**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects that this Interrogatory seeks legal conclusions and is premature. Discovery is ongoing, and the full evidentiary record-including documents and testimony largely within Defendant's possession, custody, or control-have not yet been developed. Plaintiff further objects that the Interrogatory is vague and overbroad and seeks information that will be more appropriately addressed after the completion of fact and expert

discovery, including evidence which may uncover additional calls and TCPA violations. Plaintiff further objects to this interrogatory insofar as it purports to assert that the Plaintiff is seeking actual, not statutory, damages, or that intangible harms like invasion of privacy and statutory harms do not nevertheless constitute an adequate injury. The Plaintiff further objects insofar as it purports to assert that Plaintiff must prove actual damages or is limited to recovering the same, in addition to or in lieu of, statutory damages, which is not a required element of a TCPA claim. Notwithstanding the foregoing: the Plaintiff contends that he suffered a legally cognizable harm by receiving illegal and unwanted calls to his number on the Do Not Call Registry without consent, and in violation of the TCPA, which, among other things, disrupted him, invaded his privacy, and used storage, bandwidth, and power, as more fully pled in the Plaintiff's complaint. Plaintiff seeks statutory damages for herself and each class member of up to $1,500 for each violation, as provided by the TCPA. Thus, the factual basis for the Plaintiff's claims is simply that this is what the law says Plaintiff is entitled to. Plaintiff reserves the right to identify additional damages and facts supporting those damages, including evidence of additional calls, if any, as discovery progresses.

**Interrogatory 6:** Do you maintain a social media account (i.e. Facebook, Twitter, Snapchat, LinkedIn, etc.). If so, Identify the name or handle used for each social media account maintained by you for the past ten (10) years.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this interrogatory as impermissibly compound. The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. The Plaintiff further objects insofar as this request makes no attempt to qualify the scope of the information sought to case-related social media posts only, and as such, is not proportional to the needs of the case, in addition to being vague and confusing. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for social media information that implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client and spousal communications privileges. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis.

**Interrogatory 7:** State the amount of settlement proceeds received by the Plaintiff for lawsuits/litigation in which Plaintiff asserted TCPA violations from November 2014 to the present, including but not limited to: a. The Name of the person, party or entity accused of violating the TCPA. b. The Court Docket number for any lawsuit/litigation c. The Amount of Settlement for each lawsuit/litigation d. Attach a copy of any Settlement Agreements or Releases.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this interrogatory as impermissibly compound and will treat this interrogatory as four interrogatories. Plaintiff objects in that requiring the production of documents responsive to an interrogatory is impermissible under Rule 33. The Plaintiff objects to this interrogatory as harassing and argumentative insofar as it purports to assert that the Plaintiff has done something untoward by obtaining statutory damages for actual violations of the TCPA. Moreover, as multiple courts have held, a person's previous litigation history has no bearing on the merits of the instant claim, and this request is clearly neither relevant nor proportional to the needs of the case. As this Court has noted, the underlying policy of Rule 408, which encourages the efficient settlement of disputes, leads courts to adopt a more demanding standard than that in Rule 26(b)(1) when it comes to the discoverability of settlement agreements. *Spear v. Fenkell*, No. CIV.A. 13-02391, 2015 WL 3947559, at *1 (E.D. Pa. June 26, 2015). Indeed, multiple other Courts have similarly held that they are "not persuaded that financial information such as the specific amounts of Plaintiff's prior TCPA settlements or awards is relevant to [Defendant's] defenses." *Charvat v. Southard Corp.*, No. 2:18-CV-190, 2019 WL 13196991, at *3 (S.D. Ohio Feb. 13, 2019); *Quinn v. Branch Banking & Tr. Co.*, No. 5:19-CV-433-OC-30PRL, 2020 WL 264696, at *4 (M.D. Fla. Jan. 17, 2020) (holding that settlements "are not relevant to the claims or defenses in this action and proportional to the needs of the case, and will not be permitted."). The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. The Plaintiff further objects insofar as it seeks information for the past 11 years and thus is beyond any applicable statute of limitations. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. The Plaintiff objects to this request in that it plainly requires the disclosure of attorney-client communications, attorney work product, and trial preparation materials, including confidential Rule 408 communications and other communications protected from disclosure by federal law or court order. The Plaintiff objects to this request in that it intimates that obtaining multiple settlements for statutory damages is inappropriate, unlawful, untoward, nefarious, or otherwise improper.


**Interrogatory 8:** Identify all Federal or State issued subpoenas on behalf of Plaintiff or Plaintiff's attorney or representative to any party, person or entity related to the Incident or Plaintiff's Complaint, including: a. The party, person or entity to whom Subpoena issued. b. The documents or things requested in the subpoena. c. The date upon which responsive documents were served upon Plaintiff. d. Attach a copy of the Subpoena with any addendum. e. Attach a copy of documents received.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this interrogatory as impermissibly compound and will treat this interrogatory as four interrogatories. Plaintiff reserves the right to refuse to respond as the Defendant has exceeded the number of permissible interrogatories. Plaintiff objects in that requiring the production of documents responsive to an interrogatory is impermissible under Rule 33. Plaintiff objects to this interrogatory as vague and confusing as it is unclear as to whether it is seeking only subpoenas issued in this litigation, which renders a "State issued subpoena"

5

nonsensical. To the extent that this request seeks subpoenas issued and responded to outside of this litigation, such information would be plainly irrelevant and disproportionate to the needs of the case. The Plaintiff objects to this request in that it plainly requires the disclosure of attorney-client communications, attorney work product, and trial preparation materials, including confidential communications. Notwithstanding the foregoing, the Plaintiff has issued two subpoenas for customer telephone detail information to Aloware, Inc. and one to Twilio, Inc., which were provided to counsel for Defendant before they were served, in accordance with Rule 45(a)(4). Moreover, the responses were also shared with counsel for the Defendant

**Interrogatory 9:** State whether Plaintiff is in possession of any documents described in his Rule 26(a) disclosures as identified in "B. Documents Fed.R.Civ.P. 26(a)(1)(A)(ii)", including but not limited to subparagraphs 1. through 6. If so, If so, Identify each responsive Document in Plaintiff's custody or control and attach a copy hereto.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this interrogatory as impermissibly compound. Plaintiff reserves the right to refuse to respond as the Defendant has exceeded the number of permissible interrogatories. Plaintiff objects in that requiring the production of documents responsive to an interrogatory is impermissible under Rule 33. The Plaintiff objects to this interrogatory as an impermissible contention interrogatory requiring him to characterize and/or summarize evidence, particularly insofar as it seeks documents which the Plaintiff's initial disclosures make clear are in the "possession custody or control of Defendant, rendering the interrogatory nonsensical. Defendant's request is further rendered incoherent insofar as it seeks information related "but not limited to" the Plaintiff's Initial Disclosures, while at the same time making reference to those initial disclosures. As such, it is practically impossible for the Plaintiff to form a coherent list outlining every possible document which might in any way be in the "possession custody or control of Defendant" or even ascertain the documents and where they exist, particularly as the Defendant is withholding discoverable information and moreover has no clue what documents the Defendant has, not to mention those which it has not produced. As such, this Interrogatory is overly burdensome, vague, and ambiguous. A single Interrogatory is a disproportionate vehicle to demand that Plaintiff provide and outline all documents identified in the Plaintiff's initial disclosures, let alone documents that are in the possession of the Defendant. Plaintiff also objects to this Interrogatory as premature. This case is in a nascent stage. Moreover, the interrogatory is overly broad because the class as pleaded in the complaint may yet be broadened through the granting of class certification and subsequent class discovery. The Plaintiff objects to this interrogatory as argumentative and harassing insofar as it insinuates that the Plaintiff has no such communications and documents. The Plaintiff objects insofar as this request seeks attorney-client communications, as well as expert, trial preparation material, and other similar such material. The Plaintiff objects insofar as this request asks him, as a non-attorney, to make legal conclusions and to evaluate evidence and documents for whether it bears on a claim and the categories of documents identified in initial disclosures. Lastly, this request also plainly seeks attorney work product mental impressions-i.e., the opinion of Plaintiff's counsel as to what documents would or would not be used support Plaintiff's claims. Hence, the response it seeks is outside the scope of discovery. Notwithstanding the foregoing, to the extent that this Interrogatory seeks information as to documents in the Plaintiff's control, the Plaintiff has

screenshots of the text message at issue, as well as of the call. The Plaintiff also has an email thread with Angie Johnson with the Defendant.


**Interrogatory 10:** Identify Plaintiff's information rebutting each and every of EMPWR's Affirmative Defenses, as referenced in Plaintiff's "Subject of Knowledge" as set forth in Plaintiff's Rule 26(a) disclosures, Subparagraph A.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this interrogatory as impermissibly compound. Plaintiff reserves the right to refuse to respond as the Defendant has exceeded the number of permissible interrogatories. The Plaintiff objects to this interrogatory as an impermissible contention interrogatory requiring him to characterize and/or summarize evidence, particularly insofar as it seeks documents which rebut the Defendant's affirmative defenses, without the Defendant first adducing evidence as to the defense. By definition, in order to rebut an affirmative defense, the Defendant must first adduce evidence tending to show that affirmative defense; merely pleading an affirmative defense without corresponding evidence as to the same is simply an insufficient conclusory statement. *See Kantner v. Sears & Roebuck, Inc*, No. 5:15-CV-01039, 2016 WL 739187, at *2 (E.D. Pa. Feb. 25, 2016) ("Accordingly, because Defendant has provided no evidence in support of these defenses, the Court grants summary judgment to Plaintiffs on each of them."). As such, the Plaintiff cannot form a coherent response to even begin to identify any information rebutting an affirmative defense where the Defendant has adduced no evidence of the same. As no evidence tending to show any of the Defendant's affirmative defenses has yet been produced, Plaintiff has no clue what documents the Defendant has to attempt to prove them, and correspondingly, no way of identifying information and evidence to rebut that evidence. A single Interrogatory is a disproportionate vehicle to demand that Plaintiff identify all evidence rebutting affirmative defenses the Defendant has merely pled without evidence, as it is sufficient to defeat such defenses by pointing to the lack of admissible evidence in support of the defense. *See Kantner, supra.* Plaintiff also objects to this Interrogatory as premature. This case is in a nascent stage. Moreover, the interrogatory is overly broad because the class as pleaded in the complaint may yet be broadened through the granting of class certification and subsequent class discovery. The Plaintiff objects to this interrogatory as argumentative and harassing insofar as it insinuates that the Plaintiff has no such information to rebut evidence of the affirmative defense once properly adduced. The Plaintiff objects insofar as this request seeks attorney-client communications, as well as expert, trial preparation material, and other similar such material. The Plaintiff objects insofar as this request asks him, as a non-attorney, to make legal conclusions and to evaluate evidence and documents for whether it appropriately rebuts evidence in support of an affirmative defense. Lastly, this request also plainly seeks attorney work product mental impressions-i.e., the opinion of Plaintiff's counsel as to what documents would or would not be used to rebut an affirmative defense. Hence, the response it seeks is outside the scope of discovery.


**Interrogatory 11:** Identify all facts supporting Plaintiffs' anticipated Motion to Certify Class including but not limited to: a. Facts supporting numerosity. b. Facts supporting commonality. c.

Facts supporting typicality. d. Facts supporting adequacy. e. Identify by name and address the putative class members.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this interrogatory as impermissibly compound and will treat this interrogatory as five interrogatories. Plaintiff reserves the right to refuse to respond as the Defendant has exceeded the number of permissible interrogatories. The Plaintiff objects to this interrogatory as an impermissible contention interrogatory requiring him to characterize and/or summarize evidence, particularly insofar as it seeks "all facts," which the Plaintiff may conceivably support Plaintiff's Motion for Class Certification. Plaintiff further notes that facts identifying potential class members, which will also support Rule 23's requirements, including numerosity, commonality, typicality, and adequacy, are not only in the possession of the Defendant but furthermore that the Defendant has refused to produce such information necessary to proving up Rule 23's requirements, and are currently the subject of the Plaintiff's motion to compel. The Plaintiff objects to this interrogatory as vague and confusing in that it requests the Plaintiff to "identify all facts," with not just the indicated additional interrogatories but also some unspecified "included but not limited to" facts, which makes the interrogatory practically unintelligible and impossible to respond to as written. As written, Plaintiff is forced to guess and speculate as to what additional information and facts are requested by this interrogatory, and Plaintiff will not do so at his own peril. This Interrogatory is overly burdensome, vague, and ambiguous, and further seeks privileged work-product and trial preparation materials. Presumably, Defendant seeks for the Plaintiff to outline, in advance of its motion for class certification, its anticipated arguments in support of class certification. In other words, it impermissibly seeks work product in seeking arguments the Plaintiff will make in support of his motion for class certification before it is due. "The policies of protecting work product and permitting liberal discovery are accommodated in the Federal Rules of Civil Procedure by protecting absolutely the 'mental impressions, conclusions, opinions, [and] legal theories ... concerning the litigation' but permitting discovery of other work product upon a showing of 'substantial need.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co.*, 967 F.2d 980, 983 (4th Cir. 1992). It is plain that the subparts impermissibly request legal theories, conclusions, and opinions protected to the same extent as the attorney-client privilege. *Id.* at 983-84. And even to the extent that the interrogatory seeks some other form of work product, Defendant has not advanced any reason for why it has a "substantial need" to preview the Plaintiff's arguments at class certification, which would amount to freeloading off Plaintiff's counsel's work. *Id.* at 985. "[O]ne side should not automatically have the benefit of the detailed preparatory work of the other side." *Id.* The information sought in this interrogatory defeats the very purpose of the adversarial process dictated by Rule 23 at class certification: the Plaintiff advances his arguments for why a class should be certified, and the Defendant is free to advance arguments for why it feels that a class should not be certified. As such, a single Interrogatory is a disproportionate vehicle to demand that Plaintiff identify all facts with respect to each element of class certification sought. Plaintiff also objects to this Interrogatory as premature. This case is in a nascent stage. Moreover, the interrogatory is overly broad because the class as pleaded in the complaint may yet be broadened through the granting of class certification and subsequent class discovery. The Plaintiff objects to this interrogatory as argumentative and harassing insofar as it insinuates that the Plaintiff has no such facts, which will be developed as appropriate. The Plaintiff objects insofar as this request seeks attorney-client communications, as well as expert, trial preparation material, and other similar such material. The

Plaintiff objects insofar as this request asks him, as a non-attorney, to make legal conclusions and to evaluate evidence and documents for whether it a fact bearing on one of the impermissible subpart questions. Lastly, this request also plainly seeks attorney work product mental impressions-i.e., the opinion of Plaintiff's counsel as to what facts would or would not support Plaintiff's claims at class certification. Hence, the response it seeks is outside the scope of discovery.

**Interrogatory 12:** Did Plaintiff provide his contact information to any person seeking information regarding solar power? If so, state: a. The date upon which Plaintiff's contact information was provided. b. Did the contact information include Plaintiff's telephone number? c. If so, identify the telephone number provided. d. To whom the contact information was provided. e. The manner in which contact information was provided (e.g. in person, via a flyer, a sign-up sheet, a social media inquiry, etc.) f. The name and identifying information of the name of the person or requesting Plaintiff's contact information.

**Response:** Response: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this interrogatory as impermissibly compound and will treat this interrogatory as six interrogatories. Plaintiff reserves the right to refuse to respond as the Defendant has exceeded the number of permissible interrogatories. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as the Plaintiff denies ever having consented to any of the communications at issue. The Plaintiff objects to this request insofar as it seeks information regarding the provision of information to entities other than the Defendant or the agents it has identified, as such information is irrelevant to whether putative consent was provided to the Defendant. Plaintiff further objects insofar as any information was provided to identify an illegal telemarketer after such communications had already taken place. The Plaintiff also objects insofar as this request asserts that Plaintiff or anyone else in his household provided their consent, in any way, shape, or form, to receive calls or text messages "regarding solar power." Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy interests. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. The Plaintiff further notes it is the Defendant's affirmative burden to prove consent, not the Plaintiff's burden to disprove that any purported consent did not occur. Accordingly, the Plaintiff objects as it purports to assert that the Plaintiff was required to take steps or not take steps, as the case may be, to disclaim consent for nonconsensual calls or provide evidence disproving Defendant's affirmative defense of consent, or that the same is a required element of a TCPA claim. Notwithstanding the foregoing, there are no such provisions of contact information to the Defendant or any of the entities the Defendant has identified, including Treantly, Primitive Power, Mecah Pojas, or Brennan, other than the communications at issue in this case, as well as subsequent emails indicating that the Plaintiff did not want to be contacted.

## VERIFICATION

Pursuant to the Federal Rules of Civil Procedure, the undersigned says that the foregoing Answers to Interrogatories are true and correct to the best of his knowledge and belief.

Dated: Jul 13, 2025 _____

*James E. Shelton*
James E. Shelton

**Dated: July 14, 2025**

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
*Perrong Law LLC*
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2025, a copy of the foregoing was served electronically on counsel for the Defendants via e-mail at Sheryl Brown <sbrown@bellwoarkelly.com>, Andrew Bellwoar <abellwoar@bellwoarkelly.com>.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Proposed Class*

10