# Exhibit G

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES E. SHELTON**, individually and on behalf of all others similarly situated, | : |
| | : Case No. 2:24-cv-6870 |
| Plaintiff, | : |
| | : **CLASS ACTION** |
| v. | : |
| | : **JURY TRIAL DEMANDED** |
| **EMPWR SOLAR LLC** | : |
| | : |
| Defendant. | : |
| _____/ | |

## PLAINTIFF'S RESPONSES TO DEFENDANT EMPWR SOLAR LLC's REQUESTS FOR PRODUCTION

Pursuant to Rules 26, and 34 of the Federal Rules of Civil Procedure, the Plaintiff responds to the Requests for Production propounded upon him by Defendant EMPWR Solar LLC as follows:

### RESPONSES TO FIRST INTERROGATORIES TO PLAINTIFF

**RFP 1:** A copy of any contract with any telephone provider (including wireless) executed by Plaintiff relating to the telephone number asserted in the Complaint, ¶15.
**Response:** The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Moreover, the Plaintiff objects to the wholesale production of the Plaintiff's service contracts for an unlimited period as violative of the Plaintiff's substantial privacy interests in this lawsuit, which concerns breaches of consumer privacy statutes. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Notwithstanding the foregoing, the Plaintiff will produce the latest available copy of any applicable service contracts and plan details, within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B).

**RFP 2:** A copy of all billing records for the telephone number asserted in the Complaint, ¶15, from January 2024 to the present.
**Response:** The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any

party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Moreover, the Plaintiff objects to the wholesale production of the Plaintiff's telephone records for an almost two-year period as violative of the Plaintiff's substantial privacy interests in this lawsuit, which concerns breaches of consumer privacy statutes. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Notwithstanding the foregoing, the Plaintiff will produce redacted copies of billing statements sufficient to reflect the Plaintiff's ownership of the number at issue as well as any billing records reflecting the subject calls at issue, only, within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B).

**RFP 3:** A copy of any "screenshots" or other Documents relating to the Incident.
**Response:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. The Plaintiff objects to the use of so-called "scare quotes" to delineate the term "screenshots" as vague and confusing, including as delineated in Chicago Manual of Style 7.57, of a term being used in a nonstandard way, without outlining the nonstandard use of the term as phrased in this Request. Plaintiff objects to this request insofar as it seeks "other Documents" that in any manner "relates" to "the Incident." As such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking, including insofar as it seeks information related to the exceedingly overbroad, confusing, and vague "other Documents" which relate to the "Incident." The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to any matters on the days of the communications at issue, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter, as it is not sufficiently specific to place the Plaintiff on notice of exactly what documents Defendant is seeking, and substantially invades his privacy interests. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, the Plaintiff

2

will produce a copy of his do not call registry registration, and any telephone screen captures, within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B).

**RFP 4:** A copy/download/flash drive of any recordings made by Plaintiff of the communications at issue in the Incident; and as specifically referenced in the Complaint, ¶¶21-22.
**Response:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff further objects insofar as to why this request for production requests a "copy/download/flash drive" of documents requested to be produced, rendering it vague and confusing. Moreover, the communications referenced in paragraphs 21 and 22 reference a text message and a missed call, so it is illogical to request recordings of things which cannot be recorded. As such, this request is practically nonsensical as written. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Notwithstanding the foregoing, there are no responsive documents.

**RFP 5:** A copy of all telephone billing records for any numbers identified with the business known as Final Verdict Solutions from January 2024 to the present.
**Response:** The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Indeed, this request pertains to telephone numbers which are not the subject of this lawsuit, which the Plaintiff does not contend the Defendant contacted, and which have nothing to do with this case. Moreover, the Plaintiff objects to the wholesale production of a business' telephone records an almost two-year period as violative of the Plaintiff's and business' substantial privacy interests. Indeed, the information sought is simply not proportional to the needs of the case and is not at all relevant to the claims and defenses at issue. Moreover, this request is harassing in that it is simply a fishing expedition for irrelevant documents, particularly in light of the substantial privacy interests in that business and its nature, especially when viewed in light of this lawsuit, which concerns breaches of consumer privacy statutes. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form.

**RFP 6:** The list of all cases in response to Judge Savage's June 21, 2018 Order (Shelton v. Capital Advances LLC et al; EDPA; Docket No. 18-2186) requiring Plaintiff to file a notice with the Clerk listing all cases in any court in which he was ever a plaintiff seeking relief under the TCPA.

3

**Response:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects in that this request for production seeks a public record, which is just as available to the Defendant as the Plaintiff. Notwithstanding the foregoing, Plaintiff will produce a copy of the subject filing, within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B).

**RFP 7:** A list of all cases in which Plaintiff was ever a plaintiff seeking relief under the TCPA from June 22, 2018, to the present, including but not limited to: a. Name of Plaintiff's Attorney b. The Court in which the action was filed c. The Full Caption of the case d. The Case number e. The Name of the Defendants f. The Disposition of the Case g. Any resulting and executed Settlement Agreements or Releases

**Response:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects in that this request for production purports to assert that the Plaintiff is required to create documents responsive to a request. As such, this request violates Rule 34's mandate to produce only those documents which are in the "responding party's possession, custody, or control," "as they are kept in the usual course of business," as the Plaintiff does not keep such lists in the usual course of business. The Plaintiff reserves the right to supplement his responses and objections as warranted.

**RFP 8:** A copy of all Documents received from any subpoena issued/served by Plaintiff, including but not limited to Aloware, Inc., and Treantly Recruitment Ltd.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects as he has not served a subpoena on Treantly Recruitment Ltd. Plaintiff objects to this request as premature, as discovery is still in its early stages. Plaintiff reserves the right to supplement his responses and objections thereto as he comes into possession of more responsive documents.

Notwithstanding the foregoing, the Plaintiff will produce a copy of any documents received in response to any subpoenas issued in this action, within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B). There are no additional responsive documents which have not already been produced already. The Plaintiff reserves the right to assert additional objections or produce further documents, as appropriate, as he comes into possession of the same.

**RFP 9:** Any and all Documents, communications and/or Electronically Stored Information "ESI" which Plaintiff intends to use to support his claims against Defendant.
**Response:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "any and all documents" or "communications and/or Electronically Stored Information 'ESI'" that the Plaintiff intends to "use" "to support his claims against Defendant" and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. These words render this definition unascertainable. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking, including insofar as it seeks information related to the exceedingly overbroad, confusing, and vague "to support his claims against Defendant," which broadens the scope of the request without a limiting or guiding principle for Plaintiff to follow. It is also not clear what Defendant considers the "claims." For example, the Plaintiff has alleged that he is a natural person, so that would essentially require the Plaintiff to produce his birth certificate to establish his personhood. That definition is so expansive that it is not clear to what documents this demand refers to. Furthermore, this request is also overly broad because it seeks "any and all documents," instead of a specific and reasonably particularized category of documents as the rules require. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents or unspecified "Documents" in any way even tangentially related to the claims asserted in this case or statements made therein, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter, as it is not sufficiently specific to place the Plaintiff on notice of exactly what documents Defendant is seeking, and substantially invades his privacy interests. Indeed, as such, this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which

were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

**RFP 10:** Any and all Documents, communications or ESI supporting Plaintiff's claim for damages.

**Response:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "any and all documents" or "communications or ESI" that the Plaintiff believes "supports" his "claim for damages" and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. These words render this definition unascertainable. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking, including insofar as it seeks information related to the exceedingly overbroad, confusing, and vague "claim for damages," which broadens the scope of the request without a limiting or guiding principle for Plaintiff to follow. It is also not clear what Defendant considers the "claim for damages," either. For example, the Plaintiff has alleged that he is seeking statutory damages provided by the TCPA, so does the Plaintiff need to provide a copy of the TCPA's statutory damages provision? That definition is so expansive that it is not clear to what documents this demand refers to. Furthermore, this request is also overly broad because it seeks "any and all documents," instead of a specific and reasonably particularized category of documents as the rules require. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents or unspecified "all documents" in any way even tangentially related to the claims for damages asserted in this case or statements made therein, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter, as it is not sufficiently specific to place the Plaintiff on notice of exactly what documents Defendant is seeking, and substantially invades his privacy interests. Indeed, as such, this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

**RFP 11:** Any and all Documents, communications or ESI which Plaintiff intends to use to support Defendant's alleged violation of the TCPA.

**Response:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "any and all documents" or "communications or ESI" that the Plaintiff "intends to use" to support the nonsensical "Defendant's alleged violation of the TCPA" and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. These words render this definition unascertainable. Moreover, this request plainly and impermissibly seeks trial preparation and other materials before they are used, including attorney work-product and expert correspondences. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced and indeed seeks documents which the Plaintiff has not yet obtained or decided if he intends to use, owing to the nascent stage of this case. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking, including insofar as it seeks information related to the exceedingly overbroad, confusing, and vague "Defendant's alleged violation of the TCPA," which broadens the scope of the request without a limiting or guiding principle for Plaintiff to follow. It is also not clear what Defendant considers "supporting" the "Defendant's alleged violation of the TCPA" either. For example, the Plaintiff believes that the non-existence of certain documents "support" the Defendant's violation of the TCPA. That definition is so expansive that it is not clear to what documents this demand refers to. Furthermore, this request is also overly broad because it seeks "any and all documents," instead of a specific and reasonably particularized category of documents as the rules require. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents or unspecified "all documents" in any way even tangentially related to the Defendant's violations in this case or statements made therein, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter, as it is not sufficiently specific to place the Plaintiff on notice of exactly what documents Defendant is seeking, and substantially invades his privacy interests. Indeed, as such, this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects insofar as the use of the term "alleged violation" of the TCPA is harassing and argumentative. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

7

**RFP 12:** All documents, including any and all investigative files and written accounts of investigation, in your possession, custody or control of you, your attorney, consultant, surety, indemnitor, insurer or agent relating to the Incident and the claims and damages asserted, even if prepared in anticipation of litigation or trial.

**Response:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. As an initial matter, the demand-as phrased-is broad enough to include a demand for privileged records, including any communication or advice given by Plaintiff's counsel to Plaintiff regarding these topics (and may be broad enough to include Plaintiff's counsel's records and his entire litigation file for this case), including those documents which are plainly privileged as they were "prepared in anticipation of litigation or trial." As knowingly seeking privileged materials is unethical and inappropriate, Plaintiff assumes this vague demand seeks only ordinary, non-privileged records and will reply accordingly. Plaintiff objects to this request insofar as it seeks "all documents" or "all investigative files and written accounts of investigation, in your possession," including those of the Plaintiff's "attorney," and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought, in addition to being borderline unethical and inappropriate. Moreover, this request plainly and impermissibly seeks trial preparation and other materials before they are used, including attorney work-product and expert correspondences. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced and indeed seeks "all documents" which are "relating to the Incident" as well as "the claims and damages asserted," including privileged ones. Indeed, the reference to "claims and damages asserted," while purportedly limiting the scope of this request to only this litigation, actually broadens the request, either intentionally or unintentionally, without a limiting or guiding principle for Plaintiff to follow. That definition is so expansive that it is not clear to what documents this demand refers to. Furthermore, this request is also overly broad because it seeks "all documents," instead of a specific and reasonably particularized category of documents as the rules require. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents or unspecified "all documents" in any way even tangentially related to "the Incident and the claims and damages asserted, even if prepared in anticipation of litigation or trial", which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications plainly protected by various privileges, including attorney-client privilege. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis, including on the basis that it plainly and palpably seeks protected materials. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter, as it is not sufficiently specific to place the Plaintiff on notice of exactly what documents Defendant is seeking, and substantially invades his privacy interests. Indeed, as such, this request seeks information which is more available, or only so, to the Defendant, than the

8

Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

**RFP 13:** All written statements (signed or otherwise adopted or approved by the person making it) concerning the Incident that were made by the Plaintiff, Defendant or any other party or witness.

**Response:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. As an initial matter, the demand-as phrased-is broad enough to include a demand for privileged records, including any written communication or advice given to Plaintiff's counsel by Plaintiff regarding these topics (and may be broad enough to include Plaintiff's counsel's records and his entire litigation file for this case), including those documents which are plainly privileged. As knowingly seeking privileged materials is unethical and inappropriate, Plaintiff assumes this vague demand seeks only ordinary, non-privileged written statements and will reply accordingly. Plaintiff objects to this request insofar as it seeks "all written statements" and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact written statements which are being sought, in addition to being borderline unethical and inappropriate. Moreover, the Plaintiff objects insofar as this request clumsily attempts to dance around hearsay exceptions and incorporate the adoptive admission exception to the hearsay rule. Moreover, this request plainly and impermissibly seeks trial preparation and other materials before they are used, including attorney work-product and expert correspondences. Furthermore, this request is also overly broad because it seeks "all written statements," instead of a specific and reasonably particularized category of documents as the rules require. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter, as it is not sufficiently specific to place the Plaintiff on notice of exactly what documents Defendant is seeking, and substantially invades his privacy interests. Indeed, as such, this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, there are no such non-privileged written statements, other than (possibly, owing to the practically incoherent nature of this request), subpoena responses, which the Plaintiff has already agreed to produce.

**RFP 14:** Each stenographic, mechanical, electrical or other recording or a transcript thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded concerning the Incident or its subject matter that were made by the Plaintiff or any other party or witness.

9

**Response:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request as an incoherent run-on sentence that seemingly seeks recordings of a missed call, which is a logical impossibility. Plaintiff cannot further discern what all else this request seeks, and as such, objects on the basis that it does not set forth a specific and reasonably particularized description of the documents Defendant is seeking, as the Rules require. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client or other privileged communications. The Plaintiff reserves the right to supplement his responses and objections as warranted.

**RFP 15:** Any and all documents, writings, including notes, memoranda, diaries, statements, social media postings, text messages, reports, records, ESI or other documents made by the Plaintiff, the Plaintiff's employees, the Plaintiff's representatives, or known to the Plaintiff, concerning the Incident.
**Response:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. As an initial matter, the demand-as phrased-is broad enough to include a demand for privileged records, including any written communication or advice given to Plaintiff's counsel by Plaintiff regarding "the Incident" (and may be broad enough to include Plaintiff's counsel's records and his entire litigation file for this case), including those documents which are plainly privileged. As knowingly seeking privileged materials is unethical and inappropriate, Plaintiff assumes this vague demand seeks only ordinary, non-privileged documents and writings and will reply accordingly. Plaintiff objects to this request insofar as it seeks "any and all" "documents" and "writings" and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact "documents" and "writings" which are being sought, in addition to being borderline unethical and inappropriate. Moreover, this request plainly and impermissibly seeks trial preparation and other materials before they are used, including attorney work-product and expert correspondences. Furthermore, this request is also overly broad because it seeks "all documents" and "writings" so much as "known to the Plaintiff," instead of a specific and reasonably particularized category of documents as the rules require. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter, as it is not sufficiently specific to place the Plaintiff on notice of exactly what documents Defendant is seeking, and substantially invades his privacy interests, including by seeking a copy of the Plaintiff's personal notes and diaries, including those unrelated to the claims at issue. Indeed, as such, this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. For example, the Plaintiff "knows" that the Defendant possesses classwide calling records, but such records have heretofore been unproduced. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

**RFP 16:** All reports and curriculum vitaes of any and all expert witnesses who will testify at the trial on your behalf.
**Response:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all reports and curriculum vitaes," of his experts, including draft reports and draft curricula vitæ. Plaintiff further objects to the use of improper Latin grammar. As written, this request clearly implicates attorney-expert communications, case strategy and expert witness development, expert retention agreements, as well as the written and mental impressions of Plaintiff and any experts he retained. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information, and clearly implicates privileged communications and documents. As such, it is a fishing expedition. Plaintiff further objects insofar as this request plainly seeks expert witness communications and confidential work product protected by the work product and expert witness materials and privileges, as well as related materials. Plaintiff objects to this request as premature, as discovery is still in its early stages and Plaintiff has not even selected or retained any experts in this matter. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Plaintiff reserves the right to supplement his responses and objections thereto as he comes into possession of more responsive documents.

**RFP 17:** All transcriptions and summaries of all interviews conducted by anyone acting on behalf of the Plaintiff of any potential witness and/or person(s) who have knowledge of the Incident or its surrounding circumstances.
**Response:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request as largely duplicative of Request 14. As an initial matter, the demand-as phrased-is broad enough to include a demand for privileged records, including "summaries" of such "interviews" as deposition testimony in this matter, which may be created by Plaintiff or his counsel by Plaintiff regarding these topics, including those documents which are plainly privileged. As knowingly seeking privileged materials is unethical and inappropriate, Plaintiff assumes this vague demand seeks only ordinary, non-privileged transcription and summaries and will reply accordingly. Plaintiff objects to this request insofar as it seeks "all transcriptions and summaries" and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact transcriptions and summaries which are being sought, in addition to being borderline unethical and inappropriate. For example, does this request purport to require the Plaintiff to obtain a transcript of any hearing held in open court? Moreover, this request plainly and impermissibly seeks trial preparation and other materials before they are used, including attorney work-product and expert correspondences. Furthermore, this request is also overly broad because it seeks "all transcriptions and summaries," instead of a specific and reasonably

particularized category of documents as the rules require. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter, as it is not sufficiently specific to place the Plaintiff on notice of exactly what documents Defendant is seeking, and substantially invades his privacy interests. Indeed, as such, this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, there are no such non-privileged "transcriptions or summaries."

**RFP 18:** Any and all documents containing the names and/or addresses (business and/or home addresses) of all individuals contacted as potential witnesses.
**Response:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Furthermore, the request is overly broad and unduly burdensome, and thus not proportional to the needs of the case, insofar as it seeks the identities of any person the Plaintiff will so much as "contact" as a potential witness. As such, Plaintiff objects insofar as this request plainly seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials, including the disclosure of the mental impressions of counsel as to who might be a "potential witness." Plaintiff objects to this request as premature, as discovery is still in its early stages, nor has the time frame for disclosure of witnesses passed. Plaintiff objects to this request in that it seeks information more available to the Defendant than the Plaintiff and indeed seeks the very information that the Defendant is withholding and refusing to provide and which is the subject of a motion to compel. Indeed, as such, this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Plaintiff objects that this Request is premature and seeks disclosure of trial strategy before the close of discovery. Notwithstanding the foregoing, Plaintiff produces and incorporates by reference his Initial Disclosures. Plaintiff reserves the right to supplement his responses at the appropriate time.

**RFP 19:** All statements and documents identified in your answers to interrogatories, as well as all documents identified in Plaintiff's Rule 26 Disclosure Statement.
Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all statements and documents" so much as "identified in your answers to interrogatories, as well as all documents identified in

Plaintiff's Rule 26 Disclosure Statement" and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the interrogatories or initial disclosures, or statements made therein, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, the Plaintiff has not identified any statements or documents in his answers to interrogatories other than the subject communications at issue as well as an email thread with the Defendant, which the Plaintiff will produce within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B). Plaintiff's initial disclosures further outlined vast categories of documents in the possession, care, custody, and control of the Defendant which the Defendant has heretofore refused to produce and which are the subject of a pending motion to compel. Beyond these documents, there are no other documents other than those which the Plaintiff has already agreed to produce.

**RFP 20:** Any and all Documents or ESI supporting Plaintiff's claim for compensatory damages.
**Response:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request in that it purports to assert that Plaintiff is required to produce documents in support of a legal, not a factual, conclusion. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff reserves the right to supplement his responses as he comes into possession of more responsive documents. The Plaintiff objects in that this request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought and without a limiting or guiding principle for Plaintiff to follow, including as the Plaintiff seeks statutory damages. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. This demand is vague and ambiguous. Indeed, as such, this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, the Plaintiff will produce a copy of 47 U.S.C. § 227, the statute under which he sues and is entitled to statutory damages, within a reasonable time not to exceed

thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B). There are no additional responsive documents which have not already been produced. The Plaintiff reserves the right to assert additional objections or produce further documents, as appropriate, as he comes into possession of the same.

**RFP 21:** Any and all Documents or ESI supporting the claims contained in Plaintiff's Complaint.

**Response:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects in that this request is largely duplicative of Requests 9 and 10. Plaintiff objects to this request insofar as it seeks "any and all documents" or "ESI" that in any manner support "the claims contained in Plaintiff's Complaint" and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. These words render this definition unascertainable. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking, including insofar as it seeks information related to the exceedingly overbroad, confusing, and vague "supporting the claims contained in Plaintiff's Complaint," which broadens the scope of the request without a limiting or guiding principle for Plaintiff to follow. It is also not clear what Defendant considers the "claims." For example, the Plaintiff has alleged that he is a natural person, so that would essentially require the Plaintiff to produce his birth certificate to establish his personhood. That definition is so expansive that it is not clear to what documents this demand refers to. Furthermore, this request is also overly broad because it seeks "any and all documents," instead of a specific and reasonably particularized category of documents as the rules require. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents or unspecified "ESI" in any way even tangentially related to the claims asserted in this case or statements made therein, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter, as it is not sufficiently specific to place the Plaintiff on notice of exactly what documents Defendant is seeking, and substantially invades his privacy interests. Indeed, as such, this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

**RFP 22:** Any and all social media postings (e.g. Facebook, Twitter, LinkedIn, Snapchat), text messages, blogs, newspaper articles and/or internet articles that relate to the Incident alleged in Plaintiff's Complaint.
**Response:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff further objects insofar as this request purports to seek any such social media postings not directly related to the Incident. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. This demand is vague and ambiguous. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, there are no responsive documents.

**RFP 23:** Copies of any and all electronic communications, other than those protected by the attorney-client privilege, which relate to the Incident, including but not limited to emails, text messages, Twitter feed, Facebook posts, Snapchat postings, social media messages or postings, and internet blogs or postings.
**Response:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. As an initial matter, the demand-as phrased-is broad enough to include a demand for other privileged records, including other forms of privilege, such as work-product, trial preparation, and expert witness privileges. As knowingly seeking privileged materials, in any form, is unethical and inappropriate, Plaintiff assumes this vague demand seeks only ordinary, non-privileged documents communications and will respond accordingly. Plaintiff objects to this request insofar as it seeks "any and all" "electronic communications" insofar as they vaguely "relate to the Incident" and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of what exactly "relate[s] to the Incident", in addition to being borderline unethical and inappropriate. Moreover, this request plainly and impermissibly seeks trial preparation and other materials before they are used, including attorney work-product and expert correspondences. Furthermore, this request is also overly broad because it seeks "all electronic communications" so much as "relate[d] to the Incident," instead of a specific and reasonably particularized category of documents as the rules require. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter, as it is not sufficiently specific to place the Plaintiff on notice of exactly what documents Defendant is seeking, and substantially invades his privacy interests. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

**Dated: July 14, 2025**

/s/ *Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
*Perrong Law LLC*
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2025, a copy of the foregoing was served electronically on counsel for the Defendants via e-mail at Sheryl Brown <sbrown@bellwoarkelly.com>, Andrew Bellwoar <abellwoar@bellwoarkelly.com>.

/s/ *Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Proposed Class*