**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES E. SHELTON**, individually and on behalf of all others similarly situated, | : | Case No. 2:24-cv-6870 |
| | : | |
| Plaintiff, | : | **CLASS ACTION** |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| **EMPWR SOLAR LLC** | : | |
| | : | |
| Defendant. | : | |
| | : | |
| _____ / | | |

**PLAINTIFF'S COUNTERSTATEMENT OF MATERIAL FACTS**

**IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**AND ADDITIONAL DISPUTED MATERIAL FACTS**

Plaintiff James E. Shelton ("Plaintiff" or "Shelton"), by and through his undersigned counsel, submits this Counterstatement of Material Facts in Opposition to Defendant EMPWR Solar LLC's ("EMPWR") Motion for Summary Judgment, together with Plaintiff's Statement of Additional Material Facts warranting denial of summary judgment.

As a threshold matter, Defendant EMPWR failed to file a separate Statement of Undisputed Material Facts as required by Judge Younge's Policies and Procedures, Section D.1 (p. 13). Those Procedures mandate that "[a]ny motion [for] summary judgment shall include a separate Statement of Undisputed Material Facts which sets forth, in numbered paragraphs, the material facts that the moving party contends are undisputed and entitle the movant to judgment as a matter of law." EMPWR submitted no such document. There are therefore no numbered paragraphs for Plaintiff to admit or deny. The Procedures further state: "Summary judgment motion practice that fails to

follow these procedures to the Letter *will be stricken*." (emphasis added). EMPWR's motion should be stricken on this basis alone.

Because EMPWR has supplied no facts for Plaintiff to respond to, and because Judge Younge's Procedures additionally authorize the responding party to "set forth, in separate numbered paragraphs, any Additional Disputed Material Facts which the respondent contends preclude summary judgment," Plaintiff submits the following Additional Material Facts, each of which independently precludes summary judgment.

### PLAINTIFF'S STATEMENT OF ADDITIONAL DISPUTED MATERIAL FACTS

1.     Plaintiff James E. Shelton's residential telephone number, (484) XXX-XXXX, has been registered on the National Do Not Call Registry since 2015. The number is assigned to a residential telephone exchange service. (Compl. ¶ 15-20.)

2.     EMPWR does not maintain a Subscription Account Number ("SAN") with the Federal Trade Commission, the account number required to access the National Do Not Call Registry, as outlined in 16 C.F.R. § 310.5(a)(11)(iii). (RFA 21, ECF No. 31-5; ECF 31 at 4)

3.     On or about March 11, 2024, EMPWR, through its representative Brittany Ducos, entered into a Client Outsourcing Master Agreement ("the Agreement") with Treantly Recruitment Ltd. ("Treantly"). (ECF No. 31-6 at 2.)

4.     The Agreement is a staffing contract under which EMPWR obtained outsourced human beings to perform services for EMPWR, subject to EMPWR's control. (ECF No. 31-6 at 3.)

5.     Specifically, the Agreement provides that its "purpose . . . [is to] provide business process outsourcing services to [EMPWR] through the engagement of Subcontractors." (ECF No. 31-6 at 3.)

6.      Under the Agreement, Treantly was the "Company." (ECF No. 31-6 at 3.)

7.      Under the Agreement, Empwr was the "Client." (ECF No. 31-6 at 3.)

8.      Under the Agreement, Treantly agreed to "source, vet, and supply Subcontractors from its network in the Philippines to perform" duties in a "Job Description" that EMPWR never produced in discovery. (ECF No. 31-6.)

9.      EMPWR was required under the Agreement to provide "initial training and integration support to the [Treantly] Subcontractor, ensuring familiarity with [EMPWR's] systems, processes, and culture." (ECF No. 31-6 at 3.)

10.     EMPWR agreed to "participate in [performance] reviews and provide constructive feedback" to the outsourced agents it obtained through Treantly. (ECF No. 31-6 at 4.)

11.     EMPWR bore ultimate responsibility under the Agreement for its internal security protocols and the "extent of services and associated costs." (ECF No. 31-6 at 4.)

12.     The Agreement's "independent contractor" clause states only that the Agreement does not create an employment relationship between Treantly and EMPWR. It says nothing about whether the subcontractors act on EMPWR's behalf or whether or not they are agents of EMPWR. (ECF No. 31-6 at 5.)

13.     Pursuant to its Agreement with Treantly, EMPWR outsourced telemarketing services to one of two subcontracted agents it hired through Treantly in the Philippines. One of those agents was an individual named Mecah Pojas ("Pojas"). (Rog. 2, ECF No. 31-5.)

14.     Primitive Power LLC ("Primitive Power") was EMPWR's "1099 consultant." (Rog. 2, ECF No. 31-5.)

3

15.    Through Primitive Power, EMPWR's outsourced agents hired through Treantly, including Pojas, had access to the PODEO platform, a telemarketing dialing platform. (Rog. 9, ECF No. 31-5.)

16.    The telephone number used to contact Plaintiff, 215-372-8677, was "owned and/or maintained by Primitive Power" LLC. (Rog. 2, ECF No. 31-5.)

17.    EMPWR's Treantly-supplied personnel "received direction from Treantly, and Primitive Power," EMPWR's own "consultant." (Rog. 2, ECF No. 31-5.)

18.    EMPWR confirms that Primitive Power "would have information regarding the PODEO platform," the system used for the contacts, while EMPWR itself "does not have an account with PODEO." (Rog. 9, ECF No. 31-5.)

19.    EMPWR retained the right to hire additional hours from Treantly, to exercise client control over the outsourced agents, to impose security protocols, and to terminate the arrangement at will. (ECF No. 31-6 at 4, 6.)

20.    EMPWR admits that it obtained lead lists of individuals to call from "Launch Marketing/Millennial Planning Solutions" and then provided them to Mecah Pojas to call. (Rog. 2, ECF No. 31-5.)

21.    EMPWR did not scrub the lead lists against the National Do Not Call Registry before providing them to its outsourced agents. (Rog. 2, ECF No. 31-5.)

22.    On November 29, 2024, Mecah Pojas, one of the two Filipino representatives that EMPWR hired through Treantly pursuant to the Agreement, placed a telephone call and sent a text message call to Plaintiff's residential telephone number. (Rog. 2, 5, ECF No. 31-5.)

23.    The calls came from 215-372-8677, the number associated with Primitive Power's PODEO account from which Pojas made the calls. (Rog. 2, 5, ECF No. 31-5.)

4

24.    The text message sent to Plaintiff read: "Hi Jamie, this is Mecah from Empwr Solar. I touched base to see if you're still having a thought of taking advantage the benefits of having solar panels, that could potentially save your money on your energy bills. Let me know I would love to connect! Have a great day." (ECF No. 31-4.)

25.    The message identifies the caller as "Mecah from Empwr Solar." (ECF No. 31-4.)

26.    The message does not identify not identify Treantly or Primitive Power. (ECF No. 31-4.)

27.    To the consumer, the message appeared to come from EMPWR Solar. (ECF No. 31-4.)

28.    EMPWR contracted with Treantly to supply personnel for marketing purposes. (ECF No. 31-6 at 3; Rog. 2, ECF No. 31-5.)

29.    Primitive Power was EMPWR's marketing "consultant" (Rog. 2, ECF No. 31-5.)

30.    EMPWR's Treantly-supplied personnel received direction from Primitive Power. (Rog. 2, ECF No. 31-5.)

31.    When Plaintiff asked for more information, Pojas emailed it to Plaintiff. (ECF No. 31-4.)

32.    EMPWR accepted the fruits of the calling campaign and received precisely what it bargained for under its arrangements with Treantly and Primitive Power. (ECF No. 30.)

33.    EMPWR did not discipline or terminate Pojas, Treantly, Primitive Power, or Launch Marketing/ Millennial Planning Solutions. (Rog. 11, ECF No. 31-5)

34.    EMPWR has produced no evidence that it ever repudiated, objected to, or took any corrective action in response to the calls placed by Pojas to Plaintiff or any other consumer. (Rog. 11, ECF No. 31-5)

35.     EMPWR has produced no evidence that it instructed Pojas, Treantly, or Primitive Power to scrub leads against the National Do Not Call Registry before placing calls. (RFP 19, ECF No. 31-5)

36.     EMPWR has produced no evidence of consent to contact Plaintiff. (Rog. 6, RFP 19, ECF No. 31-5.)

37.     EMPWR's only evidence of "consent" consists of hearsay statements. (Rog. 2, ECF No. 31-5.)

38.     Plaintiff never provided his prior express written consent to receive telemarketing calls from EMPWR, Treantly, Primitive Power, Mecah Pojas, or any entity acting on EMPWR's behalf. (Rog. 6, RFP 19, ECF No. 31-5.)

39.     EMPWR designed a telemarketing structure in which the human callers were Filipino subcontractors supplied by an offshore staffing agency (Treantly) (ECF No. 31-4; 31-5; 31-6 at 3.)

40.     EMPWR designed a telemarketing structure in which the calling platform and telephone number were owned by a separate entity (Primitive Power) (ECF No. 31-4; Rog 2, 31-5.)

41.     EMPWR designed a telemarketing structure in which EMPWR itself maintained no direct PODEO account and did not scrub against the Do Not Call Registry. (ECF No. 31-4; Rog 2, 31-5.)

42.     Despite this layered structure, EMPWR obtained the lead lists, provided them to its outsourced agents, trained those agents in EMPWR's systems, reviewed their performance, and accepted the business generated by their calls. (ECF No. 31-4; 31-5; 31-6.)

6

43.     EMPWR never produced the "Job Description" referenced in the Treantly Agreement.

a.     Plaintiff received at least one telephone call and one text message to his DNC-registered residential number from EMPWR's outsourced representative, Mecah Pojas, on November 29, 2024. (Rog. 2, 5, ECF No. 31-5; ECF No. 31-4.)

44.     Under 47 U.S.C. § 227(c)(5)(B), Plaintiff is entitled to recover $500 in statutory damages for each violation of the TCPA's Do Not Call regulations, without any requirement to prove actual monetary loss. 47 U.S.C. § 227(c)(5)(C).

45.     If the Court finds that EMPWR willfully or knowingly violated the TCPA, damages may be trebled to $1,500 per violation. 47 U.S.C. § 227(c)(5)(C).

RESPECTFULLY SUBMITTED AND DATED this March 25, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
E.D. Pa. Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

7

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

March 25, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
E.D. Pa. Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com