**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| James E. Shelton | : | |
| Plaintiff | : | |
| V | : | Civil Action No. 24-6870-JMY |
| EMPWR Solar LLC | : | |
| Defendant | : | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT[1]**

Defendant, EMPWR Solar LLC, by and through its undersigned counsel, respond to

Plaintiff's Statement of Additional Disputed Material Facts and in opposition thereto and in further

support of Defendant's Motion for Summary Judgment and aver as follows:

**Defendant's Responses to Plaintiff's Statement of**
**Additional Disputed Material Facts[2]**

1.      Denied.  Plaintiff alleged the telephone number in his Complaint, which was denied

by Defendant in the Amended Answer, a copy of which is attached hereto and marked Exhibit "H."

Furthermore, Plaintiff failed to produce any documents to support the claims asserted including

but not limited to documents in Plaintiff's control including screen shots and call recordings, and

or documents relating to compliance with the TCPA.  Additionally, when documents in Plaintiff's

---

[1] As noted by Plaintiff's counsel, Defendant provided a general statement of facts within its Motion, rather than a separately stated Statement.  Considering that Plaintiff relied upon the same exhibits as attached to Defendants' Motion for Summary Judgment (ECF 31-2 through 31-8), Defendant respectfully requests either the opportunity to correct and file a Separate statement; or that this Court utilizes Defendants' Statement of Facts improperly included in its Motion for Summary Judgment.
[2] According to this Court's July 22, 2025 Amended Scheduling Order, Plaintiff's Motion for Class Certification was due on February 16, 2026.  (ECF 16).  Plaintiff failed to file a timely Motion for Class Certification.  Therefore, any class certification should be denied as a matter of law.  Defendant's Motion for Summary Judgment is limited to the claims of Plaintiff James E. Shelton, only.

1

possession were requested via Requests for Production of Documents, Plaintiff objected to each and every request, including but not limited to a copy of telephone contracts for Plaintiff's phone number and billing records for the subject telephone number (Req. 1,2), documents it intends to use to support Defendant's violation of the TCPA (Req. 11); and to identify all documents in the categories asserted in Plaintiff's Rule 26 Statement (Int. 9).  A copy of Plaintiff's Rule 26 Disclosures is attached hereto and marked Exhibit "I".   Therefore, it is denied that Plaintiff has met his burden of proof to support his telephone number; and or that the subject telephone number was registered with the Do Not Call list at the time of contact in this matter.

2.    Denied as stated.  As set forth in Defendant's Requests for Admission Responses, EMPWR is not a telemarketing company.  Therefore, it is not required to maintain an FTC subscription number.  See, ECF31-5, Ex. D, No. 21.

3.    Admitted.

4.    Denied.  The terms "subject to EMPWR's control" is a legal conclusion to which no responsive pleading is required.   Furthermore, the subject Outsourcing Master Agreement speaks for itself and the term(s) staff or staffing agreement are not contained therein. See, ECF 31-6, Ex. E.

5.    Denied as stated.  The entirety of ¶2, *Purpose of the Agreement* states:

## 2. PURPOSE OF AGREEMENT

The purpose of this Agreement is to establish the terms and conditions under which the Company will provide business process outsourcing services to the Client through the engagement of Subcontractors. The Company shall source, vet, and supply Subcontractors from its network in the Philippines to perform the Services specified in the Job Description, ensuring their competence, professionalism, and alignment with the Client's needs.

2

ECF 31-6, Ex. E.  As set forth, the Company, not the Client (EMPWR) is to source, vet and supply subcontractors.

6.      Admitted.  By way of further response, the totality of the Agreement speaks for itself.

7.      Admitted.  By way of further response, the totality of the Agreement speaks for itself.

8.      Admitted in part.  Denied in part.  It is admitted only that the totality of the Agreement speaks for itself.  It is denied that EMPWR failed to comply with any discovery request.

9.      Denied as stated.  The totality of the Agreement speaks for itself including ¶3.b.  By way of further response, Treantly is designated as the Company, not the subcontractor, in contradiction to Plaintiff's reference.

10.     Denied as stated.  The totality of the Agreement speaks for itself.  By way of further response, the referenced provision provides:

> **Performance Review and Quality Assurance**:  The Company will conduct regular performance reviews of the Subcontractors and address any issues of non-compliance or underperformance promptly.  The Client agrees to participate in such reviews and provide constructive feedback.

ECF 31-6, Ex. E, ¶3.c.

11.     Denied.  Statement No. 11 is a legal conclusion which does not require a responsive pleading.  By way of further response, the quote referenced by Plaintiff falls under the provision for Client Rate Calculation which fails to provide any provisions for internal security protocols.  See, ECF 31-6, Ex. E, ¶4.a.

12.    Denied.  As set forth in ¶6, the "Company is an independent contractor in its provision of Services."  ECF 31-6, Ex. E, ¶6.

13.    Denied as stated.  EMPWR did not hire subcontractor agents.  By way of further response, as set forth in Interrogatory No. 2, Mecah Pojas and Rixilyn Ocheda were employed by Treantly and received directions from Treantly, not Primitive Power. ECF 31-5, Ex. D, No. 2.

14.    Admitted.

15.    Denied as stated.  EMPWR objected to Int. No. 9 to the extent it sought information maintained by a third party. As set forth in the Supplemental Response,

> Supplemental Response:  Without waiving the aforestated objection, based upon information and belief Primitive Power would have information regarding the PODEO platform. EMPWR does not have an account with PODEO.

16.    Admitted, as set forth in Aloware's subpoena response. ECF 31-3, Ex. B.

17.    Admitted in part.  Denied in part.  The Statement is denied to the extent EMPWR is without knowledge or information to understand what Plaintiff designates a "Empwr's Treantly-supplied personnel".  Defendant also denies this statement to the extent that this is a legal conclusion.  The Agreement speaks for itself whereby Treantly retained subcontractors to perform services. See, Agreement. The Statement is admitted to the extent that the Treantly employees received direction from Treantly and Primitive Power.

18.    Admitted. See, Response to No. 15, above.

19.    Denied.  See Responses to Nos. 11 and 12 above.  By way of further response, the Agreement in its entirety speaks for itself.

20.    Admitted in part.  Denied in part. It is admitted only that:

> Based upon information received, the Data set provided by Launch Marketing/Millennial Planning Solutions which included Plaintiff's information was based various forms of leads including door to door knocks. It is also believed the data was scrubbed for compliance with all laws.

ECF 31-5, Ex. D, No. 2.  It is denied that EMPWR "provided them" to Mecah Pojas.

21.    Denied.  As set forth in its Interrogatory Responses:

> **Supplemental Response**:  Based upon information and belief, Launch Services/Millennial Planning Solutions obtained Plaintiff's contact information through a door-to-door knock.  By way of further response, it is believed that any contact included 'opt in' consent of the homeowner; and/or the information was scrubbed by Launch Services/Millennial Planning Solutions. As noted on the previously produced screen shot, Plaintiff asked that details be emailed to him, but no calls.

ECF 31-5, Ex. D. No. 6.  Also, see Int. Response No. 5, that based upon information received from Lauch Marketing/Millennial Planning Solutions, Brian Ficket, Jr. conducted the door-to-door knocks.  ECF 31-5, Ex. D. No. 5.

22.    Admitted in part.  Denied in part.  It is denied that EMPWR hired Ms. Pojas.  It is admitted that a single telephone call was placed to Plaintiff.  It is also admitted a text message was sent to Plaintiff to which he responded "..please email me the details (email address provided/redacted).. No calls please.  See, ECF 31-4, Ex. C. It is further denied that this was a

residential telephone number as Plaintiff failed to confirm the same, objecting to requests for his telephone records.

23.    Admitted in part.  Denied in part.  Based upon information received, the call was made from Primitive Power.  See, ECF 31-3, Ex. B. It is also admitted the call was made by Ms. Pojas.  The remainder of the Statement is denied as EMPWR does not have an account with PODEO.   See response to No. 15, above.

24.    Admitted.  By way of further response, Plaintiff responded by requesting the details be emailed to him.  See, ECF 31-4, Ex. C.

25.    Admitted only that the message speaks for itself.  By way of further response, the indications under the message state "Primitive Power used Local Presence..".  See, ECF 31-4, Ex. C.

26.    Denied as stated. See, Response to No. 25 above.

27.    Denied.  EMPWR is without knowledge or information as to what a consumer thinks or believes.

28.    Denied.  The Agreement speaks for itself.  By way of further response, the only reference to marketing is set forth in ¶8, **Marketing Material Usage** which states:

> The Company may use non-confidential, general information about its business relationship with the Client, such as the business name and the nature of services provided, in its marketing materials. This includes materials like brochures, advertisements, website content, social media posts, and case studies.

ECF 31-6, Ex. E, ¶8.

29.    Denied.  EMPWR responded to Int. 2 -  was that the telephone number used to contact Plaintiff was through Primitive Power which was a 1099 consultant with EMPWR.  The

Interrogatory response fails to provide that Primitive Power was EMPWR's "marketing" consultant.  See, ECF 31-5, Int. 2, Ex. D.

30.    Admitted in part. Denied in part.  The Statement is denied to the extent EMPWR is without knowledge or information to understand what Plaintiff designates "Empwr's Treantly-supplied personnel".   Defendant also denies this statement to the extent that this is a legal conclusion. The Agreement speaks for itself whereby Treantly retained subcontractors to perform services. See, Agreement. It is admitted that the Treantly employees received direction from Treantly, and Primitive Power. See, ECF 31-5, Int. 2, Ex. D.

31.    Denied.  EMPWR is without knowledge or information sufficient to form a belief whether Plaintiff was emailed the subject information. Also see, ECF 31-4, Ex. C, providing a response "Sure, no problem.  It will be coming from (redacted).

32.    Denied.  Statement No. 32 is a legal conclusion to which no responsive pleading is required.  By way of further response, it is unknown what is meant by "accepted fruits of the calling campaign.".

33.    Denied.  Statement No. 33 is overly broad and EMPWR is unable to admit or deny. By way of further response, this Statement assumes EMPWR had a legal basis to  "discipline or terminate" a third-party subcontractor, which is denied.  See, EMPWR's objection to Int. 11, that it requests information from a third party over whom EMPWR has not control.  (ECF 31-5, Ex. D, No. 11).

34.    Denied.  Statement No. 34 is overly broad and EMPWR is unable to admit or deny. By way of further response, this Statement assumes EMPWR had a legal basis to  repudiate, object or take correction action as to a third-party subcontractor, which is denied.   See, EMPWR's objection to Int. 11, that it requests information from a third party over whom EMPWR has not

control.  (ECF 31-5, Ex. D, No. 11). Defendant also denies this statement to the extent that this is a legal conclusion.

35.     Denied as stated.  As set forth in No. 21 above, it is believed that Launch Marketing/Millennial Planning Solutions obtained the information from various forms including online information and door to door knocks and that any contact would be an "opt in" consent of the homeowner; or the information was scrubbed by them.  It is further believed the individual who conducted the door-to-door knocks was Brian Ficket, Jr. See, ECF 31-5, Ex. D, Int. 2, 5, 6, 10.

36. Denied.  As set forth in No. 21 above, it is believed that Launch Marketing/Millennial Planning Solutions obtained the information from various forms including online information and door to door knocks and that any contact would be an "opt in" consent of the homeowner.
See, ECF 31-5, Ex. D, Int. 2, 5, 6, 10. By way of further response, upon contact Plaintiff requested information be emailed to him.  ECF 31-4, Ex. C.

37.     Denied.    As  set  forth  in  No.  21  above,  it  is  believed  that  Launch Marketing/Millennial Planning Solutions obtained the information from various forms including online information and door to door knocks and that any contact would be an "opt in" consent of the homeowner.  See, ECF 31-5, Ex. D, Int. 2, 5, 6, 10. By way of further response, upon contact Plaintiff requested information be emailed to him.  ECF 31-4, Ex. C.

38.     Denied.    As  set  forth  in  No.  21  above,  it  is  believed  that  Launch Marketing/Millennial Planning Solutions obtained the information from various forms including online information and door to door knocks and that any contact would be an "opt in" consent of the homeowner.  See, ECF 31-5, Ex. D, Int. 2, 5, 6, 10. By way of further response, upon contact Plaintiff requested information be emailed to him.  ECF 31-4, Ex. C.

39.     Denied.  Statement No. 39 calls for a legal conclusion to which no responsive pleading is required.

40.     Denied.  Statement No. 40 calls for a legal conclusion to which no responsive pleading is required.

41.     Denied.  Statement No. 41 calls for a legal conclusion to which no responsive pleading is required.  By way of further denial, see Responses to Nos. 21, 35, 36, 37 and 38.

42.     Denied.  Statement No. 42 calls for a legal conclusion to which no responsive pleading is required.

43.     Denied as stated.  EMPWR complied with all discovery requests and produced documents in its possession and those from third parties which the Court recommended be produced.

43.a.     Denied.  Plaintiff has not proven his telephone number was on a do not call list at the of the contact; and has not disputed that he opted in by virtue of providing his contact information via a door-to-door knock.  The Statement is further denied to the extent Plaintiff uses the terms "outsourced representative" which calls for a legal conclusion to which no responsive pleading is required.  It is admitted only that one call and one text message was placed to Plaintiff.

44.     Denied.  Statement No. 44 calls for a legal conclusion to which no responsive pleading is required.  By way of further response, Plaintiff's having opted in pursuant to the door to door knocking to obtain information precludes a violation of the TCPA.

45.     Denied.  Statement No. 45 calls for a legal conclusion to which no responsive pleading is required.  By way of further response, Plaintiff's having opted in pursuant to the door

to door knocking to obtain information precludes a violation of the TCPA.  By way of further

response, it is denied that EMPWR willfully or knowingly violated the TCPA.

**BELLWOAR KELLY, LLP**

By:     */s/ Sheryl L. Brown*
         Sheryl L. Brown, Esquire, I.D. 59313
         Andrew J. Bellwoar, Esquire, I.D. No. 54096
         Attorneys for Defendant, EMPWR SOLAR LLC
         126 W. Miner Street
         West Chester, PA  19382
         (P): 610.314.7066
         sbrown@bellwoarkelly.com
         abellwoar@bellwoarkelly.com

10

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

James E. Shelton                          :

        Plaintiff                         :

     V                                       :          Civil Action No. 24-6870-JMY

EMPWR Solar LLC                      :

       Defendant                      :

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that on this day a true and correct copy of Defendant EMPWR Solar LLC's  Response In Opposition To Plaintiff's Statement Of Undisputed Facts In Opposition To Defendants' Motion For Summary Judgment as served upon the following via ECF:

Andrew Roman Perrong, Esquire
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
a@perronglaw.com

April 1, 2026

**BELLWOAR KELLY, LLP**

By:    */s/ Sheryl L. Brown*
        Sheryl L. Brown, Esquire, I.D. #59313
        Attorney for Defendant
        *EMPWR Solar LLC*
        126 W. Miner St., #1
        West Chester, PA  19382
        610.314.7066
        sbrown@bellwoarkelly.com