# EXHIBIT H

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| James E. Shelton | : | |
| V | : | Civil Action No. 24-6870- |
| EMPWR Solar LLC | : | |

## DEFENDANT EMPWR SOLAR LLC'S AMENDED ANSWER TO COMPLAINT WITH AMENDED AFFIRMATIVE DEFENSES

Defendant EMPWR Solar LLC ("EMPWR"), by and through its attorney, Andrew Bellwoar, Esquire, answers the Complaint as follows:

1. Denied. The characterizations in this paragraph are denied, as they are conclusions of law. It is admitted that Congress enacted the Telephone Consumer Protection Act. The terms of that Act speak for themselves.

2. Denied. The characterizations in this paragraph are denied, as they are conclusions of law. It is admitted that Congress enacted the Telephone Consumer Protection Act. The terms of that Act speak for themselves.

3. Denied. It is denied that EMPWR made telemarketing calls to Plaintiff, or to anyone else, in violation of the TCPA.

4. Admitted upon information and belief.

5. Admitted.

6. Federal question jurisdiction is not contested.

7.  Denied. It is denied that any EMPWR employee called the Plaintiff, or tried to try to sell him solar services.

8.  Denied. It is denied that any EMPWR employee called the Plaintiff, or tried to try to sell him solar services.

9.  Denied. The characterizations in this paragraph are denied, as they are conclusions of law. The terms of that Act speak for themselves.

10. Denied. The characterizations in this paragraph are denied, as they are conclusions of law. The terms of that Act speak for themselves.

11.  Denied. The characterizations in this paragraph are denied, as they are conclusions of law. The terms of that Act speak for themselves.

12. Denied. The characterizations in this paragraph are denied, as they are conclusions of law. The terms of that Act speak for themselves.

13.  Denied as a conclusion of law.

14.  Denied. Defendant is without sufficient knowledge to admit or deny this averment.

15.  Denied. Defendant is without sufficient information to admit or deny this averment.

16. Denied. Defendant is without sufficient information to admit or deny this averment.

17. Denied. Defendant is without sufficient information to admit or deny this averment.

18. Denied. Defendant is without sufficient information to admit or deny this averment.

19. Denied. Defendant is without sufficient information to admit or deny this averment.

20. Denied. Defendant is without sufficient information to admit or deny this averment.

21.  Denied. It is denied that Plaintiff received multiple telemarketing calls from EMPWR, on November 29, 2024 or any other date.

22. Admitted upon information and belief. By way of further response, Plaintiff answered an on line lead form, inquiring about solar power. It is believed that there was a text as a follow up, sent from Mecah Pojas, an employee of Treantly. The Plaintiff replied yes he would like a quote via email for solar power. That is when EMPWR became involved for the first time with the Plaintiff (i.e., after a positive response from the Plaintiff).

23. Denied. EMPWR is without sufficient information to admit or deny this averment.

24. Denied. As EMPWR denied there were multiple telemarketing calls, this averment is denied.

25. Denied. This averment is denied as EMPWR does not have access to that text.

26. Admitted upon information and belief, as set forth at No. 22 above.

27. This averment is a legal conclusion. The case is a writing that speaks for itself.

28. Denied. See No. 24 above, as well as No. 22 above.

29. Denied. See No. 24 above and No. 22 above.

30. Denied. This is a conclusion of law to which no response is required.

31. Denied. See responses above.

32. Denied. It is denied that Plaintiff was harmed. See responses above. It is denied that there is a viable class, or that such a class has been harmed.

33. Defendant incorporates by reference all responses set forth above.

34. Denied. The averments contains legal conclusions that are denied. To the extent the averment contains facts, they are denied.

35. Denied.

36. Denied for all the reasons set forth above.

37. Denied.

38.  Denied. Further, the plaintiff does not qualify for such a class, given the responses set forth above.

39.  Denied.

40.  Denied for the reasons set forth above.

41.  Defendant incorporates by reference all the responses set forth above.

42.  Denied as a conclusion of law.

43.  Denied. See responses above.

44.  Denied.

45.  Denied. See responses above.

46.  Denied.

WHEREFORE, Defendant EMPWR request that this Honorable Court dismiss the complaint, award costs to EMPWR, and any other relief the Court deems just and proper.

## AMENDED AFFIRMATIVE DEFENSES

47. Plaintiff is contributorily negligent based on his actions as set forth above.

48. Plaintiff is estopped from asserting the claims in the Complaint, based upon his actions as set forth above.

49. Plaintiff waived any claim he may have had, based upon his actions as set forth above.

50. Plaintiff fails to state a claim upon which relief may be granted.

51. EMPWR did not directly violate the TCPA and Plaintiff fails to allege sufficient allegations to support vicarious liability.

52. Plaintiff's claims are barred in whole or in part as the alleged acts and/or omissions were conducted by a third party over which EMPWR lacked any authority or control.

53. Plaintiff lacks standing.

54. Plaintiff did not suffer any injury in fact as a result of EMPWR's alleged conduct.

55. Plaintiff's claims are barred by the doctrine of laches and/or unclean hands.

56. Plaintiff's claims are barred to the extent he is not the "called party" within the meaning of the TCPA.

57. Plaintiff's claims are barred or limited, to the extent that any harm or injuries were the result of, in whole or in part, the negligent or intentional acts or omissions of third parties.

58. EMWPR did not willfully or knowingly contact Plaintiff on the phone number at issue without prior express consent.  To the extent that there was any violation of the TCPA, which is denied, EMPWR shall be liable for no more than a $500 penalty, as EMPWR denies that it willfully and knowingly violated the TCPA.

59. To the extent any violation of the TCPA occurred, which EMPWR denies, EMPWR shall be liable for no more than a $500 penalty, as Plaintiff has not sustained any actual monetary loss pursuant to Section 227 (b)(3)(B).

60. EMPWR's actions were proper and legal and it acted at all times hereto in good faith.  To the extent there was any violation of the TCPA (denied) any such violation was not knowing and willful.

61. Plaintiff has not sustained any actual injury as a result of the alleged violations of the TCPA, barring Plaintiff's claim in whole or in part.

62. Plaintiff's claims are barred by the doctrines of waiver and or estoppel.

63. Plaintiff's claims are barred in whole or in part as plaintiffs request for relief is too speculative and or remote to prove.

64. EMPWR acted in good faith and did not directly or indirectly perform any acts which would constitute a violation of the TCPA or Plaintiff's rights.

65. Plaintiff is unable to obtain class certification as he cannot satisfy the requirements of F.R.C.P. 23, including but not limited to numerosity, commonality, typicality, adequacy, predominance or superiority.

66. EMPWR denies that any valid class exists or that Plaintiff's claims are representative of any putative class or that class wide adjudication is appropriate.

67. EMPWR denies that any injunctive relief for monetary damages relating to a class action complaint is warranted or recoverable.

WHEREFORE, Defendant EMPWR request that this Honorable Court dismiss the complaint, award costs to EMPWR, and any other relief the Court deems just and proper.

s/ Andrew Bellwoar

Andrew Bellwoar, Esquire
Bellwoar Kelly LLP
126 W. Miner Street
West Chester, PA 19382