**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES E. SHELTON**, individually and on behalf of all others similarly situated, | : | Case No. 2:24-cv-6870 |
| | : | |
| Plaintiff, | : | **CLASS ACTION** |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| **EMPWR SOLAR LLC** | : | |
| | : | |
| Defendant. | : | |
| | : | |
| _____ / | | |

**PLAINTIFF'S PRETRIAL MEMORANDUM**

Plaintiff James E. Shelton ("Plaintiff" or "Mr. Shelton"), by and through his undersigned counsel, respectfully submits this Pretrial Memorandum pursuant to Local Rule 16 and Judge Younge's Policies and Procedures.

**I. NATURE OF THE ACTION AND BASIS OF JURISDICTION**

This is a class action for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and its implementing regulations, 47 C.F.R. § 64.1200. Plaintiff alleges that Defendant EMPWR Solar LLC ("EMPWR") initiated, or caused to be initiated on its behalf, telephone solicitations, including a telephone call and a text message call, to Plaintiff's residential telephone number, which has been listed on the National Do Not Call Registry since 2015, in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

The Court has federal question subject-matter jurisdiction under 28 U.S.C. § 1331 because the action arises under a federal statute. Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368 (2012). Jurisdiction is not disputed. Venue is proper in this District because the violations occurred here and Plaintiff resides here.

**II. FACTUAL SUMMARY OF THE CASE**

Plaintiff's residential telephone number has been registered on the National Do Not Call Registry since 2015. The number is assigned to a residential telephone exchange service for consumers and is not used for business purposes.

On or about March 11, 2024, EMPWR, through its representative Brittany Ducos, entered into a Client Outsourcing Master Agreement (the "Agreement") with Treantly Recruitment Ltd. ("Treantly"). The Agreement is a staffing contract under which EMPWR obtained outsourced personnel to perform services for EMPWR subject to EMPWR's control, including the subject calling conduct. The Agreement's stated purpose is to "provide business process outsourcing services to [EMPWR] through the engagement of Subcontractors," and Treantly agreed to "source, vet, and supply Subcontractors from its network in the Philippines" to perform duties set forth in a "Job Description" that EMPWR provided but never produced in discovery. Under the Agreement, EMPWR was required to provide "initial training and integration support to the [Treantly] Subcontractor, ensuring familiarity with [EMPWR's] systems, processes, and culture," agreed to "participate in [performance] reviews and provide constructive feedback," and retained client control, security responsibility, the right to purchase additional hours, and at-will termination rights.

Pursuant to the Agreement, EMPWR outsourced its telemarketing outreach to one of two subcontracted agents it hired through Treantly in the Philippines. One of those agents was Mecah Pojas. Through EMPWR's "1099 consultant," Primitive Power LLC ("Primitive Power"), Pojas was given access to the PODEO telemarketing dialing platform. EMPWR obtained the lead lists used for the campaign from "Launch Marketing/Millennial Planning Solutions" and provided those lists to Pojas to call through PODEO. EMPWR did not scrub the lead lists against the National Do Not Call Registry and does not maintain a Subscription Account Number ("SAN")

2

with the Federal Trade Commission, the account number required to access the Registry under 16 C.F.R. § 310.5(a)(11)(iii).

On November 29, 2024, Pojas placed a telephone call and sent a text message call to Plaintiff's residential number from 215-372-8677. EMPWR accepted the benefit of the calling campaign, never repudiated or disciplined Pojas, Treantly, Primitive Power, or Launch Marketing/Millennial Planning Solutions, and took no corrective action. Plaintiff never provided prior express written consent to receive telemarketing calls or texts from EMPWR or any entity acting on its behalf. EMPWR's only purported evidence of consent consists of hearsay statements that any contact "included 'opt in' consent of the homeowner and/or the information was scrubbed." This is insufficient as a matter of law to constitute consent under the TCPA.

### III. PLAINTIFF'S CLAIMS

Plaintiff asserts a single count under the TCPA's Do Not Call provisions. The TCPA provides a private right of action to any person who has received more than one telephone solicitation within any twelve-month period "by or on behalf of the same entity" in violation of 47 C.F.R. § 64.1200(c). 47 U.S.C. § 227(c)(5). The governing inquiry is not whether the human caller was EMPWR's employee, but whether the calls were initiated "by or on behalf of" EMPWR. The implementing regulations define the "seller" as "the person or entity on whose behalf a telephone call or message is initiated." 47 C.F.R. § 64.1200(f)(10).

Plaintiff will establish EMPWR's liability at trial on alternative and independent grounds, including Direct Liability under the TCPA, Vicarious Liability, including through actual authority, apparent authority, and ratification, and TCPA "On Behalf Of" liability, as the entity whose goods and services were promoted on the calls.

3

**IV. RELIEF SOUGHT**

Plaintiff seeks, on behalf of himself: (a) statutory damages of $500 for each violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), pursuant to 47 U.S.C. § 227(c)(5)(B), (b) treble damages of up to $1,500 per violation if the jury finds that EMPWR willfully or knowingly violated the TCPA, pursuant to 47 U.S.C. § 227(c)(5)(C), (c) injunctive relief enjoining EMPWR from further violations, and (d) such other and further relief as the Court deems just and proper.

**V. WITNESSES AND SUBSTANCE OF EXPECTED TESTIMONY**

Pursuant to Local Rule 16 and this Court's procedures, Plaintiff sets forth below the substance of the testimony of each witness Plaintiff expects to call. Plaintiff reserves the right to call any witness identified by Defendant, to call rebuttal witnesses, and to supplement this list.

**1. James E. Shelton, Plaintiff**
*(Contact through Plaintiff's counsel.)*

Mr. Shelton will testify that he is the subscriber and regular user of the residential telephone number that received the contacts at issue, that he uses the number for residential purposes, and that he registered the number on the National Do Not Call Registry in 2015 and it has remained registered since. He will testify as to the calls and text messages he received, including that on November 29, 2024, he received a telephone call and a text message call from 215-372-8677 from "Mecah from Empwr Solar" and solicited EMPWR's solar-panel services, and that he had no prior business relationship with EMPWR and never gave prior express written consent to be contacted by EMPWR or anyone acting on its behalf. Plaintiff will also testify as to the telephone call he received. Mr. Shelton will testify that the alleged door knocking by which EMPWR claims to have obtained the Plaintiff's number never occurred. Plaintiff will further testify regarding his telephone records and call logs corroborating the date, time, source, and content of the contacts, the absence of any consent or established business relationship, and the intrusion and nuisance the calls caused.

**2. Brittany Ducos, Representative of EMPWR Solar LLC**
*(Contact through Defendant's counsel.)*

Ms. Ducos, who executed the Client Outsourcing Master Agreement on EMPWR's behalf, will testify regarding the formation, terms, and purpose of EMPWR's relationship with Treantly. She will testify as to the agreement EMPWR entered into the Agreement with Treantly on or about March 11, 2024, the purposes of such agreement and its terms. Ms. Ducos will also testify as to the day-to-day operations between EMPWR, Treantly, and Primitive, the various job duties and training provided, as well as EMPWR's retained rights under the Agreement, including the right to purchase additional hours, to exercise client control over the subcontractors, and to terminate the arrangement, and regarding the relationship and division of functions among EMPWR, Treantly, and Primitive Power. She will authenticate the Agreement.

**3. Robby Edge, Partner, EMPWR Solar LLC**
*(Contact through Defendant's counsel.)*

Mr. Edge, the EMPWR partner who verified EMPWR's interrogatory responses, will testify regarding the matters set forth in and the verification of those responses, and the underlying facts of EMPWR's telemarketing operations. He will testify from where EMPWR obtained the lead lists used in the campaign, the circumstances and nature of EMPWR's retention of Primitive Power as its "1099 consultant," and the direction that Pojas and the other Treantly-supplied personnel received from Primitive Power and EMPWR itself. He will also testify as to any discipline, termination, repudiation, or corrective action taken against Pojas, Treantly, Primitive Power, or Launch Marketing/Millennial Planning Solutions in response to the calls, and regarding the basis (or absence) of any claimed consent to contact Plaintiff or the proposed class.

Plaintiff also reserves the right to call a corporate designee of EMPWR, any custodian necessary to authenticate documents to the extent Mr. Edge's testimony is insufficient.

## VI. EXHIBITS

Plaintiff expects to offer the following exhibits into evidence and reserves the right to use additional documents for impeachment or rebuttal, to offer demonstrative exhibits, and to supplement this list. Plaintiff reserves the right to supplement this Exhibit List prior to trial. All exhibits will be marked for identification before trial.

| Exhibit | Description |
| --- | --- |
| P-1 | Screenshots of the text message and telephone calls received by Plaintiff on November 29, 2024, and the follow-up communications from "Mecah." |
| P-2 | Client Outsourcing Master Agreement between EMPWR Solar LLC and Treantly Recruitment Ltd., dated on or about March 11, 2024. |
| P-3 | EMPWR's Original and Supplemental Objections and Responses to Plaintiff's First Set of Discovery, including verification. |
| P-4 | Plaintiff's National Do Not Call Registry registration records reflecting registration of the subject number since 2015. |
| P-5 | Plaintiff's telephone records and call logs reflecting the November 29, 2024 call and text message call from 215-372-8677. |
| P-6 | Subpoena and response identifying ownership of telephone number 215-372-8677. |
| P-7 | EMPWR Solar Lead Partnership Agreement, and addenda, including EMPWR Solar – Consultation Expectations for OneSource & Heliose Leads. |
| P-8 | Defendant's lead list identifying Plaintiff. |
| P-9 | PODEO screenshot reflecting calls to Plaintiff. |
| P-10 | Demonstrative exhibits summarizing the relationships among EMPWR, Treantly, Primitive Power, and Launch Marketing/Millennial Planning Solutions, and the flow of the calling campaign. |

## VII. EXPERT WITNESSES AND DEPOSITIONS

The parties took no depositions and designated no experts in this litigation.

## VIII. ESTIMATED LENGTH OF TRIAL

Plaintiff estimates that trial will require approximately one to two days. Plaintiff demands a trial by jury on all issues so triable. The issue of whether EMPWR's violations were willful or knowing for purposes of treble damages is to be submitted to the jury.

## IX. ANTICIPATED LEGAL AND EVIDENTIARY ISSUES

Anticipated issues include: (a) whether the calls were initiated "by or on behalf of" EMPWR, (b) the admissibility of any purported consent evidence, and (c) the measure of statutory and treble damages. Plaintiff anticipates filing motions *in limine* addressing, among other things, EMPWR's purported "consent" evidence and any reference to Plaintiff's history of TCPA litigation, which are irrelevant and may be prejudicial under Federal Rules of Evidence 401 and 403.

## X. SETTLEMENT

The possibility of settlement has been considered by the parties. Plaintiff remains willing to engage in good-faith settlement discussions and is amenable to a settlement conference before a magistrate judge.

RESPECTFULLY SUBMITTED AND DATED this June 3, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
E.D. Pa. Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

7

## <u>CERTIFICATE OF SERVICE</u>

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

June 3, 2026

<div style="margin-left: 40%;">

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
E.D. Pa. Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

</div>

8