**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES E. SHELTON**, *Individually and on* *behalf of all others similarly situated*, | : : : | No.   24-cv-6870-JMY |
| Plaintiff, | : : | |
| v. | : : | |
| **EMPWR SOLAR, LLC**, | : : | |
| Defendant. | : | |

## <u>ORDER</u>

**AND NOW**, this <u>9th</u> day of <u>June</u>, 2026, after a final pretrial conference held on this date, it is

**ORDERED** as follows:

1.    Trial in this matter will commence on **Monday, January 11, 2027, at 9:30 a.m.** in Courtroom 15-B, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA 19106. This case will be tried to a jury.  All counsel are attached for trial.

2.    Motions *in limine* shall be filed no later than **December 21, 2026**.  Responses to motions *in limine* shall be filed no later than **December 28, 2026.**

3.    On or before **December 28, 2026**, the Parties shall file the following with the Court and submit two (2) copies of the same to Chambers:

   a.    Jointly-proposed *voir dire* questions;

   b.    Jointly-proposed jury interrogatories;

   c.    Jointly-proposed jury instructions;

   d.    A list of all exhibits to be offered at trial and a list of all witnesses who will appear at trial;

   e.    The parties are not required to file their exhibits on the docket; however, the Parties should submit to Chambers a copy of each exhibit the Party expects to offer at trial in furtherance

of its respective contentions.  Each party shall mark its trial exhibits with consecutive numbers prefixed with an identifying letter of counsel's choice (i.e., P-1, P-2, D-1, D-2);

f.      A summary of the qualifications of each expert witness the party intends to call at trial, and a copy of the expert witness report (unless already included in the party's exhibits); and

g.      A trial memorandum pursuant to Local Rule of Civil Procedure 16.1(c).

4.      The unavailability of any witness, as defined in Federal Rule of Civil Procedure 32(a)(4), will not be a ground to delay the commencement or progress of an ongoing trial.  The Court therefore expects the use at trial of oral or videotape depositions of any witness whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert.

In the event a deposition is to be offered, the offering party shall file with the Court a copy of the deposition transcript on or before **December 28, 2026**.  The parties shall make every effort to resolve all objections to oral or videotaped deposition testimony prior to trial.  Unresolved objections shall be noted in the margin of the deposition transcript indicating that a court ruling is necessary, and a separate list of such objections by page number and line shall accompany the transcript.

5.      Counsel are expected to review and follow Judge Younge's Policies and Procedures available at:  http://www.paed.uscourts.gov/judges-info/district-court-judges/john-milton-younge.

BY THE COURT:

 /s/ *John Milton Younge*
**JOHN MILTON YOUNGE, J.**