**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JAMES E. SHELTON,                        :
          Plaintiff,                     :          CIVIL ACTION
                                         :          No. 24-6870-JMY
     v.                                  :
                                         :
EMPWR SOLAR LLC,                         :
          Defendant.                     :

**MEMORANDUM**

**Younge, J.**                                      **August 4, 2026**

## I.      INTRODUCTION

Before the Court is Defendant EMPWR Solar's ("Defendant") Motion for Summary

Judgment ("Motion") seeking judgment as a matter of law against Plaintiff James Shelton's

("Plaintiff") Telephone Consumer Protection Act ("TCPA"), 47 C.F.R. § 64.1200, claim. (ECF

No. 31.) Plaintiff initiated this action over purported illegal telemarketing calls sent to his

registered National Do Not Call ("NDNC") phone number. Plaintiff's claim arises from a single

telephone call and one text message directed to his phone number. (ECF No. 1.) Plaintiff seeks to

recover damages from Defendant pursuant to 47 U.S.C. § 227(c)(5)(B). (ECF No. 35-1.)

Defendant argues that Plaintiff's TCPA claim fails as a matter of law because Plaintiff did not

provide evidence during discovery showing that their phone number was actually on the NDNC

registry. For the reasons set forth in this Memorandum, Defendant's Motion is GRANTED. [1] [2]

## II.     FACTUAL BACKGROUND

Defendant is a limited liability company registered to do business in Pennsylvania. (ECF

No. 31-2) It is undisputed that Treantly/Primitive Power ("TPP") contracted with Defendant as

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.
[2] The Court finds this motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f).

independent service providers to further Defendant's marketing campaign. (ECF No. 31-5.) On November 29, 2024, Plaintiff received a telemarketing call and a text message from a number registered to and owned by Primitive Power. (ECF No. 35-1.) The record indicates that the call and text were made by Treantly employee Mecah Pojas. (*Id*.) Plaintiff alleges that Treantly received its direction from Defendant and that Mecah Pojas even represented on the call and text that the communication was "from EMPWR Solar." (*Id*.) Plaintiff argues that Defendant's "entire revenue model for solar services depends on these kinds of initial customer contacts." (*Id.*)

Plaintiff alleges that his residential telephone number was on the NDNC registry since 2015. (ECF No. 35.) Pursuant to 47 C.F.R. § 64.1200 the NDNC registration "must be honored indefinitely, or until the registration is canceled by the consumer or the telephone number is removed by the database administrator." Plaintiff's discovery responses state that "Plaintiff's telephone records, as reproduced in the Complaint" confirm the telephone number was on the NDNC. (ECF No. 31-7.) Notwithstanding, Defendant requested a copy of any documents showing that the number was registered on the NDNC to evidence Plaintiff's allegation in the Complaint. (ECF No. 31-8.) Plaintiff responded to the request, with objections, stating that Plaintiff "will produce a copy of his do not call registry registration, and any telephone screen captures, within a reasonable time not to exceed thirty days, as contemplated by Fed R. Civ. P. 34(b)(2)(B)." (ECF No. 31-8.) To date, Defendant alleges that no record has been presented or filed to support Plaintiff's allegation that his residential telephone number was on the NDNC registry. (ECF No. 35.)

It therefore follows that the fact in dispute for the Court to consider is whether Plaintiff's residential telephone number is on the NDNC registry. Without this showing, a TCPA claim fails as a matter of law. Defendant moves for summary judgment alleging that Plaintiff has not proven

the initial element of his TCPA action, showing that his phone number is on the NDNC registry, and thus cannot establish a TCPA claim against them. (ECF No. 31.) The Court having established the factual record will address the parties' arguments in turn.

## III.   LEGAL STANDARD

Summary judgment is appropriate if the movant shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012). To defeat a motion for summary judgment, there must be a factual dispute that is both material and genuine. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 24-49 (1986); *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute over a material fact is "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Id*. Under Rule 56, the movant bears the initial burden of demonstrating the absence of a genuine dispute of a material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016). If the movant sustains their initial burden, "the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (internal quotations omitted) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At the summary judgment stage, the court's role is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249; *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007). In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. *See Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132, 140 (3d

Cir. 2001). Nonetheless, the court must be mindful that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. The movant is also entitled to summary judgment if "the nonmoving party has failed to make a sufficient showing on an essential element of [their] case with respect to which [they have] the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## IV. DISCUSSION

The TCPA and its implementing regulations, 47 C.F.R. § 64.1200, prohibit telephone solicitation to residential subscribers who have registered with the NDNC registry. The TCPA provides a private right of action for "a person" who received "more than one telephone call within a 12-month period by or on behalf of the same entity." 47 U.S.C. § 227(c)(5). The statute should be read broadly to incorporate that a text message is a "call" for the purposes of 47 U.S.C. § 227. *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156. Under the implementing regulations, "no person or entity shall initiate a telephone solicitation to "a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c). The TCPA provides remedies for "actual monetary loss from such violation," or the claimant may "receive up to $500 in damages for each violation." 47 U.S.C. § 227(c)(5)(B). Additionally, if "the defendant willfully or knowingly" violated the TCPA then the court may "increase the amount of the award to an amount equal to not more than three times" the available award. 47 U.S.C. § 227(c)(5).

A complaint "states a claim for relief . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The "party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents,

electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers. . ..." Fed. R. Civ. P. 56. A plaintiff cannot rest on the allegations within the complaint "without any significant probative evidence tending to support the complaint." *Anderson*, 477 U.S. at 249. "[C]onclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment." *Paladino v. Newsome*, 885 F.3d 203, 208 (3d Cir. 2018) (citing *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009) (clarifying that the district court's assessment of the deposition testimony was incorrect). In *Paladino*, the plaintiff's sworn deposition testimony set forth specific facts that contradicted the defendants' evidence and established a genuine issue of material fact. *Paladino v. Newsome*, 885 F.3d 203, 209 (3d Cir. 2018) (holding the deposition testimony created a genuine issue of material fact).

Defendant argues that the record lacks evidence establishing that Plaintiff's residential phone number is on the NDNC registry, as Plaintiff relies solely on unsupported allegations in the Complaint. Defendant further contends that after requesting this discoverable evidence from Plaintiff, he responded by stating "Plaintiff's telephone records, as reproduced in the Complaint" confirm the telephone number was on the NDNC registry. (ECF No. 31-7.) Defendant even requested a copy of any documents showing Plaintiff's phone number being on the NDNC registry for its probative value to support Plaintiff's allegations in his Complaint. (ECF No. 31-8.) Plaintiff responded to the request, notwithstanding objections, stating that Plaintiff "will produce a copy of his do not call registry registration, and any telephone screen captures, within a reasonable time not to exceed thirty days, as contemplated by Fed R. Civ. P. 34(b)(2)(B)." (ECF No. 31-8.) To date, Plaintiff has failed to provide any evidence of the same. Therefore, the Court finds that Defendant has shown no genuine dispute of material fact that the Plaintiff's number was not on

the NDNC registry. Notwithstanding, the Court will consider whether Plaintiff can "go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Santini*, 795 F.3d at 416.

Here, Plaintiff contends that the Court should view its Complaint as evidence, which is contrary to Fed. R. Civ. P. 56. (ECF No. 35-1.) By solely relying on its allegations in the Complaint to support the notion that his phone number is on the NDNC registry, Plaintiff fails to comport with Rule 56 which requires a showing with a document, sworn affidavit, or declaration on the record. *See* (ECF No. 35-1); *see also Paladino*, 885 F.3d at 209. Unlike *Paladino*, Plaintiff relies on an unsworn, self-serving statement in an attempt to overcome its pleading burden at the summary judgment stage. As in *Paladino*, the Third Circuit found that because the plaintiff had a sworn deposition statement it was enough to show a genuine dispute of material fact. The evidence here contradicts our Circuit's outlined summary judgment provision. Accordingly, the Court, even viewing the evidence and all its inferences in the light most favorable to Plaintiff, finds that Plaintiff has failed to show that his phone number was on the NDNC registry to establish the very first element of a TCPA claim. It therefore follows that Defendant has sufficiently shown that there is no genuine dispute of material fact that Plaintiff's phone number, that was called and texted by TPP, was on the NDNC registry. The Court finds that it is reasonable to infer that without any probative evidence on the record to support such a claim, Plaintiff cannot sufficiently show a genuine and material dispute. Given Plaintiff's failure to produce competent evidence in support of an integral element of his claim, that he would be required to prove at trial, summary judgment must therefore be granted as all other facts are immaterial. *See Celotex Corp.*, 477 U.S. 317, 323 (1986). Although it is Defendant's initial burden establishing the basis for its motion demonstrating an absence of a genuine issue of material fact, Defendant is not required to prove a

negative with affidavits to prevail at the summary judgment stage. *Id*. That is Plaintiff's burden. In keeping with this Court's obligation under Rule 56, "to isolate and dispose of factually unsupported claims or defenses," Plaintiff's TCPA claim fails as a matter of law. *Id*. at 323-24. Therefore, summary judgment is granted in favor of Defendant.

## V.    CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment is GRANTED in its entirety. An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ *John Milton Younge*
**JOHN MILTON YOUNGE, J**